UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIFFANY LEWIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REGISTER.COM, INC.<br><br>Defendant. | Case No.: 1:25-cv-00275-JPH-MJD |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT REGISTER.COM, INC.'S MOTION TO DISMISS**

## Introduction

This case arises from a series of unsolicited, prerecorded voice calls that Register.com placed to Plaintiff's cell phone while she was physically located in Indiana. The calls violated the Telephone Consumer Protection Act (TCPA), which prohibits such communications absent prior express consent. Remarkably, contacts from the Defendant continued to the Plaintiff *as recently as last week*.[1] Register.com now seeks to avoid accountability through a motion to dismiss, challenging personal jurisdiction, standing for injunctive relief, and the sufficiency of Plaintiff's allegations as to willfulness. Each argument fails.

First, this Court has specific jurisdiction under binding and persuasive authority. The Supreme Court in *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021), and the Tenth Circuit in *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216 (10th Cir. 2021) in a TCPA case just like this one, confirm that personal jurisdiction is proper where a defendant systematically directs the type of conduct alleged at the forum, even if the particular act was not targeted at the forum resident. Register.com admis it does business with Indiana residents and presumably makes calls Indiana. It cannot avoid jurisdiction for robocalls received in Indiana merely because Plaintiff's number bears a Florida area code.

Second, Plaintiff has standing to seek injunctive relief. Courts have consistently held that TCPA plaintiffs may seek such relief on behalf of a class where the defendant's conduct presents an ongoing threat of similar harm, even if the named plaintiff no longer receives calls. However, as discussed above, despite appearing in the case, the Defendant *continues to call the Plaintiff*.

Third, Register.com's attack on Plaintiff's request for treble damages is legally unfounded. In this circuit, a demand for relief is not a "claim" subject to dismissal under Rule 12(b)(6). And even if it were, Plaintiff has adequately alleged willfulness, including that Register.com knowingly used a prerecorded voice without consent. The TCPA's willfulness standard encompasses reckless disregard of legal obligations. At a minimum, that issue cannot be resolved at the pleading stage.

---

[1] *See* <u>Exhibit 1</u>, Declaration of Tiffany Lewis.

Register.com's motion should be denied in its entirety. Alternatively, the Court should transfer this case to the Southern District of Florida or permit jurisdictional discovery.

## Relevant Facts & Procedural History

This is a putative class action (filed on February 11, 2025) is brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), based on Register.com, Inc.'s ("Register.com" or "Register") illegal sending of prerecorded voicemails. At least 10 prerecorded voicemails were left on Plaintiff's cellphone (321 XXX-9800) starting in October 2024 while she was residing within Indiana by Register.com. (Am. Compl. ¶¶ 8, 13–14). Register.com has no relationship with Plaintiff. Plaintiff is not, and has never been, a customer of Register.com. Nonetheless, Register.com voluntarily left the voicemails at issue and did so with knowledge that it was using a prerecorded voice. (Am. Compl. ¶¶ 26–28). While Plaintiff's cell phone number has a Florida area code, all the voicemails at issue were received while she was residing in Indiana. On April 5, 2025, Plaintiff filed her First Amended Complaint; on April 28, 2025, Register.com moved to dismiss the Amended Complaint under Rules 12(b)(1), 12(b)(2), and 12(b)(6). (ECF 17, 18.) Since the filing of this action, Register.com has called Plaintiff more than a dozen times and as recently as May 16, 2025. Exhibit 1 ¶¶ 6-9.

## Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction. *Fed. R. Civ. P. 12(b)(1)*. The party asserting lack of jurisdiction bears the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). In evaluating a Rule 12(b)(1) motion, courts must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Long v. Shorebank*

*Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). A court may also consider materials outside the pleadings to determine whether jurisdiction exists. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003).

A motion under Rule 12(b)(2) contests whether the court may exercise personal jurisdiction over the defendant. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Although the plaintiff ultimately bears the burden of establishing personal jurisdiction, at the pleading stage—where the court relies on written submissions—the plaintiff need only make a prima facie showing. *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). In deciding whether a prima facie case has been made, all disputes concerning relevant facts must be resolved in the plaintiff's favor. *Curry*, 949 F.3d at 393.

To withstand a motion under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor, this principle does not extend to legal conclusions. *Id.* at 678–79; *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

**Argument**

**I.   This Court has specific jurisdiction as the Defendant continues to make calls to the Plaintiff as recently as last week.**

Personal jurisdiction is proper where a defendant's intentional conduct causes harm in the forum state. The Supreme Court reaffirmed in *Ford Motor Co. v. Montana Eighth Judicial District Court* that jurisdiction is proper when a plaintiff is injured by the very kind of activity the defendant purposefully directs at the forum, even if the particular incident giving rise to the claim is not itself caused by the forum-directed conduct. 141 S. Ct. 1017, 1026–28 (2021). The Tenth Circuit applied this reasoning to a TCPA case in *Hood v. American Auto Care, LLC*, where a Colorado plaintiff

4

received a telemarketing call on a Vermont-area-code number while physically located in Colorado. The court held that jurisdiction was proper because the defendant's conduct—placing unsolicited robocalls—was of the same type it directed to residents of the forum state. 21 F.4th 1216, 1223–24 (10th Cir. 2021).

So too here. Plaintiff alleges that Register placed at least ten calls using an artificial or prerecorded voice to a cell phone that was physically located in Indiana at the time. These calls were part of Register's nationwide outreach to customers, and Register admits that it does business with Indiana customers and, presumably, places calls to Indiana numbers in the ordinary course of its operations. (ECF 18-1 ¶¶ 7–9). Register thus cannot claim surprise at being haled into court in Indiana for alleged violations of the TCPA occurring within the state.

That Plaintiff's number bears a Florida area code does not defeat jurisdiction. Numerous courts have recognized that a cell phone's area code is not a reliable proxy for the physical location of the recipient, given the portability of numbers across state lines. *See, Hood,* 21 F.4th at 1224–25 (rejecting argument that out-of-state area code defeats jurisdiction where the call was received in the forum). As in *Hood*, the injury alleged here occurred in Indiana, which is sufficient to establish a connection between the forum and the claim, given Defendant's other contacts with the forum.

Register's failure to verify consent or location before sending pre-recorded messages only underscores the foreseeability of suit in Indiana. *See Ford*, 141 S. Ct. at 1025 (jurisdiction proper where defendant deliberately engaged in nationwide activity giving rise to the type of harm alleged). The decision to make robocalls to Indiana residents is the kind of intentional, forum-affecting conduct that supports jurisdiction. *Acuity Mut. Ins. Co. v. Dunham*, No. 22-CV-2278, 2023 U.S. Dist. LEXIS 237205, at *32 (C.D. Ill. Oct. 10, 2023) (finding personal jurisdiction even where the case relates to but does not arise out of defendant's contacts with forum).

Nor does this case raise the due process concerns that motivated dismissal in the decisions Register cites. In *Rogers v. City of Hobart*, the plaintiff relied on a single call as the entire basis for jurisdiction over a nonresident municipality, without any evidence that the defendant had other

5

contacts with the forum. 491 F. Supp. 3d 351, 357–58 (N.D. Ill. 2020). Defendant relies on *Sojka v. Loyalty Media LLC*, No. 14-cv-770, 2015 WL 2444506, at *3–4 (N.D. Ill. May 20, 2015) and *Fiorentine v. Sarton P.R., LLC*, 486 F. Supp. 3d 377, 380–84 (D.D.C. 2020). *Fiorentine* is distinguishable because the plaintiff's relationship with the defendant was formed while the plaintiff lived outside the forum, and the defendant had no other contacts with the forum when the suit was filed. *Sojka* is distinguishable because, as the court noted, jurisdiction was proper in other cases only where "the defendants knowingly and purposefully directed their calls, letters and faxes to the forum state for the purpose of collecting debts from or advertising to persons in the forum state." *Sojka v. Loyalty Media LLC*, No. 14-cv-770, 2015 U.S. Dist. LEXIS 66045, at *8 (N.D. Ill. May 20, 2015). That case involved a Colorado-based bake-in-store pizza franchise sending two text messages to Illinois residents. Here, by contrast, Plaintiff does not rely solely on telemarketing directed at herself but rather on Register.com's admitted practice of contacting consumers nationwide—including in Indiana. ECF 18-1 ¶9.

Finally, Register.com's arguments on personal jurisdiction fail for another independent reason: *since the filing of this action Register.com has not stopped calling Plaintiff*. Exhibit 1 ¶¶6-9. In short, Register.com argues that there cannot be personal jurisdiction because it had no way of knowing that the owner of a telephone number with a Florida area code had moved to Indiana. ECF 18 at 9. But it cannot now credibly argue that it does not know that it is calling an Indiana resident, and it continues to do so as recently as last week. Defendant cannot claim that it did not know the Plaintiff was in Indiana when it has contacted her multiple times since the filing of this lawsuit. *See e.g. Martinez v. N. Arizona Univ.*, 553 F. Supp. 3d 908, 918 (D.N.M. 2021) (finding that defendant's knowledge of the plaintiff's location was relevant for a personal jurisdiction analysis).

Because Plaintiff has made a prima facie showing of jurisdiction and the record supports Register's contacts with Indiana, the Court should deny the motion to dismiss outright. Alternatively, Plaintiff respectfully requests that the Court:

1) Grant Plaintiff leave to amend her complaint to allege post-filing facts that further support personal jurisdiction. *Textor v. Bd. of Regents*, 711 F.2d 1387, 1391-93 (7th Cir. 1983) (district court abused its discretion in denying plaintiff leave to amend complaint to establish personal jurisdiction);

2) Grant Plaintiff leave to conduct jurisdictional discovery regarding the extent of Defendant's contacts with Indiana. *See Draper, Inc. v. Mechoshade Sys.*, No. 1:10-cv-01443-SEB-TAB, 2011 U.S. Dist. LEXIS 35226, at *5 (S.D. Ind. Mar. 31, 2011) (granting Plaintiff's request for jurisdictional discovery because it was not "unsupported or frivolous"); or

3) Transfer this case to the Southern District of Florida. *Hofrath v. Fin. Partners Credit Union*, No. 1:20-cv-03212-JPH-TAB, 2021 U.S. Dist. LEXIS 98268, at *4 (S.D. Ind. May 24, 2021) (transferring case even in absence of personal jurisdiction).

## II.  Register.com's 12(b)(6) motion to dismiss Lewis' request for damages should be denied.

Defendant seeks to dismiss plaintiff's "Plaintiff's claim for enhanced damages" under Fed. R. Civ. P. 16(b)(6). But, under binding Seventh Circuit precedent, a request for relief is not a "claim" subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) ("Although Rule 8(a)(3) of the civil rules requires that a complaint contain 'a demand for judgment for the relief the pleader seeks,' the demand is not itself a part of the plaintiff's claim . . ."). Courts outside this circuit have applied this rule in the TCPA context and concluded that requests for damages may not be dismissed under Rule 12(b)(6). *See Martin v. Bottom Line Concepts, LLC*, 723 F. Supp. 3d 270, 284–85 (S.D.N.Y. 2024) (denying motion to dismiss prayer for treble damages under the TCPA as "procedurally premature" because "a motion to dismiss under Rule 12(b)(6) is addressed to a 'claim'—not to a form of damages"); *Amusement Indus., Inc. v. Stern*, 693 F. Supp. 2d 301, 318 n.5 (S.D.N.Y. 2010) ("[A] motion to dismiss is not the

7

proper vehicle to challenge the availability of a particular remedy."); *Hunter v. Palisades Acquisition XVI, LLC*, No. 16 Civ. 8779 (ER), 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017) ("Treble, like punitive, damages, are a form of damages, not an independent cause of action."); *see also Farina v. Metro. Transp. Auth.*, 409 F. Supp. 3d 173, 220 (S.D.N.Y. 2019) (refusing to strike damages at the pleadings stage because a "motion to dismiss is addressed to a claim— not to a form of damages") (cleaned up). Thus there is no "claim for enhanced damages" for the Court to dismiss.

Even in circuits where requests for damages can be considered independent claims, Courts have declined to dismiss "claims" for willful damages under the TCPA at the pleading stage even where Plaintiff only offered conclusory allegations. *See Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS(JCx), 2014 U.S. Dist. LEXIS 91976, at *12-13 (C.D. Cal. July 7, 2014) (Court denied a motion to dismiss TCPA claim for willful violation, finding the allegation that defendant's conduct constituted "multiple knowing and/or willful violations" sufficient at the pleading stage); *Hashw v. Dep't Stores Nat'l Bank*, 986 F. Supp. 2d 1058, 1062 (D. Minn. 2013) (holding that a plaintiff need only allege that the defendant "willfully . . . ma[de] the ATDS calls" to survive a motion to dismiss and that specific intent to violate the statute need not be pleaded at the outset).

In interpreting the willful or knowing standard in the TCPA context, courts require only that a party's actions were intentional, not that it was aware that it was violating the statute. *See, e.g.*, *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1151 (N.D. Ill. 2014) ("willful or knowing violation of TCPA requires only that defendant know of the facts constituting the offense"); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310 (N.D. Ill. Mar. 19, 2013) ("[T]he Court adopts the more common interpretation that 'willfully' or 'knowingly' simply requires that the act be intentional or volitional, as opposed to inadvertent, and not that defendant must have known that the conduct would violate the statute.").

The allegations at issue plainly demonstrate that the Defendant was taking intentional actions. Rather, they are explicit and deliberate. For this reason alone, the motion to dismiss should be denied as far less stringent allegations have been held as sufficient to withstand a motion to

8

dismiss. *See e.g., Meyer v. Bebe Stores, Inc.*, Case No. 14-cv-00267-YGR, 2015 U.S. Dist. LEXIS 12060, 2015 WL 431148, at * 4 (N.D. Cal. Feb. 2, 2015) (finding allegations that "defendant, using an ADTS, sent text message to plaintiff in knowing and/or willful violation of the TCPA" sufficient to state a claim); *Pacleb v. Cops Monitoring*, No. 2:14-CV-01366-CAS (JCx), 2014 U.S. Dist. LEXIS 91976, 2014 WL 3101426, at * 4 (C.D. Cal. July 7, 2014) (finding allegation that "defendant's conduct constituted multiple knowing and/or willful violations of the TCPA" sufficient to withstand a motion to dismiss); *Fox v. Asset Acceptance, LLC*, Case No. 13cv0922 DMS (BGS), 2013 U.S. Dist. LEXIS 197836, 2013 WL 12076476, (S.D. Cal, Oct. 30, 2013); *Maier v. J.C. Penney Corp., Inc.*, No. 13cv0163-IEG (DHB), 2013 U.S. Dist. LEXIS 84246, 2013 WL 3006415, at *4 (S.D. Cal. June 13, 2013) (denying motion to dismiss).

Under analogous statutes, courts in this circuit have declined to require factual specificity when pleading willfulness. See, e.g., *Kammer v. C.E.T., Inc.*, No. 21-cv-1202, 2022 WL 2702675, at *3 (E.D. Wis. July 12, 2022) (holding that bare allegations of willfulness were sufficient to survive a motion to dismiss under the FLSA); *Diaz v. E&K Cleaners, Inc.*, No. 16-cv-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018) (same);*Guon v. John Q. Cook, M.D. LLC*, No. 16 C 3840, 2016 WL 6524948, at *3 (N.D. Ill. Nov. 3, 2016) (same); *Martinez v. Regency Janitorial Servs. Inc.*, No. 10-C-201, 2011 WL 4374458, at *5 (E.D. Wis. Sept. 19, 2011) (same); *Wilk v. Brainshark, Inc.*, 631 F. Supp. 3d 522, 531 (N.D. Ill. 2022) (rejecting dismissal of claims for intentional or reckless violations of the Biometric Information Privacy Act because a plaintiff need not show his entitlement to the precise forms of relief that he seeks at the pleading stage); *Vaughan v. Biomat USA, Inc.*, No. 20 C 4241, 2022 WL 4329094, at *12 (N.D. Ill. Sept. 19, 2022) (same); *Sloat v. Camfil USA, Inc.*, No. 23 CV 5125, 2024 U.S. Dist. LEXIS 65430, at *11 (N.D. Ill. Apr. 10, 2024) (same).

Defendant may retort that Plaintiff has pled that "[i]n October of 2024, Defendant began placing calls . . . intending to reach someone other than, and unknown to, Plaintiff." Am. Compl. ¶ 13; See ECF 18 at 16. Such allegations are not, however, inconsistent with a willful violation of the statute. The TCPA permits treble damages for violations that are committed "willfully or

knowingly." 47 U.S.C. § 227(b)(3). While some courts focus on "knowing" violations, the statutory term "willful[]" is broader and encompasses conduct carried out in reckless disregard of the law. This interpretation is consistent with *Safeco Insurance Co. of America v. Burr*, where the Supreme Court interpreted a similar statutory treble damages provision in the Fair Credit Reporting Act. 551 U.S. 47, 57 (2007). There, the Court held that "where willfulness is a statutory condition of civil liability, we have generally taken it to cover not only knowing violations of a standard, but reckless ones as well." Id. This view "reflects common law usage, which treated actions in 'reckless disregard' of the law as 'willful' violations." *Id.* The Court further noted that when a statute uses both the terms "willful[]" and "knowing[]," it reinforces that willfulness includes something less than actual knowledge—otherwise, the word "knowing[]" would be superfluous. Id. at 59; see also *United States v. Menasche*, 348 U.S. 528, 538–39 (1955) ("[G]ive effect, if possible, to every clause and word of a statute.").

Multiple courts have since applied *Safeco*'s reasoning to the TCPA. For example, in *N.L. by Lemos v. Credit One Bank, N.A.*, the court concluded that "willfulness under the TCPA requires a showing that defendants knew or *should have known* that they were calling a person who did not provide prior express consent." No. 17-01512, 2019 WL 1428122, at *2 (E.D. Cal. Mar. 29, 2019) (emphasis added). Similarly, in *Cunningham v. Montes*, the court applied *Safeco* to conclude that "[w]illful violations include reckless ones as well as knowing or intentional ones." No. 16-cv-761, 2020 WL 9347656, at *8 (W.D. Wis. Feb. 7, 2020).

Because willfulness under the TCPA includes reckless conduct, and Plaintiff has pleaded facts sufficient to support that inference, Defendant's motion to dismiss Plaintiff's request for treble damages should be denied even if requests for damages could properly be dismissed at the pleading stage (they cannot).  State-of-mind questions are particularly unsuited for resolution at the pleading stage.

### III. Ms. Lewis has standing to seek injunctive relief.

Plaintiff has standing to pursue injunctive relief. Even a Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") plaintiff who is no longer receiving calls has Article III standing to seek injunctive relief for a class if he adequately pleads a threat of future calls to class members, which Plaintiff has done by alleging that the Defendant systemically makes calls to individuals not associated with the Defendant. See ECF No. 1 at ¶ 3 ("Plaintiff Arthur Lee Johnson ("Plaintiff") brings this action under the TCPA alleging that ACA Helpline LLC ("ACA Helpline") utilized its call center to send telemarketing calls promoting goods and services, including to numbers that were on the National Do Not Call Registry, such as the Plaintiff. Thosecalls were made without the call recipient's prior express written consent.")"The Supreme Court has recognized that when the time frame for the alleged injury is by nature temporary, a named plaintiff can continue to pursue the interests of the class even after his own claim has been rendered moot. Otherwise, a defendant could evade prospective injunctive relief simply by inflicting harms that are too transitory to last the length of an entire lawsuit or, in this case, by ceasing the alleged violations with respect to plaintiffs who step forward." *Snyder v. Ocwen Loan Servicing, LLC*, 258 F. Supp. 3d 893, 901 (N.D. Ill. 2017) (citation omitted).

Accordingly, the *Snyder* court rejected the argument that a plaintiff cannot pursue injunctive relief for a class once he stops receiving calls: If this were sufficient to defeat standing, Defendant would be able to cease calls to any individual the instant he joined the case as a named plaintiff and thereby indefinitely avoid injunctive relief, while keeping the allegedly unlawful practices in effect. A defendant's choice to end the challenged behavior— where he remains free to resume the unlawful conduct at any time—is insufficient to render plaintiff's claim moot. *Id.* at 901 (citation omitted). Thus, Plaintiff need not allege that she continues to receive calls. The Supreme Court has, however, recognized an exception to the mootness doctrine in the context of class actions where it is by no means certain that any given individual, would be [subject to the unlawful conduct] long enough for a district judge to certify the class. *Robinson v. City of Chicago*, 868 F.2d 959, 968 (7th Cir. 1989) (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)). The Supreme Court has recognized that when the time frame for the

alleged injury is by nature temporary, a named plaintiff can continue to pursue the interests of the class even after his own claim has been rendered moot. *Gerstein*, 420 U.S. at 110 n.11. Otherwise, a defendant could evade prospective injunctive relief simply by inflicting harms that are too transitory to last the length of an entire lawsuit or, in this case, by ceasing the alleged violations with respect to plaintiffs who step forward. In order for this exception to apply, a court still requires the named plaintiff to have a live claim at the time that the complaint was filed. *See Sosna v. Iowa*, 419 U.S. 393, 402, 95 S. Ct. 553, 42 L. Ed. 2d 532 (1975); *Robinson*, 868 F.2d at 968 ("[A] representative's claim must at least be live when he files the case.").For a statutory injunction, like under the TCPA, Article III's standing requirement centers on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed. *Edgar v. Haines*, 2 F.4th 298, 310 (4th Cir. 2021) (quoting *Davis v. FEC*, 554U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008)). Particularly at this stage before there has been any discovery, the Plaintiff's allegations establish Article III standing to seek injunctive relief on behalf of the putative class. *See Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1314-15 (M.D. Fla. 2017) (denying motion to dismiss prayer for injunctive relief, explaining that "the TCPA . . . does allow a plaintiff to bring an action 'to enjoin [further] violation' of § 227(b)") (quoting 47 U.S.C. § 227(b)(3)(A)); *Snyder*, 258 F. Supp. 3d at 900-01("Plaintiffs have sufficiently shown that members of the proposed class face a real and immediate threat of receiving calls from Ocwen that allegedly violate the TCPA. . . . The Court concludes that plaintiffs [whose individual claims for injunctive relief are moot] may pursue claims for injunctive relief on behalf of a class."); *Griffith v. Context Media, Inc.*, 235 F. Supp. 3d 1032, 1033-35 (N.D. Ill. 2016) (holding, based on allegations that defendants kept calling after being told to stop, that "plaintiff's allegations—particularly those directed to her months-long efforts to stop defendants' unwanted texts—are sufficient to entitle her to develop the factual record as to whether injunctive relief is appropriate").Indeed, another Court held the same in *Burke v. Credit One Bank, N.A.*, No. 8:18-cv-00728-EAK-TGW, 2019 U.S. Dist. LEXIS 62770, at *11-12 (M.D. Fla. Feb. 5, 2019) in a TCPA case.

Plaintiff seeks injunctive relief in favor of both herself and the putative class. The Court cannot examine, at this juncture, whether injunctive relief is appropriate for members of the putative class, as the parties have not engaged in discovery and Plaintiff has not moved to certify the class. *See Snyder*, 258 F. Supp. 3d at 900-01 (preliminarily finding that the named plaintiffs did not face a current threat of receiving telephone calls from the defendant, but conducting a standing analysis for the requested injunction—finding that the named plaintiffs had sufficiently demonstrated that class members continued to receive phone calls and a named plaintiff possessed a live claim for injunctive relief when she joined the lawsuit—where the parties had engaged in discovery and the named plaintiffs had moved for class certification). Indeed, Defendants ask the Court to dismiss or strike injunctive relief for presently unidentifiable class members prior to an opportunity for the putative class certification. Defendant's request for the Court to dismiss or strike Plaintiff's prayers for injunctive relief is therefore due to be denied. *See also Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 U.S. Dist.LEXIS 57136, at *18-19 (S.D. Fla. Apr. 3, 2019) (Denying similar motion in TCPA case, holding "The Court is not determining an entitlement to treble damages or injunctive relief at this juncture…Nor is it necessary a pleading establish the four elements for injunctive relief — for example, whether the threatened injury to the movant outweighs whatever damage the injunction may cause a defendant — as those would be the subject of a motion for injunctive relief and not a listed remedy included in a pleading.")

## Conclusion

For the foregoing reasons, Register.com's motion should be denied in its entirety. In the alternative Plaintiff requests that the Court

       1) Grant her leave to amend her Complaint;

       2) Grant her leave to conduct jurisdictional discovery; or

       3) Transfer this case to the Southern District of Florida.

RESPECTFULLY SUBMITTED AND DATED this 19th of May, 2025.

        *s/ Anthony Paronich*
        Anthony Paronich
        PARONICH LAW, P.C.
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (617) 485-0018
        Facsimile: (508) 318-8100
        Email: anthony@paronichlaw.com

        *Attorneys for Plaintiff and the Proposed Class*