# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIFFANY LEWIS, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> REGISTER.COM, INC., <br><br> Defendant. | Case No. 1:25-cv-00275-JPH-MJD <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Register.com, Inc. ("Defendant" or "Register"), by and through undersigned counsel, respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff Tiffany Lewis's Amended Complaint. In support of this Reply, Defendant states the following.

## INTRODUCTION

Register's Motion to Dismiss makes three primary arguments: (1) Plaintiff's Amended Complaint fails to allege that the Court may exercise either general or specific personal jurisdiction over Register – a Florida-based company; (2) Plaintiff's Amended Complaint fails to allege that she faces a threat of imminent future harm sufficient to establish Article III standing to seek injunctive relief; and (3) Plaintiff's Amended Complaint fails to allege that Register acted "willfully" or "knowingly" as is required for the imposition of treble damages under the Telephone Consumer Protection Act ("TCPA"). Plaintiff's Opposition to the Motion to Dismiss ("Opp.") does not resolve these deficiencies and instead relies upon assumptions that have no factual basis in the record and the conclusory statements in the Complaint.

1

Plaintiff's attempt to supplement the deficiencies in her Complaint through the submission of a Declaration is unavailing. When deciding a motion to dismiss for failure to state a claim or lack of standing, the Court may only consider the pleadings – not supplemental documents submitted in an attempt to amend the arguments in the Complaint. Moreover, even when determining whether the exercise of personal jurisdiction is appropriate, only pre-complaint events are jurisdictionally relevant. Apart from being inappropriate for the Court's consideration at this juncture, the Declaration fails to establish that any of the acts Register is alleged to have undertaken were done so knowingly, willfully, or intentionally.[1] In the absence of such a showing, there remains no basis to exercise personal jurisdiction over this Florida-based Company or to state a claim to impose treble damages. For these reasons, and those discussed in greater detail below, Plaintiff's Amended Complaint should be dismissed.

## ARGUMENT

**I.     Plaintiff's Declaration May Not Supplement the Deficiencies in Her Complaint.**

In support of her Opposition, Plaintiff submits a Declaration in which she alleges, in pertinent part, that she has received calls from Register.com while located in the Southern District of Indiana. Pl. Opp., Ex. 1, Declaration of Tiffany Lewis ("Lewis Decl.") ¶¶ 3-6. To this end, Plaintiff states that she received calls from Defendant "as recently as May 16, 2025." *Id.* ¶ 6. Plaintiff's Opposition relies on these statements in an effort to supplement the threadbare allegations in her Complaint; but the Court should reject Plaintiff's belated attempt to rehabilitate the Complaint's deficiencies.

Generally, when ruling on a motion to dismiss, the court cannot consider matters outside the pleadings. *Van Tassell v. United Marketing Group, LLC*, 795 F. Supp. 2d 770, 779 (N.D. Ill.

---

[1] Register maintains that any of the alleged contacts made with Plaintiff were the result of an inadvertent technical error and in no way intentional or deliberate. This position should not be construed as an admission of liability or waiver of any applicable defense.

2011); *Ochs v. Hindman*, 984 F. Supp.2d 903, 907 (N.D. Ill. 2013) (the term "pleadings" includes the complaint and documents attached to a motion to dismiss, if they are "referred to in the plaintiff's complaint and are central to his claim."); *Geske v. PNY Tech. Inc.*, 503 F. Supp. 3d 687, 695 (N.D. Ill. 2020) (when considering a facial challenge to Article III standing, the court "cannot rely on evidence outside the pleadings."). However, there are narrow exceptions to this rule. For example, when a motion to dismiss is premised upon a lack of personal jurisdiction, the plaintiff may rely upon outside documents to support her arguments regarding personal jurisdiction but not to save her other claims. *Bissessur v. Indiana University Bd. of Trustees*, 581, 603 F. 3d 599 (7th Cir. 2009) (complaint may not be amended by briefs in opposition to a motion to dismiss). Put differently, the plaintiff may submit supporting documentation to rebut arguments regarding a lack of personal jurisdiction, but not to "supplement or amend [her] complaint by presenting new facts or theories in [her] briefing in opposition." *Beaulieu v. Ashford Univ.*, 529 F. Supp. 3d 834, 845 (N.D. Ill. 2021) (internal quotation marks omitted) (quoting *Duffy v. Ticketreserve, Inc.*, 722 F. Supp. 2d 977, 990 (N.D Ill. 2010)).

Notwithstanding these well-known principles, Plaintiff's Opposition unabashedly attempts to incorporate the statements from the Declaration into substantive arguments that go beyond the personal jurisdiction issues. For example, the introductory section of Plaintiff's Opposition references the Declaration in relation to Plaintiff's lack of Article III standing. Opp. 2. This is not permitted given that a "facial challenge [to Article III standing] is like an ordinary motion to dismiss" and the Court "cannot rely on evidence outside the pleadings." *Geske*, 503 F. Supp.3d at 695. Here, Plaintiff's Declaration may be considered – if at all – only for the purposes

of rebutting the arguments about personal jurisdiction.[2] Plaintiff should not be permitted to get a second, unauthorized chance to amend her Complaint and support her allegations without following the proper procedures provided for by the Rules of Civil Procedure. *See* Fed. R. Civ. P. 15.

### II. The Exercise of Personal Jurisdiction over Register is Improper.

#### a. Post-Filing Conduct May Not be Considered for Purposes of Establishing Personal Jurisdiction over Register.

As an initial matter, paragraphs six through ten of Plaintiff's Declaration, and the accompanying screenshots, cannot be used to establish personal jurisdiction over Register. The conduct alleged in theses paragraphs is purported to have occurred *after* the filing of both Plaintiff's Complaint and Plaintiff's Amended Complaint, and, therefore, cannot serve as the basis for exercising personal jurisdiction over Register. As noted by courts in this Circuit, the "filing of the complaint . . .'stops the clock'" for purposes of showing contacts sufficient to support a finding of personal jurisdiction. *United Phosphorous, Ltd., Angus Chemical Co.*, 43 F. Supp. 2d 904, 910 (N.D. Ill. 1999). Indeed, in *United Phosphorous,* the court highlighted the absence of case law "supporting the proposition that it [could] exercise jurisdiction over a defendant where the events supporting jurisdiction occurred *after* the complaint was filed." *Id.* (emphasis added). Put differently, the Court explained, "jurisdiction attaches (or does not attach) as of the time the action is filed." *Id.; see also Steel v. United States*, 813 F. 2d 1545, 1549 (9th Cir. 1989) (to determine whether specific jurisdiction is proper, the court must examine the defendant's contacts with the forum at the time of the events underlying the dispute). Accordingly, the Court should decline to consider these irrelevant paragraphs and screenshots

---

[2] As discussed further below, factual allegations in Plaintiff's Declaration regarding conduct that allegedly occurred after the filing of the Complaint may not be considered for purposes of establishing personal jurisdiction over Register.

when determining whether it may exercise personal jurisdiction over Register. *Sportmart, Inc. v. Firsch*, 537 F. Supp. 1254, 1259 (N.D. Ill. 1982) (contacts occurring after the filing of the complaint "go beyond the period involved in the complaint" and are thus "jurisdictionally irrelevant.").

### b. Plaintiff Fails to Allege that Register Intentionally Made Contact with the Forum State in Relation to Her Claims.

Even when given the opportunity to supply additional evidence supporting the Court's exercise of personal jurisdiction, Plaintiff still fails to satisfy her burden of establishing that Register's alleged contact with the forum state was either purposeful or intentional. *Northern Grain Marketing, LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014) ("The plaintiff bears the burden of establishing personal jurisdiction when the defendant challenges it."). Plaintiff relies on *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021), in an effort to argue that "personal jurisdiction is proper where a defendant systematically directs the type of conduct alleged at the forum, even if the particular act was not targeted at the forum resident." Opp. 2. *Ford* stands for the general proposition that the defendant's contact with the forum state must be intentional but need not necessarily directly "give rise" to the plaintiff's claims. 592 U.S. at 361-62 (noting that under the Court's personal jurisdiction jurisprudence contemplates that some relationships will support jurisdiction without a direct causal relationship). But the circumstances and allegations in *Ford*, are distinguishable from those presently before the Court.

In that case, the Court considered whether Ford Motor Co. could be subject to personal jurisdiction in states where it engaged in substantial, interactive, and targeted commercial activity by, for example, displaying billboards, promoting its company through TV and radio spots, offering maintenance services, directly selling merchandise, and working hard to "foster ongoing connections" with customers in the state and its products. *Id.* at 365. Under such

5

circumstances, the Court concluded that Ford "systematically served a market" in the forum state, thereby creating a "strong relationship among the defendant, the forum, and the foundation of specific jurisdiction." *Id.* In reaching this conclusion, however, the Court clarified that while the defendants' activities in the forum state do not need to *cause* the plaintiff's claims to give rise to specific personal jurisdiction, they must relate to those claims in some *substantial* way. *Id.* (emphasis added); *see also Schoeps v. Sompo Holdings, Inc.*, 736 F. Supp. 3d 582, 600 (N.D. Ill. 2024). Importantly, the Court instructed, "the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id.* at 362. Simply put, although there need not be a direct *causal* relationship between the plaintiff's claims and the defendant's contact with the forum state, that "does not mean anything goes." *Id.* Rather, there still must be a connection between the defendant's activities in the forum and the specific claims at issue that is "close enough" to support specific jurisdiction. *Id.* at 371.

The Tenth Circuit applied the same reasoning in *Hood v. American Auto Care, LLC*, when the plaintiff alleged that the defendant used "telemarketing to sell vehicle service contracts . . . 'nationwide, including in Colorado by calling Colorado phone numbers.'" 21 F.4th 1216, 1226 (10th Cir. 2021). The court concluded that the exercise of personal jurisdiction was proper given that the company's regular telemarketing calls to the forum state were "essentially identical" to those of which the plaintiff complained. *Id.* at 1224. However, like the *Ford* Court, the court in *Hood* recognized limits to this proposition, reasoning that personal jurisdiction may *not* attach "if there was a substantial relevant difference" between the company's regular calls to the forum state, and the calls giving rise to the plaintiff's claims. *Id.*

Here, Plaintiff's Complaint is devoid of any allegation establishing that Register's minimal business activities in Indiana "relate to" her TCPA claims in a manner consistent with the "real

6

limits" contemplated by the courts in *Ford* and *Hood*. As an initial matter, unlike the plaintiff in *Hood*, the Complaint here makes no allegation that Register regularly makes "telemarketing" calls purposefully directed to the state of Indiana that are "essentially identical" to the calls of which she presently complains. *See Hood*, 21 F.4th at 1224. Perhaps in an attempt to remedy this deficiency, Plaintiff's Opposition now claims that Register engaged in "nationwide outreach" to customers and that the Company "*presumably* places calls to Indiana numbers in the ordinary course of its operations." Opp. 5 (emphasis added). But Plaintiff's presumption has no factual basis in record currently before the Court.

To the contrary, the Declaration of Bethena Dasher ("Dasher Decl."), included with Defendant's Motion to Dismiss, explicitly states that the Company "does not operate, oversee, or generally conduct business from Indiana," and that Register "does not specifically target customers in the state of Indiana." Mot. to Dismiss, Dasher Decl. ¶¶ 8-9. Moreover, Register does not derive a significant portion of its business or revenue from customers in Indiana. *Id.* at ¶ 10. To this end, Register's limited contact with the state of Indiana is more accurately described as generalized, nation-wide business activity made accessible via the internet – not conduct directly targeting consumers in Indiana. Plaintiff offers no evidence to the contrary.

The court addressed similar circumstances in *Schoeps v. Sompo Holdings, Inc.*, when considering whether it could exercise personal jurisdiction over a Japanese insurance company. 736 F. Supp. 3d at 596-97. There, the court rejected the plaintiff's argument that the company had "purposefully availed itself of Illinois because it [sold] insurance in the state" and used websites and online advertisements that reached individuals located in Illinois. *Id.* at 600-01. These circumstances, the court observed, were distinguishable from those contemplated by the Supreme Court in *Ford Motor Co.*, given that there was no allegation that the defendant's

7

website "target[ed] consumers in Illinois specifically." *Id.* at 601. The court explained that "[a]s a general rule, national advertisements are insufficient to subject a defendant to jurisdiction" in the forum state and that "having an interactive website should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible." *Id.* (internal quotation marks and alterations omitted) (quoting *Eco Pro Painting, LLC v. Sherwin-Williams*, 807 F. Supp. 2d 732, 737 (N.D. Ill. 2011) and *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014)). Thus, the court concluded, "[b]ecause there are no allegations that [the defendant's] websites target consumers in [the forum state] specifically, the fact that [the defendant] operates websites that are accessible in the state is not sufficient to establish personal jurisdiction." *Id.* The same conclusion should be reached here.

Finally, Plaintiff attempts to distinguish this case from *Fiorentine v. Sarton P.R., LLC*, 486 F. Supp. 3d 377, 38084 (D.D.C. 2020) and *Sojka v. Loyalty Media LLC*, No. 14-cv-770, 2015 WL 244506, at *3-4 (N.D. Ill. May 20, 2015). To this end, Plaintiff states that unlike the plaintiffs in those cases, "Plaintiff does not rely solely on telemarketing directed at herself but rather on Register.com's admitted practice of contacting consumers nationwide – including in Indiana." Opp. 6. Plaintiff's attempt at differentiation falls flat. Here, Register has not "admitted" to making telemarketing calls to consumers in Indiana. Rather, Register has stated that it is a "web technology company that offers online services" to customers throughout the country, including Indiana. Dasher Decl. ¶ 4, 9. Plaintiff's attempt to characterize this representation as an admission of telemarketing activity *targeted* at individuals in Indiana goes too far. As an initial matter, Plaintiff has never alleged, and Register has never "admitted" that the calls at issue were made for purposes of telemarketing. To the contrary, the Complaint alleges that the call was

8

placed with regard to an "existing account" and "active service." Am. Compl. ¶ 16. Simply put, no product was being sold. Moreover, Plaintiff's theory would produce an untenable result – subjecting any company that engages in a nationwide internet-based businesses to specific personal jurisdiction in any state where its customers happen to be located.

Here, "to support an exercise of specific personal jurisdiction, [Register's] contacts with the forum state must *directly relate* to the challenged conduct or transaction[.]" *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Therefore, the Court must "evaluate specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit." *Id.* Here, any connection between Register and the state of Indiana that was formed as a result of the Company's nationwide, internet-based business, is far too attenuated to establish the requisite "direct" relationship to Plaintiff's claims for purposes of exercising specific personal jurisdiction. None of the conduct at issue in this claim, and Register's more general business practices, were "purposely directed" at the forum state.[3] *Id.* Given these circumstances, the exercise of personal jurisdiction over Register would be improper and the Court should dismiss Plaintiff's Complaint.

### III.  Plaintiff Lacks Article III Standing.

"[P]laintiffs must demonstrate standing for each claim they press and for each form of relief they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). This is because standing is an "indispensable part" of the plaintiff's case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In cases – such as this one – in which the plaintiff requests the imposition of injunctive relief, she must allege a "real and immediate threat

---

[3] Register maintains that any alleged contact between Plaintiff and the Company was the result of technical error and in no way intentional.

of future violations of her rights." *Jett v. Warrantech Corp., et al.*, 436 F. Supp. 3d 1170, 1177 (S.D. Ill. 2020).

Plaintiff does not dispute that her Complaint is devoid of any allegation that she faces an ongoing or immediate threat of future harm. Rather, Plaintiff's Opposition cites to *Snyder v. Ocwen Loan Servicing*, 258 F. Supp. 3d 893, 900 (N.D. Ill. 2017) for the proposition that she need only show that the members of the proposed class face a "real and immediate threat" of receiving calls from Register in violation of the TCPA. Opp. 12. But Plaintiff has not and cannot do so here.

The Complaint makes no allegation regarding the alleged threat of future harm either to Plaintiff or to other members of the proposed class. Rather it refers to "patterns" and generalized practices of Register, without alleging that those practices and patterns are likely to occur in the future. Opp. 4, 6. Moreover, Plaintiff's allegations in the Complaint refer only to the manner in which Register allegedly "*has* acted" or "refused to act" in the past rather than any forward-looking threat of conduct in the future. *Id.* at 7 (emphasis added). By contrast, in *Snyder*, the plaintiffs provided specific examples - through the submission of timely affidavits – "showing that members of the proposed class face a real and immediate threat of receiving calls from [the defendant] that allegedly violate the TCPA." 258 F.Supp.3d at 901 (approving of the plaintiff's submission of affidavit stating that proposed class members continuously received unauthorized phone calls). Thus, although Plaintiff may be correct that she "need not allege that [the named plaintiff in the class action] continues to receive calls," Opp. 11, she nevertheless must, at minimum, allege that the other members of the class face a "significant likelihood and immediacy of sustaining some direct injury." *Synder*, 258 F. Supp. 3d at 900 (internal quotation marks omitted) (quoting *Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000)).

In her Opposition, Plaintiff attempts to satisfy this standard by highlighting her Complaint's allegation that "Defendant systematically makes calls to individuals not associated with the Defendant." Opp. 11. In support of this proposition, Plaintiff's Opposition cites to "ECF 1 at ¶ 3" and provides a parenthetical referring to "Plaintiff Arthur Lee Johnson" and alleged TCPA violations by "ACA Helpline LLC." *Id.* While it appears that this citation is a typographical error referring to a separate and unrelated case, it highlights the futility of Plaintiff's argument.

Indeed, in *Johnson v. ACA Helpline, LLC* – the case presumably being referenced in Plaintiff's citation – the court considered and rejected an identical argument made by plaintiff Arthur Lee Johnson. Cause No. 3:24cv663 DRL-SJF, 2025 WL 315578, at *2 (N.D Ind. Jan. 24, 2025). It observed that, even though Mr. Johnson had asserted that the defendant "systematically makes calls in violation of the TCPA," his complaint failed to allege "'a real and immediate threat that he would again be' called by the ACA Helpline." *Id.* The court concluded that Mr. Johnson's allegation referring to the systematic conduct of the defendant, without more, was insufficient to establish a "likelihood of substantial and immediate irreparable harm" and accordingly dismissed Mr. Johnson's claim for injunctive relief. *Id.* The same result should occur here.

**IV.    Plaintiff's Request for Treble Damages Must be Rejected.**

Plaintiff's request for the imposition of treble damages fares no better. In her prayer for relief, Plaintiff seeks the imposition of treble damages but provides only conclusory and self-serving statements to support the allegation that Register's alleged violation of the TCPA was undertaken willfully or knowingly.

In her Opposition, Plaintiff attempts to defend her conclusory statements by arguing that she is not required to plead with factual specificity when alleging willfulness. Opp. 9. To this end,

11

she cites to several cases for the proposition that "bare allegations of willfulness" are sufficient to survive a motion to dismiss. *Id.* Problematically, however, several of the cases cited by Plaintiff arose in an entirely different context and were evaluated against a legal framework distinct from the standards at issue here. For example, in *Kammer v. C.E.T., Inc.*, the court held that the plaintiff's "bare allegations" of willfulness were sufficient to overcome the defendant's statute of limitations affirmative defense. Cause No. 2:21-cv-83-PPS-JPK, 2021 WL 263244, at *2 (N.D. Ind. June 25, 2021). The imposition of treble damages was not contemplated. The same conclusion, when considered in the same context, was reached in *Diaz v. E&K Cleaners, Inc.*, in which the court recognized that the plaintiff need not "anticipate" the affirmative defenses that could be raised by a defendant's response to the complaint. No. 16-cv-07952, 2018 WL 439120, at *4 (N.D. Ill. Jan. 16, 2018). By contrast here, Plaintiff bears the burden of alleging that the violative conduct was undertaken knowingly or willfully. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015). Indeed, other federal courts have explicitly rejected a plaintiff's "bare assertion" that the defendant "willfully" and "knowingly" violated the TCPA. *Id.*

Plaintiff also argues that the term "willfulness" under the TCPA encompasses reckless conduct in addition to conduct that is knowing and intentional. Opp. 10. Plaintiff is correct that in *Safeco Ins. Co. of America, v. Burr*, the Supreme Court held that liability for failing to comply with the Fair Credit Report Act ("FCRA") applies not only to acts known to violate the federal statute, but also to acts that reflect a reckless disregard of statutory duty. 551 U.S. 47, 56-57 (2007). Plaintiff argues that this reasoning extends to the TCPA, thereby allowing for the imposition of treble damages when the plaintiff establishes the defendant acted with "reckless" disregard for the law. Opp. 10. Plaintiff contends that her Complaint satisfies this standard. *Id.*

12

However, this standard is not as far-reaching as Plaintiff contends. Indeed, the court in *Cunningham v. Montes* – a case relied upon in Plaintiff's Opposition – explicitly recognized that "[e]nhanced damages should not apply to inadvertent errors," such as technical mistakes or oversights. 16-cv-761-jdp, 2020 WL 9347656, at *3 (W.D. Wis. Feb. 7, 2020). Here, the conduct alleged in Plaintiff's Complaint is more accurately characterized as an "inadvertent error" than "conduct carried out in reckless disregard of the law." Opp. 10. Indeed, Plaintiff's own Complaint states that the purportedly violative account service calls were allegedly placed by Register "intending to reach someone *other than*, and *unknown to*, Plaintiff." Compl. ¶ 13 (emphasis added). This language undercuts the notion that Register purposefully called Plaintiff with the knowledge that she had not consented to be contacted or with reckless disregard for the TCPA. Indeed, Plaintiff's Complaint is entirely devoid of any allegation that Register acted with reckless disregard for the law. Given these circumstances, there is no basis upon which treble damages can be awarded, and Plaintiff's claim should be dismissed.

## V.    Plaintiff's Requests to Amend and for Jurisdictional Discovery Should be Denied.

Finally, Plaintiff requests that the Court (1) grant leave to amend the Complaint and (2) allow for jurisdictional discovery. The Court should reject both requests.

Generally, leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, this general rule does not apply when the plaintiff has previously been provided with the opportunity to amend the complaint but nevertheless failed to cure its deficiencies, or when amendment would be futile. *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend may be denied in light of movant's "repeated failure to cure deficiencies by amendments previously allowed."); *Kasak v. Village of Bedford Park*, 552 F.Supp. 787, 791 (N.D. Ill. 2008) (district court may deny

a motion to amend if the amendment is futile). Here, despite having already amended the Complaint once, Plaintiff failed to cure its apparent deficiencies. The only substantive change made via Plaintiff's first amendment arose from the substitution of Register as the defendant. Plaintiff made no changes to the substantive allegations regarding the calls that were placed, the nature of the alleged ongoing threat, or the allegedly "knowing" and "willful" conduct. Thus, even if Plaintiff were permitted to replead her Complaint to add post-filing jurisdictional facts, these additions would not cure the other substantive deficiencies in her claims. *Id.* ("An amendment is futile if it . . . fails to state a valid theory of liability, or could not withstand a motion to dismiss."). Given these circumstances, the Court should dismiss Plaintiff's claims without authorizing yet another opportunity to amend the deficient Complaint.

Plaintiff's request for jurisdictional discovery should also be denied. Plaintiffs do not enjoy an "automatic right to jurisdictional discovery in every case." *North Texas Equal Access Fund v. Thomas Moore Soc.*, 728 F. Supp. 887, 901 (N.D. Ill. 2024) (quoting *Zurich v. Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18-cv-2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018)). Rather, jurisdictional discovery may be permitted only when the plaintiff can show that the "factual record is at least ambiguous or unclear on the jurisdictional issue." *Id.* "Plaintiffs may not, however, 'rely on bare, attenuated, or unsupported assertions of jurisdiction to justify discovery.'" *Id.*

Here, Plaintiff provides no basis for her request for jurisdictional discovery, stating only that she seeks "discovery regarding the extent of Defendant's contacts with Indiana." Opp. 7. In making this request, she does not dispute the assertions made in the Declaration of Bethena Dasher, nor does she "explain the specific discovery [she] would take or how taking discovery would aid [her] in establishing any of the jurisdictional facts." *North Texas Equal Access Fund*,

728 F. Supp. at 901; *see also John Crane Inc. v. Simon Greenstone Panatier Bartlett, APC*, Case No. 16-cv-05918, 2017 WL 1093150, at *13 (N.D. Ill. Mar. 23, 2017) ("In addition, in Plaintiff's one sentence request for discovery, it does not articulate what discovery it seeks, why such discovery is necessary, or how such discovery could advance its arguments."). Plaintiff has raised no factual dispute regarding Register's activities in Indiana. For example, she does not argue that the Company derives a substantial portion of its profits or revenue from the state nor does she contend that it operates its business in the state. Courts have denied requests for jurisdictional discovery when presented with similarly vague applications. *See*, *e.g.*, *Leibovitch v. Islamic Republic of Iran*, 188 F.Supp. 3d 734, 760 n.18 (N.D. Ill. 2016) (denying plaintiffs' "general request for jurisdictional discovery" given that it was made without "outlining why it is needed or what limited discovery requests they would make."); *Siswanto v. Arbus*, 153 F. Supp. 1024, 1032 (N.D. Ill. 2015) (denying plaintiffs' request to obtain jurisdictional discovery from foreign corporation where "Plaintiffs failed to make a *prima facie* showing of personal jurisdiction, let alone proffer what limited discovery requests they would issue."). The same result should occur here, where Plaintiff (1) has not made a *prima facie* case of personal jurisdiction in opposing the motion to dismiss; (2) Plaintiff has not identified the specific information she would seek via discovery or outlined the discovery requests she would make.

## VI. Conclusion

For the foregoing reasons, and those stated in Register's Memorandum of Law in Support of Defendant's Motion to Dismiss the Amended Complaint, Defendant Register.com, Inc. respectfully moves this Court for an Order dismissing the Amended Complaint filed by Plaintiff, Tiffany Lewis.

Dated: May 27, 2025

Respectfully submitted,

*/s/ A. Jeff Ifrah*
A. Jeff Ifrah
1717 Pennsylvania Ave. NW
Ste. 650
Washington, D.C. 20006
(202) 524-4140
jeff@ifrahlaw.com

*Counsel for Defendant Register.com, Inc.*

## Certificate of Service

  I hereby certify that on this 27th day of May 2025, I filed the foregoing Motion to Dismiss with the Court's electronic filing system, which will automatically provide notice to all counsel of record.

Dated: May 27, 2025

*/s/ A. Jeff Ifrah*
A. Jeff Ifrah
