# Exhibit "A"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIFFANY LEWIS, on behalf of herself and others similarly situated,<br><br>              Plaintiff,<br>    v.<br><br>REGISTER.COM, INC.<br><br>              Defendant. | Case No.: 1:25-cv-00275-JPH-MJD<br><br>Judge: Robert J. White<br><br>Magistrate Judge: Mark J. Dinsmore |

**PLAINTIFF'S INITIAL WRITTEN DISCOVERY
REQUESTS TO DEFENDANT**

      Pursuant to Fed. R. Civ. P. 33, 34 and 36, Marshall McClain ("Plaintiff") requests that Register.com, Inc. ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within thirty days.

**Definitions**

A.    The term "account records" means all documents, electronically stored information, and data, which Defendant maintains in the regular course of business for an account.

B.    The term "communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone or voice recording.

C.    The phrase "discovery request" includes interrogatories, requests for production of documents and electronically stored information, and requests for admission.

D.    The term "document" means that as defined by the Federal Rules of Civil Procedure.

E.    "Electronically stored information" means that as defined by the Federal Rules of Civil procedure.

F.    The term "express consent" has the meaning the FCC gave to it through the following declaratory rulings and orders: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 07-232 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 12-21 (February 15, 2012).

G.    Should a specific term be undefined, and should Defendant feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

### Relevant Time Period

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on February 11, 2021 and continues through the present.

### Interrogatories

1. Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and 321-███-9800.

2. Identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with 321-███-9800.

3. Identify each call Defendant made, or caused to be made, to Plaintiff, or to 321-███-9800, in connection with which it used an artificial or prerecorded voice.

4. Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and 321-███-9800—including the date, time, substance of, and disposition of, the communications or attempted communications.

5. Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to 321-███-9800, and the intended recipient(s) of Defendant's calls.

6. Explain how, when, why, and from where Defendant came into possession of telephone number 321-███-9800.

7. Identify any business relationship, financial arrangement, or account(s) Defendant has, or had, with Plaintiff.

8. Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

9. For the telephone numbers Defendant identifies through its answer to interrogatory no. 8, identify the number of them for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, identify the number of them to which Defendant made, or caused to be made, a call or calls in connection with which it used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, identify the number of them that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

12. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice,

13. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

14. Identify the number of persons or unique telephone numbers who or that fall within the class definition found in Plaintiff's class action complaint.

15. For the persons who fall within the class definition found in Plaintiff's class action complaint, identify those who Defendant believes consented to receiving calls from Defendant in connection with which it used an artificial or prerecorded voice.

16. Describe Defendant's efforts to verify or confirm that telephone number 321-███-9800 was assigned to the intended recipient of Defendant's calls.

17. Describe Defendant's efforts to verify or confirm that telephone number 321-███-9800 was a cellular telephone number.

18. Identify any entity or entities Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages, including to telephone number 321-███-9800.

19. Identify all telephone numbers from which Defendant placed or caused to be placed an outgoing call in connection with which Defendant used an artificial or prerecorded voice.

20. For each affirmative defense Defendant asserts, state the factual and legal basis and identify all evidence on which Defendant relies in asserting it.

21. If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

22. Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

### Requests for Production

1. Documents and electronically stored information referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

2. Account records for the account(s) Defendant associates with Plaintiff, or with 321-███-9800.

3. Documents and electronically stored information sufficient to identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and 321-███-9800.

4. Documents and electronically stored information sufficient to identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with 321-███-9800.

5. Documents and electronically stored information sufficient to identify each call Defendant made, or caused to be made, to Plaintiff, or to 321-███-9800, in connection with which it used, or caused to be used, an artificial or prerecorded voice.

6. Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

7. For the telephone numbers Defendant identifies through its answer to interrogatory no. 8, and through its response to request for production no. 6, documents and electronically stored information sufficient to identify those for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated

4

        with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

8. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, and through its responses to request for production nos. 6-7, documents and electronically stored information sufficient to identify those to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

9. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, and through its responses to requests for production nos. 6-8, documents and electronically stored information sufficient to identify those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

12. Documents and electronically stored information sufficient to identify the persons or unique telephone numbers that fall within the class definition found at paragraph 37 of Plaintiff's class action complaint.

13. For the telephone numbers Defendant identifies through its answer to interrogatory no. 14, and through its response to request for production no. 12, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice.

14. For the telephone numbers Defendant identifies through its answer to interrogatory no. 14, and through its response to request for production no. 12, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

15. For the persons who fall within the class definition found at paragraph 37 of Plaintiff's class action complaint, documents and electronically stored information sufficient to identify those who Defendant believes consented to receiving calls from Defendant in connection with which it used an artificial or prerecorded voice.

16. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes a person's indication that Defendant contacted the wrong person or wrong telephone number, or requested that Defendant stop calling.

17. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes that Defendant made, or caused to be made, a call to a reassigned telephone number, intending to reach a prior owner of, user of, or subscriber to, the telephone number.

18. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is assigned to a cellular telephone service.

19. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is associated with the individual Defendant intends to reach at the telephone number called.

20. Documents and electronically stored information sufficient to identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to 321-███-9800, and the intended recipient(s) of Defendant's calls.

23. Documents and electronically stored information sufficient to identify any business relationship, financial arrangement, health plan or account(s) Defendant has, or had, with Plaintiff.

24. Policies, practices, and procedures that Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA"), and documents and electronically stored information sufficient to identify any training Defendant provides to its employees

6

       regarding calls in connection with which it uses, or causes to be used, an artificial or prerecorded voice.

25. Audits, reports, and reviews regarding Defendant's use of an artificial or prerecorded voice, as it pertains to calls to wrong or reassigned, or allegedly wrong or reassigned, cellular telephone numbers.

26. Documents and electronically stored information sufficient to identify any vendors or other third parties who made calls on behalf of Defendant, in connection with which they used an artificial or prerecorded voice, and any contracts or other agreements between Defendant and any such vendors or third parties.

27. Documents and electronically stored information sufficient to identify Defendant's document and electronically stored information retention and destruction policies and procedures, as well as any changes in those policies or procedures, as they relate to documentation of calls Defendant made, or caused to be made, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

28. Documents and electronically stored information referencing complaints under the TCPA from persons about calls Defendant made, or caused to be made, to wrong or reassigned, or allegedly wrong or reassigned, telephone numbers.

29. Copies of any artificial or prerecorded voice messages or scripts used by Defendant, or its vendors or agents, in connection with calls it made, or caused to be made, to Plaintiff, to 321-███-9800, or to any telephone number referenced by these discovery requests.

30. Documents and electronically stored information sufficient to identify any vendors or other third parties that Defendant used to determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to a cellular telephone service, or determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to Defendant's customers or accountholders.

31. Documents and electronically stored information Defendant contends support the factual and legal bases for its affirmative defenses.

32. Documents and electronically stored information Defendant contends are evidence of express consent it had, or has, to place calls to Plaintiff, or to 321-███-9800, in connection with which it used an artificial or prerecorded voice.

33. For the telephone numbers referenced and requested by interrogatory nos. 8-11 and request for production nos. 6-9, and the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11 and through its responses to request for production nos. 6-9, documents and electronically stored information Defendant contends are evidence of express consent it had, or has, to place calls in connection with which it used an artificial or prerecorded voice, to those telephone numbers.

34. For the persons or telephone numbers that fall within the class definition found at paragraph 37 of Plaintiff's class action complaint, documents and electronically stored information Defendant contends are evidence of express consent it had, or has, to place calls in connection with which it used an artificial or prerecorded voice, to those telephone numbers or persons.

35. Documents and electronically stored information sufficient to identify Defendant's use of the Federal Communications Commission's Reassigned Numbers Database, including the results of any searches or scrubs Defendant performed on any telephone numbers referenced by these discovery requests.

36. Results of any scrubs or other analysis performed on telephone number 321-▇▇▇-9800 by a vendor or other third party, including the Federal Communications Commission's Reassigned Numbers Database.

37. Account records for the account(s) Defendant associates with Jamie Draughty or any other person Defendant intended to reach as a result of its telephone calls to 321-▇▇▇-9800.

38. Recordings of any conversations between Defendant and Plaintiff, or between any vendor Defendant uses and Plaintiff, or between Defendant and any person answering, using, or calling from telephone number 321-▇▇▇-9800, or between any vendor Defendant uses and any person answering, using, or calling from telephone number 321-▇▇▇-9800.

39. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiffs, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

40. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

41. Please produce all documents containing any of the following information for each pre-recorded call sent by you or your vendors during the putative class period:

    a) the date and time;
    b) any process for using the reassigned number database before contacting that number;
    c) the result of the text; and
    d) any other information stored by the call detail records.

## Requests for Admission

1. Admit Defendant made, or caused to be made, calls to Plaintiff's cellular telephone between January 1, 2024 and the present.

2. Admit Defendant made, or caused to be made, calls to telephone number 321-▇9800 between January 1, 2024 and the present.

3. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone, between January 1, 2024 and the present.

4. Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to telephone number 321-▇9800 between January 1, 2024 and the present.

5. Admit Defendant delivered, or caused to be delivered, artificial or prerecorded voice messages to the voice mail box associated with telephone number 321-▇9800 between January 1, 2024 and the present.

6. Admit that Defendant did not place, or cause to be placed, any calls to telephone number 321-▇9800 for an emergency purpose.

7. Admit Defendant does not have any business relationship with Plaintiff.

8. Admit Defendant did not have any business relationship with Plaintiff.

9. Admit that Plaintiff has never had an account with Defendant.

10. Admit Defendant has no records of an account with Plaintiff.

11. Admit that Plaintiff has never had a health plan with Defendant.

12. Admit Defendant has no records of a health plan with Plaintiff.

13. Admit Plaintiff was not the intended recipient of Defendant's calls to telephone number 321-▇9800.

14. Admit Defendant did not obtain telephone number 321-▇9800 from Plaintiff.

15. Admit Plaintiff did not provide telephone number 321-▇9800 to Defendant.

16. Admit Defendant does not have a written or electronic document from Plaintiff by way of which he gave permission for Defendant to make, or cause to be made, calls to telephone

      number 321-■■■9800, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

17. Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to telephone number 321-■■■9800, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

18. Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to telephone number 321-■■■9800, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

19. Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

20. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database.

21. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number 321-■■■9800.

22. Admit Defendant does not scrub telephone numbers that it intends to call to see if they are associated with cellular telephones.

23. Admit Defendant did not scrub telephone number 321-■■■9800 to see if it was associated with a cellular telephone.

Date: June 12, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com