Exhibit "B"

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIFFANY LEWIS, on behalf of herself and others similarly situated, <br><br>          Plaintiff, <br><br>    v. <br><br> REGISTER.COM, INC. <br><br>          Defendant. | Case No.: 1:25-cv-00275-JPH-MJD <br><br> Judge: Robert J. White <br><br> Magistrate Judge: Mark J. Dinsmore |

### DEFENDANT'S  RESPONSE TO PLAINTIFF'S INITIAL DISCOVERY REQUESTS

Defendant, Register.com, Inc. ("Defendant") responds to the Initial Written Discovery Requests (the "Requests") served on it by Plaintiff Tiffany Lewis ("Plaintiff") and states as follows:

### <u>INTERPRETIVE ASSUMPTIONS</u>

A.     The word usage and sentence structure used in these Responses is that of the attorneys who prepared these Responses, and the language does not purport to be the exact language of the executing party.

B.     The capitalized terms used herein shall have the same meaning as those terms are used in the Requests at the time they were served.

C.     The Requests, and each request, has been interpreted and answered in accordance with the Federal Rules of Civil Procedure.

D.     Responsive documents will be supplied on a rolling basis as they are reviewed.

E.     Defendant expressly reserves the right to supplement or correct these Responses later should it become necessary to do so.

F.    The Requests purport to seek information related to a "Plaintiff" named "Marshall McClain." However, to Defendant's knowledge, there is no named Plaintiff by the name of Marshall McClain in this matter. Accordingly, Defendant's responses to the Requests pertain to the named plaintiff in the above-captioned action, Ms. Tiffany Lewis.

G.    The phone number at issue in the dispute, 321-███-9800, is hereinafter referred to as the "Phone Number" for ease of response.

H.    All information in these responses relates to the time period of February 11, 2021, through the present, hereinafter, the "Relevant Time Period."

I.    Defendant's general objections, as outlined below, are applicable to the Interrogatories, Requests for Production of Documents, and Requests for Admission that were served upon it by Plaintiff.

## GENERAL OBJECTIONS

1.    Defendant objects to every Request to the extent it seeks trade secrets, proprietary information, or other privileged or confidential information without the entry of an appropriate protective order.

2.    Defendant objects to every Request to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine.

3.    Defendant objects to every request to the extent that it seeks information more than four years from when the Complaint was filed or information after the Complaint was filed based on relevancy.

4.    Defendant objects to the extent Plaintiff's Requests seek documents or information in possession of parties other than Defendant. These answers are based solely on the knowledge and information possessed by Defendant and its current agents.

5.     Defendant objects to any Request that is overly broad, unduly burdensome, or vague.

6.     Defendant objects to any Request that is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence.

7.     Defendant objects to any Request that seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.

8.     Defendant objects to any Request that seeks personal information and/or data of individuals who are not yet members of the proposed class.

Subject to and without waiving the foregoing general objections, Defendant responds to the Requests as follows:

## INTERROGATORIES

1.  Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and 321-███9800.

    **RESPONSE:** Defendant's records reflect that the following communications, or attempted communications were made to the Phone Number during the Relevant Time Period on the following dates and at the following times:

| | | |
|---|---|---|
| 11/10/2022 15:54 | 7/22/2024 15:52 | 1/16/2025 12:55 |
| 11/16/2022 13:21 | 7/23/2024 11:49 | 1/20/2025 13:07 |
| 11/18/2022 13:10 | 7/25/2024 10:43 | 1/20/2025 16:00 |
| 11/22/2022 12:42 | 7/26/2024 9:10 | 1/22/2025 13:00 |
| 11/28/2022 12:40 | 7/29/2024 10:14 | 1/23/2025 13:15 |
| 11/29/2022 13:54 | 7/30/2024 9:44 | 1/24/2025 13:12 |
| 11/30/2022 17:11 | 7/31/2024 10:22 | 1/24/2025 17:01 |
| 4/8/2024 15:55 | 8/1/2024 11:27 | 1/27/2025 15:55 |
| 4/8/2024 15:59 | 8/2/2024 10:54 | 1/28/2025 16:55 |
| 4/10/2024 17:32 | 8/5/2024 16:08 | 1/30/2025 15:38 |
| 4/13/2024 11:35 | 8/5/2024 16:25 | 1/30/2025 15:58 |
| 4/17/2024 16:19 | 8/7/2024 10:49 | 2/3/2025 14:11 |
| 4/19/2024 17:12 | 8/8/2024 9:06 | 2/4/2025 11:50 |
| 4/25/2024 13:00 | 8/9/2024 9:22 | 2/5/2025 12:26 |
| 4/26/2024 9:00 | 8/12/2024 10:56 | 2/6/2025 13:05 |
| 4/29/2024 16:54 | 8/15/2024 10:17 | 2/7/2025 16:14 |
| 4/30/2024 9:51 | 8/19/2024 12:41 | 2/10/2025 17:26 |
| 5/1/2024 9:53 | 8/22/2024 14:07 | 5/12/2025 13:12 |
| 5/2/2024 10:47 | 8/23/2024 14:28 | 5/12/2025 17:29 |
| 5/3/2024 10:49 | 10/25/2024 12:33 | 5/12/2025 18:57 |
| 5/6/2024 13:46 | 10/25/2024 16:58 | 5/13/2025 13:06 |
| 6/11/2024 14:08 | 10/29/2024 12:23 | 5/13/2025 13:15 |
| 6/12/2024 14:15 | 10/31/2024 18:09 | 5/13/2025 16:41 |
| 6/13/2024 14:25 | 11/12/2024 11:20 | 5/14/2025 13:52 |
| 6/17/2024 16:45 | 11/18/2024 12:54 | 5/14/2025 15:36 |
| 6/19/2024 16:02 | 11/19/2024 15:53 | 5/14/2025 16:44 |
| 6/20/2024 16:18 | 11/21/2024 16:52 | 5/15/2025 13:16 |
| 6/25/2024 14:37 | 11/26/2024 14:21 | 5/16/2025 15:01 |
| 7/13/2024 10:12 | 11/27/2024 16:58 | 5/16/2025 16:24 |

| | | |
|---|---|---|
| 7/15/2024 9:58 | 1/8/2025 11:08 | 5/16/2025 16:48 |
| 7/16/2024 9:09 | 1/9/2025 11:20 | 5/16/2025 17:04 |
| 7/17/2024 9:53 | 1/10/2025 15:03 | 5/16/2025 17:18 |
| 7/18/2024 9:28 | 1/13/2025 12:29 | 5/16/2025 17:40 |
| 7/19/2024 9:42 | 1/14/2025 12:48 | 5/16/2025 17:54 |
| | 1/14/2025 12:55 | 5/16/2025 18:12 |
| | | 5/16/2025 18:27 |
| | | 5/16/2025 18:41 |
| | | 5/19/2025 16:33 |

2. Identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with 321-███9800.

   **RESPONSE**: **Defendant utilizes the Genesys Cloud powered by AWS.**

3. Identify each call Defendant made, or caused to be made, to Plaintiff, or to 321-███9800, in connection with which it used an artificial or prerecorded voice.

   **RESPONSE**: **Defendant's records reflect that calls were made to the Phone Number, 321-███9800, in connection with the use of an artificial or prerecorded voice on the following dates and the following times:**

| | |
|---|---|
| 5/6/2024 13:46 | 4/10/2024 17:32 |
| 7/13/2024 10:12 | 4/13/2024 11:35 |
| 7/25/2024 10:43 | 6/13/2024 14:25 |
| 8/7/2024 10:49 | 6/17/2024 16:45 |
| 10/25/2024 16:58 | 6/19/2024 16:02 |
| 10/29/2024 12:23 | 6/20/2024 16:18 |
| 10/31/2024 18:09 | 11/26/2024 14:21 |
| 11/12/2024 11:20 | 11/27/2024 16:58 |
| 11/18/2024 12:54 | 4/19/2024 17:12 |
| 1/13/2025 12:29 | 4/17/2024 16:19 |
| 1/20/2025 16:00 | |
| 1/24/2025 17:01 | |
| 2/4/2025 11:50 | |
| 2/5/2025 12:26 | |
| 5/13/2025 13:15 | |

4.  Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and 321-███9800—including the date, time, substance of, and disposition of, the communications or attempted communications.

    **RESPONSE**: **(1) Genesys Cloud powered by AWS;  and (2) Oracle Database stored in BI Warehouse. Defendant will provide the details of all calls made to the Telephone Number in a separate document, attached hereto.**

5.  Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to 321-███9800, and the intended recipient(s) of Defendant's calls.

    **RESPONSE: Defendant placed calls to the Phone Number, 321-███9800, in relation to the customer account associated with that Phone Number, which was registered to an individual by the name of  Raymond Godfrey. Accordingly, calls were placed to the phone number in relation to Mr. Godfrey's customer account, for the following reasons:**

    **(A) Defendant's records indicate that calls were placed to the Phone Number to assist in the management of Mr. Godfrey's domains and customer account; and**

    **(B) Defendant's records indicate that the customer account associated with the Phone Number was "past due." The calls were placed to advise the customer that the account was past due and the services provided by Defendant were at risk of being terminated.**

6.  Explain how, when, why, and from where Defendant came into possession of telephone number 321-███9800.

    **RESPONSE**: **The Phone Number was provided to the Defendant through the customer account creation process initiated and maintained by an individual named Raymond Godfrey via the website, https://register.com on November 21, 2000.**

6

7.      Identify any business relationship, financial arrangement, or account(s) Defendant has, or had, with Plaintiff.

**RESPONSE**: **Defendant identified five (5) customer accounts registered with Register.com that use the name Tiffany Lewis.  At this time, Defendant does not possess sufficient information to confirm or deny whether these customer accounts are associated with the Plaintiff in this action**.

8.      Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE:  Defendant objects to this Interrogatory on the grounds that it is overly broad and unlikely to lead to the discovery of admissible evidence given that the TCPA's prohibition against pre-recorded or automated calls applies only to those calls placed without consent of the recipient, and only in certain instances (e.g, to mobile phone lines). Here, the Interrogatory does not differentiate between calls allegedly placed without consent and those placed to individuals who provided consent to Defendant to receive automated or pre-recorded calls, and, therefore, seeks information unrelated to any alleged violation of the TCPA. Subject to and without waiving the foregoing objection, Defendant states the following: Defendant's records containing call data relevant to this Interrogatory date back to June 7, 2022, and reflect that since June 7, 2022, 28,727 unique numbers were called**

using a prerecorded or artificial voice. Prior to June 7, 2022, the Company did not use pre-recorded or artificial voice messaging.

9. For the telephone numbers Defendant identifies through its answer to interrogatory no. 8, identify the number of them for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**RESPONSE**: **As relevant to the calls identified in response to Interrogatory Number 8, Defendant identified 1,602 calls that were characterized as having been placed to the wrong number. Further, Defendant identified 448 calls during which the recipient of the call asked Defendant to stop calling. However, Defendant notes that the numbers provided above reflect the number of times the disposition was recorded, meaning that the disposition could have been recorded multiple times for a single number. It should also be noted that a recipient's request that Defendant stop calling does not necessarily indicate that Defendant called the wrong number.**

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, identify the number of them to which Defendant made, or caused to be made, a call or calls in connection with which it used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

**RESPONSE**: **Defendant objects to this Interrogatory on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for**

8

**class certification. Of the phone numbers (28,727) identified as having been offered a pre-recorded message, 1,602 of those calls were characterized as having been placed to a wrong number. Further, Defendant identified 448 calls during which the recipient of the call asked Defendant to stop calling. Defendant notes that the numbers provided above reflect the number of times the disposition was recorded, meaning that the disposition could have been recorded multiple times for a single number. Defendant is conducting a diligent and good-faith search to identify the number of phone numbers/recipients, if any, that were offered a pre-recorded message after having been previously characterized as a wrong number.**

11.    For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, identify the number of them that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

      **<u>RESPONSE</u>: As relevant to the telephone numbers identified in response to Interrogatories 8-10, Defendant's records reflect 17,640 numbers that were identified as being cellular telephone numbers. However, certain cellular telephone numbers were associated with more than one account. Therefore, the total number of cellular telephone numbers may reflect duplicated cellular telephone numbers.**

12.    For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice.

      **<u>RESPONSE</u>: As stated in response to Interrogatory Number 8, Defendant identified 28,727 unique numbers. Of those 28,727 phone numbers called using an artificial or prerecorded voice, 17,640 were identified as being unique wireless numbers.**

13.    For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after

Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

**RESPONSE**: **Of the 28,727 unique numbers identified in response to Interrogatory Number 8: (1) 448 of the unique numbers were identified as having requested that Defendant stop calling on a prospective basis; and (2) 1,602 of the unique numbers were identified as being an incorrect telephone number. However, a single unique telephone number could have been recorded more than once.**

14.    Identify the number of persons or unique telephone numbers who or that fall within the class definition found in Plaintiff's class action complaint.

**RESPONSE**: **Of the 28,727 unique numbers identified in response to Interrogatory Number 8, 16,828 of those numbers were associated with U.S.-based customer accounts.**

15.    For the persons who fall within the class definition found in Plaintiff's class action complaint, identify those who Defendant believes consented to receiving calls from Defendant in connection with which it used an artificial or prerecorded voice.

**RESPONSE**: **According to Defendant's records, Defendant received consent to call the 17,640 unique wireless numbers identified in response to Interrogatory Number 12.**

16.    Describe Defendant's efforts to verify or confirm that telephone number 321-███9800 was assigned to the intended recipient of Defendant's calls.

**RESPONSE**: **Per Defendant's internal protocol, pre-recorded voicemail messages are utilized only for phone numbers associated with existing customer accounts and under limited circumstances. Register.com customers are able to update their account information (including their contact details) at any time by accessing their**

10

**account or contacting customer support. The customer associated with the Telephone Number at issue in the Complaint, Mr. Raymond Godfrey, had previously provided consent to be contacted by Defendant. Defendant has no record that consent had ever been revoked, and Defendant has no record that Mr. Godfrey updated his contact information or revised his consent to be contacted by Defendant.**

17.  Describe Defendant's efforts to verify or confirm that telephone number 321-■■■-9800 was a cellular telephone number.

**RESPONSE:  The Telephone Number was associated with an existing customer account, belonging to a customer who had previously provided consent to be contacted. Accordingly, per Defendant's internal protocol, when placing a call to a phone number associated with a customer account, Defendant's internal systems generally required that the number be compared against the database available on DNC.com.**

18.  Identify any entity or entities Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages, including to telephone number 321-■■■-9800.

**RESPONSE:  Defendant does not engage or employ any outside entity or entities to place calls to its customers.**

19.  Identify all telephone numbers from which Defendant placed or caused to be placed an outgoing call in connection with which Defendant used an artificial or prerecorded voice.

**RESPONSE:  Calls were placed from the following phone numbers:  (1) 18558814443; (2) 18558814443; (3) 18558814443; and (4) 18778487322.**

20.  For each affirmative defense Defendant asserts, state the factual and legal basis and identify all evidence on which Defendant relies in asserting it.

11

**RESPONSE**: Plaintiff's claims cannot be properly certified under Federal Rule of Civil Procedure 23 because, among other reasons, questions of fact relating to each individual putative class member predominate over questions relating to the class, including (a) whether each individual was called by Defendant; (b) whether each individual provided consent to be contacted by Defendant; (c) who was the subscriber of each cellular telephone number called at the time each call was placed; (d) whether Defendant had actual knowledge that a call did not reach its intended recipient or that a cellular telephone number had changed subscriber or regular user; (e) whether and when the number at issue had been reassigned; (f) the purpose of the alleged call; and (g) and whether the number is a wireless or landline telephone number.

Plaintiff's claims cannot be properly certified under the Federal Rules of Civil Procedure because Plaintiff is not an adequate representative of the proposed class.

Plaintiff's claims cannot be properly certified under the Federal Rules of Civil Procedure because the class definition, as provided in Paragraph 32 of the Amended Complaint is improperly broad. The TCPA does not prohibit calls made using an artificial or prerecorded voice where the called party has given his or her consent. The class definition, as proposed in Paragraph 32 of the Amended Complaint, does not differentiate between calls made to individuals who consented to being contacted and those who did not.

Plaintiff and the proposed class lack standing to seek injunctive relief given that they do not face a real and immediate threat of future violations of their rights.

12

21.     If you contend that a third party made the calls alleged in the complaint, identify that third party and state all facts in support of the same.

        **RESPONSE**: **Defendant does not contend that the calls referenced in the Amended**

        **Complaint were made by any third party.**

22.     Identify all communications you've had with any third party, other than your counsel, regarding this lawsuit.

        **RESPONSE**: **The Defendant communicated with personnel from DNC.com.**

## REQUESTS FOR PRODUCTION

1.   Documents and electronically stored information referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

**RESPONSE**: **Defendant objects to this Request to the extent it seeks data or information related to private customer account information for individuals other than Tiffany Lewis or Raymond Godfrey, on the basis that disclosure of this type of sensitive information would be both irrelevant and premature in light of the fact that the class has not been certified. Moreover, such information is not necessary for class certification. Subject to, and without waiving this objection, Defendant will produce any non-privileged documents or electronically stored information responsive to this Request that does not include the disclosure of personal customer information of individuals other than Tiffany Lewis or Raymond Godfrey.**

2.   Account records for the account(s) Defendant associates with Plaintiff, or with 321-█████9800.

**RESPONSE:** **Defendant will produce any non-privileged documents and electronically stored information responsive to this Request.**

3.   Documents and electronically stored information sufficient to identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and 321-███9800.

**RESPONSE:**  **Defendant will produce any non-privileged documents and electronically stored information responsive to this Request.**

4.   Documents and electronically stored information sufficient to identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with 321-█████9800.

**RESPONSE:** **Defendant will produce any non-privileged documents and electronically stored information responsive to this Request.**

14

5.      Documents and electronically stored information sufficient to identify each call Defendant made, or caused to be made, to Plaintiff, or to 321-██9800, in connection with which it used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE:** **Defendant objects to this Request on the grounds that it is duplicative of information already identified via the Interrogatories and earlier Requests for Production, and therefore, is unduly burdensome. Subject to, and without waiving the foregoing objection, Defendant will information responsive to this request.**

6.      Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE:** **Defendant objects to this Request on the grounds that it is overly broad, and unlikely to lead to the discovery of admissible information given that Defendant's alleged violation of the TCPA, as alleged in the Complaint, is premised upon a lack of consent to call a wireless number using a prerecorded or artificial voice. This Request does not specify whether the records it seeks relate to individuals who did not provide consent to be contacted by Defendant using a prerecorded or automated voice – the only individuals who would qualify for membership in the proposed class. Given these circumstances, Defendant also objects to this Request on the grounds that it is unduly intrusive because it seeks data from Defendant's customers that are unlikely to be members of the proposed class. Defendant also objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification. Finally, Defendant objects to this request on the grounds that it is duplicative of**

15

information sought (and provided in response to) prior Interrogatories and Requests for Production.

7.    For the telephone numbers Defendant identifies through its answer to interrogatory no. 8, and through its response to request for production no. 6, documents and electronically stored information sufficient to identify those for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a person associated with one of the telephone numbers asked Defendant to stop calling, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad, and unlikely to lead to the discovery of admissible information given that Defendant's alleged violation of the TCPA, as alleged in the Complaint, is premised upon a lack of consent to call individuals using a prerecorded or artificial voice. This Request does not specify whether the records sought relate to individuals who did not provide consent to be contacted by Defendant using a prerecorded or automated voice - the only individuals who would qualify for membership in the proposed class. Given these circumstances, Defendant also objects to this Request on the grounds that it is unduly intrusive because it seeks data from Defendant's customers that are unlikely to be members of the proposed class. Defendant also objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification. Finally, Defendant objects to this request on the grounds that it is duplicative of information sought (and provided in response to) prior Interrogatories and Requests for Production.**

16

8.    For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-9, and through its responses to request for production nos. 6-7, documents and electronically stored information sufficient to identify those to which Defendant made, or caused to be made, a call or calls in connection with which it used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad, and unlikely to lead to the discovery of admissible information given that Defendant's alleged violation of the TCPA, as alleged in the Complaint, is premised upon a lack of consent to call individuals using a prerecorded or artificial voice. This Request does not specify whether the records sought relate to individuals who did not provide consent to be contacted by Defendant using a prerecorded or automated voice - the only individuals who would qualify for membership in the proposed class. Given these circumstances, Defendant also objects to this Request on the grounds that it is unduly intrusive because it seeks data from Defendant's customers that are unlikely to be members of the proposed class. Defendant objects to this request on the grounds that it is duplicative of information sought (and provided in response to) prior Interrogatories and Requests for Production. Defendant objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

9.    For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, and through its responses to requests for production nos. 6-8, documents and electronically stored information sufficient to identify those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad, and unlikely to lead to the discovery of admissible information given that Defendant's alleged violation of the TCPA, as alleged in the Complaint, is premised upon a lack of consent to call individuals using a prerecorded or artificial voice. This Request does not specify whether the records sought relate to individuals who did not provide consent to be contacted by Defendant using a prerecorded or automated voice - the only individuals who would qualify for membership in the proposed class. Given these circumstances, Defendant also objects to this Request on the grounds that it is unduly intrusive because it seeks data from Defendant's customers that are unlikely to be members of the proposed class. Defendant also objects to this request on the grounds that it is duplicative of information sought (and provided in response to) prior Interrogatories and Requests for Production. Finally, Defendant objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

10.  For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad, and unlikely to lead to the discovery of admissible information given that Defendant's alleged violation of the TCPA, as alleged in the Complaint, is premised upon a lack of consent to call individuals using a prerecorded or artificial voice. This Request does not specify whether the records sought relate to individuals who**

**did not provide consent to be contacted by Defendant using a prerecorded or automated voice - the only individuals who would qualify for membership in the proposed class. Given these circumstances, Defendant also objects to this Request on the grounds that it is unduly intrusive because it seeks data from Defendant's customers that are unlikely to be members of the proposed class. Defendant also objects to this request on the grounds that it is duplicative of information sought (and provided in response to) prior Interrogatories and Requests for Production. Finally, Defendant objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

11.     For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

     **RESPONSE: Defendant objects to this request on the grounds that it is duplicative of information sought (and provided in response to) prior Interrogatories and Requests for Production. Defendant also objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

12.     Documents and electronically stored information sufficient to identify the persons or unique telephone numbers that fall within the class definition found at paragraph 37 of Plaintiff's class action complaint.

**RESPONSE:** **Defendant objects to this Request on the basis that it is misleading and confusing. There is no class definition provided in Paragraph 37 of Plaintiff's Amended Complaint. Defendant also objects to this Request on the basis that it is unduly intrusive, burdensome, and that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

13.    For the telephone numbers Defendant identifies through its answer to interrogatory no. 14, and through its response to request for production no. 12, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice.

**RESPONSE:** **Defendant objects to this Request on the basis that it is unduly intrusive, burdensome, and that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

14.    For the telephone numbers Defendant identifies through its answer to interrogatory no. 14, and through its response to request for production no. 12, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used an artificial or prerecorded voice, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number, or the called party requested that Defendant stop calling.

**RESPONSE:** **Defendant objects to this Request on the basis that it is unduly intrusive, burdensome, and that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

15. For the persons who fall within the class definition found at paragraph 37 of Plaintiff's class action complaint, documents and electronically stored information sufficient to identify those who Defendant believes consented to receiving calls from Defendant in connection with which it used an artificial or prerecorded voice.

**RESPONSE: Defendant objects to this Request on the basis that it is misleading and confusing. There is no class definition provided in Paragraph 37 of Plaintiff's Amended Complaint. Defendant also objects to this Request on the basis that it is unduly intrusive, burdensome, and that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

16. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes a person's indication that Defendant contacted the wrong person or wrong telephone number, or requested that Defendant stop calling.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

17. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes that Defendant made, or caused to be made, a call to a reassigned telephone number, intending to reach a prior owner of, user of, or subscriber to, the telephone number.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

18. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is assigned to a cellular telephone service.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

19. Documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to

be made a call, is associated with the individual Defendant intends to reach at the telephone number called.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

20. Documents and electronically stored information sufficient to identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to 321-███-9800, and the intended recipient(s) of Defendant's calls.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

23. Documents and electronically stored information sufficient to identify any business relationship, financial arrangement, health plan or account(s) Defendant has, or had, with Plaintiff.

**RESPONSE: Defendant objects to this Request given that the term "health plan" is vague and undefined. Defendant also objects to this request as irrelevant and unlikely to lead to the discovery of admissible information given that Defendant does not and has never sold, offered, or facilitated any "health plans."**

24. Policies, practices, and procedures that Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA"), and documents and electronically stored information sufficient to identify any training Defendant provides to its employees regarding calls in connection with which it uses, or causes to be used, an artificial or prerecorded voice.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

25. Audits, reports, and reviews regarding Defendant's use of an artificial or prerecorded voice, as it pertains to calls to wrong or reassigned, or allegedly wrong or reassigned, cellular telephone numbers.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

26.    Documents and electronically stored information sufficient to identify any vendors or other third parties who made calls on behalf of Defendant, in connection with which they used an artificial or prerecorded voice, and any contracts or other agreements between Defendant and any such vendors or third parties.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

27.    Documents and electronically stored information sufficient to identify Defendant's document and electronically stored information retention and destruction policies and procedures, as well as any changes in those policies or procedures, as they relate to documentation of calls Defendant made, or caused to be made, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

28.    Documents and electronically stored information referencing complaints under the TCPA from persons about calls Defendant made, or caused to be made, to wrong or reassigned, or allegedly wrong or reassigned, telephone numbers.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

29.    Copies of any artificial or prerecorded voice messages or scripts used by Defendant, or its vendors or agents, in connection with calls it made, or caused to be made, to Plaintiff, to 321-███9800, or to any telephone number referenced by these discovery requests.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

30.    Documents and electronically stored information sufficient to identify any vendors or other third parties that Defendant used to determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to a cellular telephone service, or determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to Defendant's customers or accountholders.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

31.  Documents and electronically stored information Defendant contends support the factual and legal bases for its affirmative defenses.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

32.  Documents and electronically stored information Defendant contends are evidence of express consent it had, or has, to place calls to Plaintiff, or to 321-██████9800, in connection with which it used an artificial or prerecorded voice.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

33.  For the telephone numbers referenced and requested by interrogatory nos. 8-11 and request for production nos. 6-9, and the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11 and through its responses to request for production nos. 6-9, documents and electronically stored information Defendant contends are evidence of express consent it had, or has, to place calls in connection with which it used an artificial or prerecorded voice, to those telephone numbers.

**RESPONSE: Defendant objects to this Request on the basis that it is unduly intrusive, burdensome, and that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

34.  For the persons or telephone numbers that fall within the class definition found at paragraph 37 of Plaintiff's class action complaint, documents and electronically stored information Defendant contends are evidence of express consent it had, or has, to place calls in connection with which it used an artificial or prerecorded voice, to those telephone numbers or persons.

**RESPONSE: Defendant objects to this Request on the basis that it is misleading and confusing. There is no class definition provided in Paragraph 37 of Plaintiff's Amended Complaint.**

35.  Documents and electronically stored information sufficient to identify Defendant's use of the Federal Communications Commission's Reassigned Numbers Database, including the results of any searches or scrubs Defendant performed on any telephone numbers referenced by these discovery requests.

24

**RESPONSE: Defendant objects to this Request to the extent that this Request calls for the production of records related to individuals who have provided consent to be contacted by Defendant using a prerecorded or artificial voice given that such records are unlikely to lead to the discovery of admissible evidence. Defendant also objects to this Request on the grounds that the term "scrubs" is vague and undefined.**

36. Results of any scrubs or other analysis performed on telephone number 321-███9800 by a vendor or other third party, including the Federal Communications Commission's Reassigned Numbers Database.

    **RESPONSE: Defendant objects to this Request on the grounds that the term "scrubs" is vague and undefined.**

37. Account records for the account(s) Defendant associates with Jamie Draughty or any other person Defendant intended to reach as a result of its telephone calls to 321-███9800.

    **RESPONSE: Defendant objects to this Request on the basis that it is vague and confusing as Plaintiff has not identified any individual by the name of Jamie Draughty in relation to this dispute or referenced in the Amended Complaint.**

38. Recordings of any conversations between Defendant and Plaintiff, or between any vendor Defendant uses and Plaintiff, or between Defendant and any person answering, using, or calling from telephone number 321-███9800, or between any vendor Defendant uses and any person answering, using, or calling from telephone number 321-███9800.

    **RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

39. Please produce all documents relating to insurance coverage of the acts alleged by Plaintiffs, including, but not limited to, all potentially applicable policies issued by any insurer and all communications with any such insurers, including, but not limited to, reservation-of-rights letters, regardless of whether or not such coverage purports to

exclude the acts alleged in this matter and regardless of whether or not such insurers have declined coverage in this matter.

**RESPONSE: Defendant will produce any non-privileged documents and electronically stored information responsive to this request.**

40. Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment that may be entered against you in this action, and all communications with those third parties.

**RESPONSE: Defendant is not aware of any indemnification agreements under which a third party may be responsible for all or part of a judgment that may be entered against Defendant.**

41. Please produce all documents containing any of the following information for each pre-recorded call sent by you or your vendors during the putative class period:

   a) the date and time;
   b) any process for using the reassigned number database before contacting that number;
   c) the result of the text; and
   d) any other information stored by the call detail records.

**RESPONSE: Defendant objects to this Request on the grounds that it is overly broad, and unlikely to lead to the discovery of admissible information given that Defendant's alleged violation of the TCPA, as alleged in the Complaint, is premised upon a lack of consent to call individuals using a prerecorded or artificial voice. This Request does not specify whether the records sought relate to individuals who did not provide consent to be contacted by Defendant using a prerecorded or automated voice - the only individuals who would qualify for membership in the proposed class. Given these circumstances, Defendant also objects to this Request on the grounds that it is unduly intrusive because it seeks data concerning Defendant's customers that are unlikely to be members of the proposed class. Defendant also**

**objects to this request on the grounds that it is duplicative of information sought (and provided in response to) prior Interrogatories and Requests for Production. Finally, Defendant objects to this Request on the basis that it seeks information that is irrelevant under Rule 26(b)(1) in light of the fact that the proposed class has not yet been certified and such information is not necessary for class certification.**

## REQUESTS FOR ADMISSION

1.  Admit Defendant made, or caused to be made, calls to Plaintiff's cellular telephone between January 1, 2024 and the present.

    **RESPONSE**: **Admitted to the extent that the Phone Number, 321-███9800, was assigned to and/or associated with Plaintiff's cellular telephone.**

2.  Admit Defendant made, or caused to be made, calls to telephone number 321-███9800 between January 1, 2024 and the present.

    **RESPONSE**: **Admitted**.

3.  Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to Plaintiff's cellular telephone, between January 1, 2024 and the present.

    **RESPONSE**: **Admitted to the extent that the Phone Number 321-███9800, was assigned to Plaintiff's cellular telephone.**

4.  Admit Defendant made, or caused to be made, calls in connection with which it used an artificial or prerecorded voice, to telephone number 321-███9800 between January 1, 2024 and the present.

    **RESPONSE**: **Admitted.**

5.  Admit Defendant delivered, or caused to be delivered, artificial or prerecorded voice messages to the voice mail box associated with telephone number 321-███9800 between January 1, 2024 and the present.

    **RESPONSE: Admitted.**

6.  Admit that Defendant did not place, or cause to be placed, any calls to telephone number 321-███9800 for an emergency purpose.

    **RESPONSE: Admitted.**

7.  Admit Defendant does not have any business relationship with Plaintiff.

    **RESPONSE: Denied. Defendant identified five (5) customer accounts that use the name Tiffany Lewis. At this time, Defendant does not have sufficient information to**

confirm or deny whether these customer accounts are associated with the Plaintiff in this action.

8.    Admit Defendant did not have any business relationship with Plaintiff.

**RESPONSE: Denied. Defendant identified five (5) customer accounts that use the name Tiffany Lewis. At this time, Defendant does not have sufficient information to confirm or deny whether these customer accounts are associated with the Plaintiff in this action.**

9.    Admit that Plaintiff has never had an account with Defendant.

**RESPONSE**: **Denied. Defendant identified five (5) customer accounts that use the name Tiffany Lewis. At this time, Defendant does not have sufficient information to confirm or deny whether these customer accounts are associated with the Plaintiff in this action.**

10.    Admit Defendant has no records of an account with Plaintiff.

**RESPONSE**: **Denied. Defendant identified five (5) customer accounts that use the name Tiffany Lewis. At this time, Defendant does not have sufficient information to confirm or deny whether these customer accounts are associated with the Plaintiff in this action.**

11.    Admit that Plaintiff has never had a health plan with Defendant.

**RESPONSE: Defendant objects to this Request given that the term "health plan" is vague and undefined. Defendant also objects to this request as irrelevant and unlikely to lead to the discovery of admissible information given that Defendant does not and has never sold, offered, or facilitated any "health plans."**

12.    Admit Defendant has no records of a health plan with Plaintiff.

**RESPONSE**: **Defendant objects to this Request given that the term "health plan" is vague and undefined. Defendant also objects to this request as irrelevant and unlikely to lead to the discovery of admissible information given that Defendant does not and has never sold, offered, or facilitated any "health plans."**

13.    Admit Plaintiff was not the intended recipient of Defendant's calls to telephone number 321-████9800.

    **RESPON**SE: **Admitted.**

14.    Admit Defendant did not obtain telephone number 321-████9800 from Plaintiff.

    **RESPONSE**: **Admitted.**

15.    Admit Plaintiff did not provide telephone number 321-████9800 to Defendant.

    **RESPONSE:** **Admitted.**

16.    Admit Defendant does not have a written or electronic document from Plaintiff by way of which he gave permission for Defendant to make, or cause to be made, calls to telephone number 321-████9800, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

    **RESPONSE**: **Defendant objects to this Request for Admission on the ground that is vague and confusing given that it refers to "Plaintiff Tiffany Lewis" as "he," notwithstanding the fact that Plaintiff has been referred to as "Ms." Lewis throughout the entirety of this litigation. To the extent this is a typographical error, Defendant denies that it did not have consent to call the cellular telephone number 321-████9800 using an artificial or prerecorded voice.**

17.    Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to telephone number 321-████9800, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE**: **Admitted to the extent that Defendant did not receive consent from an individual named Tiffany Lewis to call the Phone Number using an artificial or prerecorded voice.**

18.  Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to telephone number 321-███ 9800, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

**RESPONSE**: **Admitted to the extent that Defendant did not receive express consent from an individual named Tiffany Lewis to call the Phone Number using an artificial or prerecorded voice.**

19.  Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

**RESPONSE**: **Denied.**

20.  Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database.

**RESPONSE**: **Defendant objects to this Request on the grounds that is vague and does not define time period to which it is referring. To the extent that this Request is referring to the time period relevant to the phone calls made to the Phone Number at issue in the Complaint, this Request is Denied.**

21.  Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number 321-███ 9800.

**RESPONSE**: **Admitted.**

22.  Admit Defendant does not scrub telephone numbers that it intends to call to see if they are associated with cellular telephones.

**RESPONSE**: **Defendant objects to this Request on the ground that the term "scrub" is vague and undefined.**

23.    Admit Defendant did not scrub telephone number 321-███9800 to see if it was associated with a cellular telephone.

**RESPONSE**: **Defendant objects to this Request on the ground that the term "scrub"**

**is vague and undefined.**

Date: August 12, 2025                              Respectfully submitted,

                                                  */s/ A. Jeff Ifrah*
                                                  A. Jeff Ifrah
                                                  jeff@ifrahlaw.com
                                                  Abbey Block
                                                  ablock@ifrahlaw.com
                                                  Ifrah PLLC
                                                  1717 Pennsylvania Ave. NW
                                                  Suite 650
                                                  Washington, D.C. 20006
                                                  Tel: (202) 524-4140

                                                  *Counsel for Defendant*

# VERIFICATION

I, Jonathan Huth, am the associate general counsel to the Defendant in the above-captioned matter, Register.com, Inc. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief. I verify under penalty of perjury that the foregoing is true and correct. In the event I identify any answer that later proves to be inadvertently erroneous, Defendant will amend these responses.

**Dated**: August 12, 2025.

Signed by:

*Jonathan Huth*

77CC72DF604E420...

Jonathan Huth