### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIFFANY LEWIS, *on behalf of herself and others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>REGISTER.COM, INC.,<br><br>    Defendant. | )  Case No.: 1:25-cv-00275-JPH-MJD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANT'S MOTION TO BIFURCATE DISCOVERY

**Introduction**

Register.com, Inc. ("Defendant") asks this Court to bifurcate discovery between "class certification" and "merits" discovery, but in a Telephone Consumer Protection Act ("TCPA") action that analysis overlaps. As another court in the Seventh Circuit held in denying a similar request:

> The Court has reviewed the parties' joint status report. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in *Walmart v Dukes* has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

*Katz v. Allied First Bank, SB*, No. 22-cv-5277, ECF No. 14 (N.D. Ill. Jan. 3, 2023).

Indeed, this Court previously recognized in *Knauf Insulation, LLC v. Johns Manville Corp.*, that bifurcation "remains the exception, not the rule." 2015 U.S. Dist. LEXIS 153509 at *3 (S.D. Ind.) (Dinsmore, J.). And in doing so, this Court denied a motion to split issues, finding that

1

because the parties relied on overlapping evidence, bifurcation would duplicate proceedings, and the supposed efficiencies did not outweigh the prejudice to the non-moving party. *See id*. at *6.

The reasoning of that decision applies with equal force here in this TCPA class action, as the evidence necessary to certify a class is the same evidence necessary to establish liability: prerecorded call data as well as consent and related procedures for recognizing that wrong numbers has been called. Splitting discovery along artificial lines will not simplify the case. Instead, it will guarantee duplicative depositions, disputes over categorization, and delay in reaching class certification—all while depriving Tiffany Lewis ("Plaintiff") of the records needed to prove her claims.

**Background**

From April 10, 2024 through May 13, 2025, Defendant placed twenty-five prerecorded calls to Plaintiff's cellular telephone number. Defendant admits these calls were not directed to Ms. Lewis at all, but instead were intended for one of its customers, Raymond Godfrey. According to Defendant's discovery responses, the calls were placed "to assist in the management of Mr. Godfrey's domains and customer account" and "to advise [him] that the account was past due." Ms. Lewis, however, has never been a customer of Defendant, has never had an account with Defendant, and never provided her number to Defendant. Defendant admits those facts as well. Rather, the company obtained Plaintiff's number decades earlier, when Mr. Godfrey allegedly supplied it during an account creation process on Defendant's website in November 2000—nearly twenty-five years before the calls at issue.

That obsolete customer account information illustrates why classwide discovery is indispensable. The central question in this case is not only whether Plaintiff herself was wrongfully called, but whether Defendant engaged in a broader practice of delivering prerecorded messages

2

to wrong numbers and non-customers without consent. Defendant's own discovery responses confirm the scale of the problem. Between June 7, 2022 and August 12, 2025, Defendant placed prerecorded calls to 28,727 unique numbers. Of those, 1,602 were identified internally as "incorrect numbers."

To test those issues, Plaintiff has already filed a motion to compel seeking production of the class call data, consent records, and wrong-number flags. That motion is critical to Plaintiff's ability to demonstrate numerosity, commonality, and predominance, and to rebut Register's anticipated defense that consent was obtained. Yet those are the very materials Defendant now seeks to withhold by asking for bifurcation. Defendant's proposal would allow it to argue that Plaintiff cannot satisfy Rule 23 while simultaneously blocking discovery of the very records that prove she can.

The overlap between Plaintiff's pending motion to compel and Register's motion to bifurcate could not be clearer. The information Plaintiff seeks to compel—outbound dialing records, and wrong-number data—is at once merits evidence (because it shows calls were placed without consent) and class evidence (because it shows thousands of other non-customers were affected). No artificial division can separate the two.

### Legal Standard

Rule 42(b) of the Federal Rules of Civil Procedure states:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

This rule "permits the separation of claims or issues for trial if certain conditions are met." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). These conditions are: (1) the bifurcation should "avoid prejudice to a party or promote judicial economy;"

3

(2) the bifurcation should "not unfairly prejudice the non-moving party;" and (3) the bifurcation "must not be granted if doing so would violate the Seventh Amendment." *Id.* Although "the ultimate decision to bifurcate is within [the court's] discretion, because [the court is] expected to act to secure the just, speedy, and inexpensive determination of every action, bifurcation remains the exception, not the rule." Trading Technologies Int'l, Inc. v. eSpeed, Inc., 431 F.Supp.2d 834, 836 (N.D. Ill. 2006) (quotations and citations omitted). The party seeking bifurcation bears the burden of showing that judicial economy would be served in favor of bifurcation. *Id.* at 837.

## Argument

### I. There is Substantial Overlap Between Class Certification and Merits Issues in this Case.

The record confirms that merits and class issues are inseparable. Outbound call logs identify class members while simultaneously proving liability. Consent records are Defendant's central defense, but they are also the central class question: whether consent (or lack thereof) can be established with common proof rather than individualized inquiries. Scripts and prerecorded message workflows demonstrate both that Defendant used prohibited technology and that it did so in a standardized way across thousands of calls. Forcing Plaintiff to wait until a later "merits" phase to obtain these materials would not only deprive her of the evidence needed to move for certification but would also guarantee duplicative discovery. Corporate witnesses would need to testify twice about the same dialing systems, consent capture, and internal compliance. Document production would need to be repeated, with disputes over whether certain records are "class" or "merits" arising at every turn. This is the same problem that led other courts in TCPA cases to deny bifurcation in similar circumstances and why bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here, as discussed above. "There is not always a bright line" between pre-

4

certification discovery into facts bearing on issues like commonality, typicality, and adequacy of representation under Rule 23(a) (and/or the satisfaction of Rule 23(b)'s maintainability requirements) and so-called "merits" discovery into whether the claims or defenses in the case will succeed. *Annotated Manual for Complex Litigation, Fourth* ("*Manual*") § 21.14 at 294 (Thomson Reuters/Federal Judicial Center 2021). "Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." *Id., see also* Jerold S. Solovy, et al., *Class Action Controversies* 203 (Jenner & Block 1994) ("class certification often involves issues that require some merits discovery, such as typicality of claims and commonality of issues," and "[w]hen the defendant contests facts tending to establish the existence of a class, the plaintiff may seek discovery of these facts"); 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014) (describing factors for judicial consideration of bifurcation motions in class cases as (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of individual or class discovery.

Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. *See ibid* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of

5

duplicative depositions and document review combine to counsel against bifurcation in this case."); *Hastings Mut. Ins. Co. v. Mengel Dairy Farms, LLC*, 2020 U.S. Dist. LEXIS 9007, *5 (N.D. Oh.) ("bifurcating the claims at this stage might result in a second, redundant round of discovery and another round of dispositive motions, which is certainly not efficient nor expeditious.").

     Defendant's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of the claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'"); *see also Munoz v. PHH Corp.*, No. 1:08-cv-0759-DAD-BAM, 2016 U.S. Dist. LEXIS 17254, 2016 WL 10077139, *4 (E.D. Cal. 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."); *In re Riddell Concussion Reduction Litig.*, No. 13-7585 (JBS/JS), 2016 U.S. Dist. LEXIS 89120, 2016 WL 4119807, *2 (D.N.J. 2016) (explaining that the court had previously declined to bifurcate discovery because "more often than not there is no 'bright line' between class certification and merits issues").

Other courts have agreed. *See, e.g.*, *Grippo v. Sugared + Bronzed, LLC*, No. SA CV 24-01792-AB (DFMX), 2025 WL 596095, at *2 (C.D. Cal. Feb. 24, 2025) (relying on several TCPA cases in rejecting a bifurcation of discovery holding, "the distinction between merits discovery and class discovery is not always clear, and many courts are, for this reason, reluctant to bifurcate class and merits discovery."); *Blair v. Assurance IQ LLC*, No. 23-16, 2023 WL 6622415, at *6 (W.D. Wash. Oct. 11, 2023); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("[T]he distinction between class certification and merits discovery is murky at best and impossible to determine at worst.").

As another federal court held earlier this year while rejecting bifurcated discovery in a TCPA class action:

> Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation.

*Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

Likewise, while rejecting a substantially similar bifurcation request from a TCPA class action another court wrote:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).
>
> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

7

> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).
>
> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.
>
> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).
>
> And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").
>
> And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex.

Mar. 19, 2025).

8

Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, No. CIV.A. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004). Indeed this is also why Defendant's speculative argument about efficiency and costs fails as "bifurcation can actually increase the costs of litigation because of disputes over what constitutes merits and what constitutes class discovery." *In re Groupon, Inc. Sec. Litig.*, 2014 WL 12746902, at *4 (N.D. Ill. 2014). Similarly, if Defendant thinks it can prevail on issues in this matter, it can file a motion for summary judgment at any time.

Moreover, bifurcation would delay discovery necessary to demonstrate the class claims, it would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. Indeed, in this sense the requested relief is akin to a motion to stay, since the Defendant is seeking to avoid all class discovery for an indefinite period of time. A stay-related delay would prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed. *Saleh v. Crunch, LLC*, No. 17-62416-CIV, 2018 WL 11264884, at *2 (S.D. Fla. Feb. 28, 2018) ("a stay would prolong this matter on the Court's docket and could conceivably prejudice Plaintiff by the fading memory of any witnesses"); *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (holding that plaintiffs in putative class action may "suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate").

**II.    Defendant's Argument that Bifurcation is Supported Because it is Likely to Win at Class Certification should be Rejected.**

Defendant also argues in support of bifurcation that because a significant subsection of the proposed class may have (1) previously provided their phone number to Defendant voluntarily; and (2) consented to be contacted by Defendant with pre-recorded or artificial voice messages, Plaintiff is unable to satisfy Rule 23's requirements and that discovery should be bifurcated as a result.

But this Court "cannot permit [a defendant] on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified." *Whiteamire Clinic, P.A. v. Quill Corp.*, No. 12-5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013). And this is exactly what Defendant asks this Court to do now. To be sure, on the one hand Defendant suggests—in the form of hypotheticals, and absent any proof whatsoever—that Plaintiff cannot satisfy Rule 23's commonality, typicality, and predominance requirements, and that Plaintiff's proposed class is not ascertainable (and as a result discovery should be bifurcated). However, even if its argument held weight, as discussed in Plaintiff's pending motion to compel, Defendant refuses on the other hand to produce documents that show the telephone numbers to which it placed artificial or prerecorded voice calls, the telephone numbers that it marked as wrong or reassigned, and the artificial or prerecorded voice calls that it placed to those telephone numbers. These withheld documents contain the exact type of information that Plaintiff can use rebut Defendant's hypothetical Rule 23-related arguments and further support why bifurcation is not appropriate.

For example, addressing, among all else, Rule 23's commonality, typicality, and predominance requirements in connection with a motion to certify a "wrong number" TCPA class as the Plaintiff highlighted in their motion to compel. At bottom, therefore, Defendant cannot

10

argue that discovery should be bifurcated because it is likely to defeat class certification, and also withhold the documents that Plaintiff can use to rebut Defendant's Rule 23-related contentions.

### III. Defendant's Privacy Concerns are Overstated and can be Cured with a Protective Order.

Defendant argues that producing outbound call records and wrong-number flags would intrude on the privacy of non-parties. That contention is overstated and unpersuasive. Courts faced with the same objection have consistently held that production of dialer data and subscriber information is routine and necessary in TCPA litigation, as discussed in the Plaintiff's motion to compel.

Here, Register already admits that between June 2022 and August 2025 it placed prerecorded calls to 28,727 unique numbers, of which 1,602 were identified as "incorrect." That call data is at the very heart of both liability and Rule 23 numerosity. The parties in this case have already agreed to a protective order, which provides ample safeguards to address any legitimate privacy interests. Production under that order will protect personal information while still allowing Plaintiff to test Defendant's defenses and demonstrate classwide violations.

Indeed, Defendant itself uses these same records for its own business purposes, including billing, account management, and compliance monitoring. Its sudden invocation of "privacy" is simply an attempt to block Plaintiff from obtaining the very evidence that will demonstrate common violations across the class. The same reasoning applies to Defendant's privacy argument—discovery should proceed, subject to the agreed protective order, without artificial restraints. Moreover, Rule 26 already provides built-in safeguards ensure that Defendant's production obligations will remain reasonable and tailored. In other words, both the Federal Rules

and the agreed protective order already cure the supposed "privacy" concerns, leaving no basis for the extraordinary step of bifurcating discovery.

## Conclusion

Defendant has not carried its burden to justify the extraordinary step of bifurcating discovery. Its proposal would deprive Plaintiff of the very call data, wrong-number flags, and consent records that are essential both to proving her individual claims and to satisfying Rule 23. Courts—including this Court—have recognized that "bifurcation remains the exception, not the rule" and that merits and class issues in TCPA cases substantially overlap. Attempting to split discovery here would only multiply disputes, and force duplicative depositions, all to the prejudice of Plaintiff and absent class members.

For these reasons, Plaintiff respectfully requests that Defendant's Motion to Bifurcate Discovery be DENIED in its entirety, and that discovery proceed in the ordinary course, including the production of the class call data and related records already sought in Plaintiff's motion to compel.

Dated: September 3, 2025

/s/ *Anthony I. Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

Aaron D. Radbil
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
aradbil@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*