UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIFFANY LEWIS, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REGISTER.COM, INC.<br><br>Defendant. | Case No.: 1:25-cv-00275-JPH-MJD<br><br>Judge: Robert J. White<br><br>Magistrate Judge: Mark J. Dinsmore |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Register.com, Inc., ("Defendant" or "Register") by and through undersigned counsel, respectfully submits this Opposition to Plaintiff, Tiffany Lewis's ("Plaintiff") Motion to Compel Production of Documents. In support of its Opposition, Defendant states the following.

**I.      Introduction**

The instant dispute centers around several phone calls allegedly made to Plaintiff's cellular telephone number by Defendant, in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff seeks to represent not only herself, but a broadly defined class of all individuals who have allegedly received pre-recorded or artificial calls from Defendant but are not active customers of Defendant's company and have not provided consent to be contacted. Defendant has made every effort to provide the information sought by Plaintiff that is appropriately within the scope of discoverable information at this juncture in the case – i.e., prior to class certification.

However, Defendant has maintained the position that disclosure of detailed personal information concerning individual customers – such as their names and telephone numbers – is neither appropriate nor necessary prior to class certification. Defendant has moved for bifurcation of discovery, in an effort to preserve the party's resources and avoid the unnecessary disclosure of the sensitive personal information of its customers prior to certification of the proposed class. Dkt. 40. That motion remains pending.

Unsatisfied with the significant quantity of information Defendant has already disclosed to her, Plaintiff filed the instant Motion to Compel Production of Documents – seeking the disclosure of information to identify the individual phone numbers to which Defendant placed calls using pre-recorded or artificial voice messages, regardless of whether those calls were made with the consent of the call's recipient (which would exempt them from the TCPA claims at issue here). Plaintiff's requests are (1) overbroad, (2) not reasonably calculated to lead to the discovery of admissible evidence, and (3) seek information that is not necessary to satisfy the requirements of Rule 23 for class certification. For these reasons, and those discussed in further detail below, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel.

## II.  Relevant Factual Background

Plaintiff filed the instant action on February 11, 2025, and subsequently filed an Amended Complaint on April 5, 2025. Dkt. 1, 12 (hereinafter referred to as "Am. Compl."). Therein, Plaintiff alleged that Defendant violated the TCPA by using an artificial or prerecorded voice in connection with non-emergency calls placed to telephone numbers assigned to a cellular telephone service, without prior express consent.  Am. Compl. ¶ 3. Plaintiff sought relief on behalf of herself and a proposed class, which she defined as the following:

> All persons throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not

> assigned to an [sic] Register.com, Inc. customer or account holder, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

Am. Compl. ¶ 32. On June 12, 2025, Plaintiff served her First Set of Discovery Requests on Defendant which included Interrogatories, Requests for Document Production and Requests for Admissions. Therein, Plaintiff not only sought information relevant to Ms. Lewis, but also broad categories of data related to Register's customers who are not yet (and may never be) parties to this action. By way of example, Plaintiff sought identifying information (including the name and/or telephone number) for all of Defendant's customers that Defendant called using a pre-recorded or artificial voice message during the relevant time period. *See* Dkt. 42, Ex. 1.

On August 12, 2025 (subject to an agreed upon thirty-day extension), Defendant served its responses to Plaintif's First Set of Discovery Requests. Therein, Defendant provided information relevant to Plaintiff Tiffany Lewis's individual claims, such as call logs reflecting calls made to her cellular telephone number, (321) XXX-9800; the recorded reasons for the calls made to her cellular telephone number, (321) XXX-9800; information related to the customer account associated with Plaintiff's cellular telephone number; the phone numbers from which Defendant made pre-recorded calls to its customers; data related to the number of calls Defendant made using an artificial or pre-recorded voice message during the time period relevant to this action (for all customers); materials reflecting training and information provided to Defendant's employees concerning permissible calling practices; data reflecting the number of phone calls made to telephone numbers that were subsequently characterized as "wrong" or "do not call me in the future" numbers; and the procedures by which Defendant reviews and categorizes telephone numbers as "do not call" numbers. Defendant has also informed Plaintiff that it will continue to provide responsive, non-privileged documents and data on a rolling basis. Defendant did, however,

object to Plaintiff's discovery requests which sought the personal identifying information (e.g., phone numbers and names) of Defendant's customers who are not named parties to this action. In its discovery responses, Defendant made clear that the scope of these requests was not proper given that (1) the sensitive, personal information sought pertained to individuals who were not (and potentially never would be) members of any class; and (2) the information sought was not necessary for class certification. *See* Dkt. 42, Ex. 2.

On August 20, 2025, the parties met and conferred regarding Defendant's discovery responses. Plaintiff alleged that the responses were incomplete given that Defendant objected to the requests seeking the personal identifying information of its customers who are not parties to this action. Defendant reiterated its position that the disclosure of this information was both improper and irrelevant in light of the fact that the class had not yet been certified, and such information was not necessary for class certification. Defendant also noted that the procurement of information necessary for merits-based class discovery would be time-consuming and onerous to obtain, given the fact-specific individualized inquiries (including inquiries concerning individual consent) required in light of the Plaintiff's proposed class definition.

On August 27, 2025, Defendant filed a Motion to Strike Plaintiff's Class Allegations pursuant to Federal Rule of Civil Procedure 23. Dkt. 39. Therein, Defendant argued that Plaintiff's class allegations were facially deficient given that they failed to satisfy the requirements of Rule 23. Specifically, Defendant argues that (1) the typicality and commonality requirements could not be satisfied because Plaintiff's claims do not have the same essential characteristics as the class at large and there exists no common nucleus of operative fact amongst the potential class members; (2) the more stringent predominance requirement could not be satisfied given that common questions of law and fact do not predominate the class and identification and adjudication of the

4

class members' claims would require individualized and fact-intensive inquiries, rather than generalized, class-wide proof; and (3) Plaintiff's proposed class definition was overly broad and not ascertainable because it includes individuals who have no grievance under the TCPA.

On September 3, 2025, Plaintiff filed the instant Motion to Compel Production of Documents. Dkt. 42. Therein, Plaintiff asserted that (1) the discovery sought through Plaintiff's Requests for Production ("RFP") numbers 6-11 is relevant to class certification issues such as numerosity, commonality, typicality and predominance; (2) Defendant should not be permitted to object to Plaintiff's discovery requests given the pendency of Defendant's Motion to Strike Class Allegations; and (3) Defendant's objections to the RFPs are meritless. *Id.*

### III.   Legal Standard

The District Court retains broad discretion to control discovery. *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). Rule 26 of the Federal Rules of Civil Procedure governs the discovery process and provides for the discovery of information that is reasonably calculated to lead to the discovery of admissible evidence. *Pizel v. Monaco Coach Corp.*, 224 F.R.D. 642, 643 (N.D. Ind. 2004). While Rule 26 is indeed broad in certain respects, its scope is neither limitless nor blind to common sense. Rather, the Rule includes an important caveat, limiting discovery to materials that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Relevancy is not without "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  To this end, relevance focuses on the specific claims and defenses in the case, while proportionality involves consideration of the importance of the discovery in resolving the issues, *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F.Supp.3d 916, 924 (N.D. Ill. 2019), and "requires common sense and experiential assessment." *BankDirect Capital Fin., LLC*

*v. Capital Premium Fin., Inc.*, 326 F.R.D. 171, 175 (N.D. Ill. 2018) ("Chief Justice Roberts' 2015 Year-End Report on the Federal Judiciary indicates that the addition of proportionality to Rule 26(b) 'crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'").

In putative class actions, such as this one, the Court maintains broad discretion in deciding the degree to which discovery concerning class certification issues should go forward and such discovery is allowed only where "there is a need to determine whether Rule 23 requirements are met." *Loy v. Motorola, Inc.*, 2004 WL 2967069, at *3 (N.D. Ill. Nov. 23, 2004); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Accordingly, the Court may "pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant." *Rowlin v. Ala. Dept. of Pub. Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001). When conducting its analysis the Court "should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, discounted by society's interest in furthering the truthseeking function." *Id.*

**IV.    Discussion**

The instant dispute is distinguishable from many run-of-the-mill TCPA class actions cases. The telephone numbers Register is accused of calling were neither random nor purchased as part of a telemarketing call list. Rather, the numbers at issue in the instant dispute were assigned to former and current customers of Register, which provides domain name and webhosting services. These customers intentionally disclosed their contact information to Register solely for business purposes, such as being kept informed regarding important account information relating to the maintenance of their domains. Indeed, a substantial quantity of the numbers Defendant is alleged

6

to have called using a pre-recorded or artificial voice either currently belongs or previously belonged to individuals who explicitly consented to and/or invited Register's calls.

Against this backdrop, Register has objected to Plaintiff's RFP's numbers 6-11, in relevant part, on the basis that the requests are (1) overly broad and unlikely to lead to the discovery of admissible evidence; and (2) not necessary for Plaintiff to establish the requirements of Rule 23 for class certification. Accordingly, this Court should either deny Plaintiff's Motion to Compel in its entirety or otherwise require Plaintiff to more narrowly craft her discovery requests so as to limit the unnecessary exposure of Defendant's customer data and ensure that the burden imposed upon Defendant is not disproportionate to Plaintiff's discovery needs at this juncture in the case.

### I.  Plaintiff's discovery requests are overly broad and are not reasonably calculated to lead to the discovery of admissible information.

Plaintiff's RFP's are overly broad on their face and unlikely to lead to the discovery of discoverable information given the nature of the information they request and its lack of relevant connection to the issues in the instant dispute. Plaintiff Lewis contends that she is not, and was never a customer of Register, and that she received calls from Register when the phone number of a Register customer was reassigned to her, without Register's knowledge. Am. Compl. ¶ 23. On this basis, Plaintiff seeks to represent other similarly situated individuals – those who do not have an active customer account with Register but nevertheless allegedly received artificial or prerecorded voice messages from the company. *Id.* ¶ 32. The RFP's at issue call for a broad batch of data and personal information belonging to a host of individuals who are not, and likely will not qualify to be, members of any class in this action. By way of example, RFP #6 requests the following:

> Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls

7

in connection with which it used, or caused to be used, an artificial or prerecorded voice.

Similarly, RFP #9 requests the production of the following:

> For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-10, and through its responses to requests for production nos. 6-8, documents and electronically stored information sufficient to identify those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

Finally, RFP # 10 requests the following:

> For the telephone numbers Defendant identifies through its answers to interrogatory nos. 8-11, and through its responses to request for production nos. 6-9, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which Defendant used, or caused to be used, an artificial or prerecorded voice.

Dkt. 42, Ex. 1.[1]

These requests seek all electronic data and records reflecting calls made by Register in which it used an artificial or prerecorded voice, irrespective of whether the call was made to one of Register's current customers and regardless of whether the call was made to an individual who had previously provided consent to be contacted by Register. Response to these requests would require Register to disclose the personal data of thousands of its past and existing customers, and inquiring individuals who consented to be called by Register – all of whom have no grievance under the TCPA whatsoever. The disclosure of these individuals' personal data is not reasonably calculated to lead to the discovery of admissible information, given that these individuals have no grievance under the TCPA, and, therefore, cannot qualify for membership in Plaintiff's proposed class. *See, e.g.*, *Nock v. PalmCo Adminstiration, LLC*, 2025 WL 750467, at *3 (D. Md. Mar. 10, 2025) (denying plaintiff's motion to compel in part, when plaintiff's discovery request sought records of "all complaints" concerning the defendant's telemarketing practices, which, the court concluded,

---

[1] RFP's 7,8, and 11, although slightly narrower in scope, nevertheless build upon the overly broad requests in RFP's 6, 9, and 10, and, therefore, are equally impermissible.

likely included a large quantity of information that was "not relevant or proportional to the needs of the case, and which could unreasonably burden [the defendant]."). It follows that data related to these individuals will have no bearing upon the validity of Plaintiff's proposed class or the merits of her underlying claims.

On balance, the unnecessary burden and intrusion that would result from the disclosure of this information far outweighs its potential utility in this case. Disclosure of customer data implicates considerable privacy and consent concerns. Courts instruct that "[w]hen the constitutional right of privacy is involved, 'the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced.'" *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007). To this end, courts have observed that "[e]ven when discovery of private information is found directly relevant to the issues of ongoing litigation," it should "not automatically be allowed." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (quoting *Wiegele*, 2007 WL 628041, at *2). Rather, "there must a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Id.*

Defendant undertakes extensive efforts to protect the privacy of its customers' data, and, in accordance with its own Privacy Policy,[2] cannot disclose customer data to third parties without providing notice to the customers affected by the disclosure. Ensuring that all effected customers receive appropriate notice of the disclosure of their personal data will burden Defendant. The imposition of this burden is not warranted at this juncture given that a significant portion of individuals who will need to be contacted have no grievance under the TCPA and will not qualify

---

[2] *Privacy Notice: Legal Process*, NEWFOLD DIGITAL, https://www.newfold.com/privacy-center/privacy (last accessed Sept. 8, 2025).

9

to be members of Plaintiff's proposed class. Simply put, at this juncture, there is no compelling need for the disclosure of this data.

In conclusion, common sense dictates that Register should not be compelled to disclose the sensitive personal data of thousands of individuals who have no grievance under the TCPA and who will never be members of Plaintiff's proposed class.

**II.     The information sought in Plaintiff's RFP's Nos. 6-11 is not required to decide class certification and cannot cure the facial deficiencies in Plaintiff's class definition.**

When deciding to certify a proposed class, the Court must consider (1) numerosity of party plaintiffs; (2) commonality of questions of law and fact; (3) typicality of the representative parties' claims and defenses to those of the class; (4) adequacy of representation; and (5) the predominance of common questions of law and fact. Fed. R. Civ. P. 23(a)-(b). Although pre-certification discovery must be broad enough to allow the plaintiff to collect the information necessary to make the showing required for certification, it should not "exceed what is necessary" to permit the Court to "make an informed decision on class certification." *Miner v. Gov't Payment Serv., Inc.*, 2017 WL 3909508, at *4 (N.D. Ill. Sept. 5, 2017); *Bilek v. Fed. Ins. Co.,* 2022 WL 18912277, at *3 (N.D. Ill. Dec. 12, 2022) ("Precertification discovery must be sufficiently broad to give the plaintiff a realistic opportunity to meet the requirements of class certification, but at the same time, a defendant should be protected from overly burdensome or irrelevant discovery."). In other words, the quest for class certification does not necessarily entitle Plaintiff to unfettered access to Defendant's records.

Here, Register has already disclosed a significant quantity of information that can be used by Plaintiff, if and when she seeks class certification. To this end, Register has already disclosed the quantity of telephone numbers to which it placed calls using pre-recorded or artificial voice

10

messaging; the quantity of those numbers that were determined to be "wrong numbers" and the quantity of calls during which the recipient requested that Register cease calling. Production of this data allows Plaintiff to argue that the numerosity requirement is satisfied. Similarly, Defendant has also provided records concerning its calling practices, it's procedures for recording "wrong number" and "do not call" calls, its training materials concerning the same, and information concerning its use of the national do-not-call database and reassigned number database. Production of this data will allow Plaintiff to make arguments concerning the common questions of law and fact that she believes will be relevant to the potential class members.[3]

In *Gusman v. Comcast Corp.*, the court considered the appropriate scope of discovery in a TCPA case, in light of the certification requirements outlined in Fed R. Civ. P. 23. 298 F.R.D. 592, 600 (S.D. Cal. 2014). Similar to Plaintiff here, the plaintiff in *Gusman* sought production of the defendant's outbound dialing list, arguing that it was relevant to numerosity and commonality. *Id.* at 596. Although the court agreed that the outbound dialing list would be relevant to the issue of numerosity, it ultimately concluded that Plaintiff had "less intrusive and burdensome means available," to obtain the information he sought. *Id.* The court denied the plaintiff's motion to compel disclosure of the outbound dialing list and explained that "carefully-drafted interrogatories . . . requests for admission" or the defendant's Rule 30(b)(6) deposition could instead be "utilized to obtain the relevant data to determine an approximate number of calls made to cell phones using an autodialer during the proposed class period." *Id.* The case for compelling disclosure of Defendant's call lists is even less persuasive here where Defendant has *already* provided Plaintiff with the approximate number of phone calls made using an artificial or pre-recorded voice during the relevant class period.

---

[3] Defendant does not agree or concede that Plaintiff can or will establish the requirements of Rule 23. Defendant's position is outlined in further detail in its Motion to Strike Class Allegations, Dkt. 39.

Plaintiff also argues that Defendant cannot simultaneously move to strike her class allegations, while objecting to the broad, burdensome, and intrusive scope of her discovery requests. Dkt. 42 at 8. This is wrong. Defendant's objections to Plaintiff's class definition, as outlined in its currently pending Motion to Strike, focus upon the facial deficiencies in Plaintiff's class definition that no amount of overly burdensome discovery can cure. *See* Dkt. 39.

Plaintiff cites to *Wesley v. Snap Fin. LLC*, a purported "wrong number" TCPA case, to support the argument that the information she seeks is necessary for class certification. But a closer reading of this case reveals that it undercuts Plaintiff's position. 339 F.R.D. 227, 302 (D. Utah 2021). In certifying the *Wesley* plaintiff's proposed class, the Court observed that the plaintiff had provided a "narrowly tailored class definition" defined by objective standards. *Id.* at 302. Here, as discussed in Defendant's pending Motion to Strike Class Allegations, Plaintiff's class definition is neither narrowly tailored nor defined by objective criteria. Rather, Plaintiff's class includes a significant quantity of individuals who have no grievance under the TCPA, given that they are former customers or individuals who inquired into Register's services and provided their consent to be contacted in the process. *See* Dkt. 39 at 18. The information sought through Plaintiff's objectionable discovery requests will not cure the deficiencies in the proposed class or otherwise allow Plaintiff to craft a class definition that satisfies the requirements of Fed. R. Civ. P. 23. Specifically, even if Plaintiff were to run the telephone numbers at issue through the re-assigned number database, individualized questions concerning consent and timing of the number's reassignment will dominate over common questions of law and fact. Given these circumstances, Defendant's objections to Plaintiff's overly broad discovery requests and its Motion to Strike are not mutually exclusive.

## V.  Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel Production of Documents.

Dated: September 8, 2025                                          Respectfully submitted,

/s/ A. Jeff Ifrah
A. Jeff Ifrah
jeff@ifrahlaw.com
Abbey Block
ablock@ifrahlaw.com
Ifrah PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C. 20006
Tel: (202) 524-4140

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2025, I filed the foregoing with the Court's electronic filing system, which will automatically provide notice to all counsel of record.

Dated: September 8, 2025

                                                    */s/ A. Jeff Ifrah*
                                                    A. Jeff Ifrah