**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TIFFANY LEWIS, on behalf of herself and others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> REGISTER.COM, INC., <br><br> *Defendant*. | Case No. 1:25-cv-00275-JPH-MJD <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

**DEFENDANT'S REPLY IN SUPPORT**
**OF MOTION TO BIFURCATE DISCOVERY**

Defendant Register.com, Inc. ("Defendant" or "Register") by and through undersigned counsel respectfully submits this Reply in Support of its Motion to Bifurcate Discovery and respectfully moves this Court for an entry of an order phrasing discovery into two phases. In support of its Reply, Defendant states the following.

### I.   INTRODUCTION

Defendant has proposed a practical and administrable two-phased discovery approach designed to promote judicial economy and protect the privacy interests of Register's customers. Phase One should allow the parties to engage in discovery that is relevant to class certification, including the adequacy of Plaintiff Tiffany Lewis as a representative of the proposed class. If, following the completion of Phase One, the Court determines that certification of the class is warranted, the parties may proceed to Phase Two, which will allow them to engage in discovery related to the merits of the class members' claims.

Plaintiff opposes this commonsense approach, citing hypothetical and entirely baseless concerns about the potential loss of evidence and duplication of discovery efforts. Notwithstanding Plaintiff's speculative objections, courts routinely bifurcate discovery in Telephone Consumer Class Action ("TCPA") class action cases such as this one, recognizing that the postponement of class-wide merits discovery will expedite the discovery process and allow the Court to more efficiently reach the issue of class certification. *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018).

In cases such as this one – in which the Plaintiff's proposed class suffers from fundamental and facial defects – early resolution of threshold dispositive issues (such as the class's certification and the Plaintiff's adequacy as a class representative) can efficiently resolve the case prior to the class-wide merits-based discovery. Without a bifurcated approach to discovery, both the parties and the Court will be required to engage in burdensome and intrusive discovery concerning issues, facts, and evidence related to facially defective legal claims. Accordingly good cause exists for bifurcation of discovery in the instant dispute.

## II.     DISCUSSION

### A. Plaintiff fails to establish that bifurcation will undermine the interests of judicial economy.

Plaintiff primarily bases her opposition to bifurcation of discovery upon speculation that bifurcation will delay discovery, duplicate efforts, and "amplify[] the risk" that evidence will be lost. Dkt. 43 at 9. Plaintiff's assertions are all bark and no bite. She offers no evidence to support her speculative concerns and cites to cases in which the court contemplated circumstances factually distinguishable from those presently before this Court.

For example, Plaintiff points to this Court's decision in *Knauf Insulation, LLC v. Johns Manville Corp.*, to support the argument that bifurcation should only be implemented in

2

extraordinary circumstances, because it will purportedly "duplicate proceedings" thereby negating any "supposed efficiencies." Dkt. 43 at 1 (citing *Knauf Insulation, LLC v. Johns Manville Corp.*, Case 1:15-cv-00111-WTL-MJD (S.D. Ind. 2015)). Although Plaintiff is correct that this Court considered a motion to bifurcate in that case - that is where the similarities end. In *Knauf* the plaintiff alleged that the defendant had violated several patents. *Knauf Insulation, LLC.*, Case 1:15-cv-00111-WTL-MJD, Dkt. 62 at 1. The defendant asked this Court to bifurcate litigation for one of the alleged patent violations to "simplify the issues before the jury," given that the patent bore differing characteristics from its counterparts. *Id.* at 3. The Court denied the request for bifurcation of the litigation, reasoning that "although some complexity may be inevitable . . . the Court 'is confident that the highly skilled advocates on both sides will use the many effective tools that are available to prevent or minimize confusion,'" without the need for bifurcation. *Id.* at 4 (quoting *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 2001 WL 699856, at *2 (S.D. Ind. 2001)). Thus, in that case, the Court determined that it would be inefficient to bifurcate, litigate, and try the issues separately. It did *not* consider whether bifurcation would be efficient in the context of class action discovery. Accordingly, Plaintiff's reliance on this case is unavailing.

In the present motion, the issue before the Court is whether the interests of judicial economy would be served through a two-phased approach to class action discovery. The Court should answer affirmatively. Merits-based discovery will require significant expenditure of time and resources, given the highly individualized questions implicated in this matter including, in relevant part, (1) whether each class member was a prior customer of Register; (2) whether the class member was an inquiring user who submitted their contact information with the intent that they would be contacted by Register for informational purposes; (3) whether the class member consented to be contacted by Register; (4) whether the class member revoked consent to be

contacted by Defendant; (5) whether the class member was contacted by Defendant intentionally or whether Defendant intended to reach someone other than the actual recipient of the call; (6) if the class member purports to be the subscriber of a re-assigned telephone number, when, and under what circumstances each class member's telephone number was assigned to them; and (7) the purpose of the alleged call(s).

Plaintiff claims that because the discovery required for class certification "overlaps" with the discovery required to adjudicate the merits of the potential class members' claims, the interest of judicial economy would be undermined by bifurcation. Dkt. 43 at 4. This assertion is incorrect and ignores the facial deficiencies in Plaintiff's class definition. Discovery needed for class certification will involve consideration of the quantity of calls Defendant allegedly made, the procedures for screening the telephone numbers to which Defendant allegedly made the calls, Defendant's use of tools such as the national reassigned number database, etc. The factual investigation required for these threshold issues would not require the same in-depth and individualized discovery necessary for investigation into the merits of the individual class member claims such as individualized depositions of potential class members and examination of the individualized records of each potential class member. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172 (D.D.C. 2009) (quoting *Hubbard v. Potter*, 2007 WL 604949, at *2 (D.D.C. Feb. 22, 2007)) ("Although some discovery is necessary to resolve certification issues, 'pre-certification discovery is subject to the limitation which may be imposed by the court[.]'"); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *6 (N.D. Ill. July 19, 2018) (granting defendant's motion to bifurcate discovery on the basis that "some limited, first-stage production could stave off substantial wasted efforts."). Although there may be some minor overlap between certification and merits-based issues, "this alone is not enough to overcome the

efficiency benefits to be gained from bifurcated discovery." *Reid v. Unilever U.S., Inc.*, 946 F.Supp.2d 893, 932 (N.D. Ill. 2013).

Plaintiff also relies on *Nock v. PalmCo Admin, LLC*, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). But again, Plaintiff's cited legal authority is factually and meaningfully distinguishable from the circumstances presently before the Court. In *Nock*, the Court considered a motion for bifurcation *after* the parties had already engaged in individual and class discovery for eight months. *Id.* In denying the request for bifurcation, the court observed that the parties had already engaged in "concurrent individual and class discovery" with defendant having already "produced documents that it deem[ed] relevant primarily to class discovery." *Id.* Given these circumstances, the Court reasoned that it made "little sense to change course now." *Id.* By contrast, here, discovery is still in its earliest stages: Plaintiff still hasn't produced her responses to Defendant's First Set of Discovery Requests and Defendant has not produced records or information relevant primarily to the merits of the class members' claims.

Plaintiff also makes the highly speculative assertion that bifurcation will "prejudice Plaintiff and other class members by amplifying the risk that evidence will be lost or destroyed." Dkt. 43 at 9. Plaintiff offers no support for this assertion. Accordingly, Plaintiff's hypothetical should be rejected in light of the fact that Defendant has taken reasonable steps to ensure that all records relevant to the instant dispute are appropriately preserved. *See Deleon v. Time Warner Cable LLC*, 2009 WL 10674767, at *2 (C.D. Cal. Nov. 2, 2009) ("[T]o the extent Plaintiff is frightened that some misfortune might befall documents and witnesses while they are in Defendant's control, the Court finds that such risk is minimal and clearly outweighed by the expenses that might be saved through bifurcation."). Courts have rejected similarly speculative spoliation arguments, observing that the hypothetical risk of prejudice was minimal in light of the fact that parties to a lawsuit are

generally "on notice to preserve evidence pertaining to [the] matter." *Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020). This Court should reach the same conclusion.

### B. Plaintiff misrepresents the privacy concerns implicated in this case.

Plaintiff also claims that Defendant's concerns for its customers' privacy should be rejected given that (1) the parties have already agreed to a protective order; and (2) Defendant uses its customers' records for "its own business purposes, including billing, account management, and compliance monitoring." Dkt. 43 at 11. Defendant agrees that an appropriately broad protective order will mitigate (but not necessarily eliminate) some of the privacy concerns raised in the Motion for Bifurcation.

However, it is nevertheless appropriate to address Defendant's second argument and cavalier attitude toward the privacy concerns implicated in this case. Defendant's use of its customers' records in the context of its business operations has no bearing upon whether or not the disclosure of those records in the instant litigation implicates serious privacy concerns. Defendant's customers disclosed their personal identifying information, including their names and phone numbers, to Defendant for a particular business purpose – to be contacted in connection with their customer accounts and the maintenance of their web domains.[1] The fact that Defendant uses that information for the purposes to which the customer previously consented does not render the information ripe for public dissemination here. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011) (recognizing that the "fundamental right of privacy" must be protected even during the discovery process). Disclosing the personal data of thousands of customers who have no grievance under the TCPA and who will not qualify for membership in Plaintiff's proposed

---

[1] Register manages its customers' data in accordance with its Privacy Policy, available at https://www.newfold.com/privacy-center/privacy.

class, should not be undertaken without due consideration and only as necessary at the most pertinent point in litigation.

### C. Bifurcation of discovery is particularly appropriate here where Plaintiff's class definition is facially defective and the case is unlikely to proceed if class certification is denied.

Finally, Plaintiff argues that Defendant may not seek bifurcation while simultaneously contesting the sufficiency of Plaintiff's class definition through its Motion to Strike. Dkt. 43 at 10. This argument ignores the substance of Defendant's pending Motion to Strike. Defendant's arguments therein focus upon the fundamental facial deficiencies in Plaintiff's class definition that cannot be cured through class-wide, merits-based discovery. *See* Dkt. 39. If Plaintiff's class definition is found to be defective as a matter of law, the parties should not be required to expend the time and resources required for merits-based class- wide discovery. Rather, the Court may preserve the parties' resources and strike the class allegations at the pleading stage – prior to the parties engaging in any form of discovery – when the class allegations are "facially and inherently deficient." *Beyer v. Michels Corp.*, 2023 WL 2693439, at *12 (E.D. Wis. Mar. 29, 2023); *see also Valentine v. WideOpen West Finance, LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012) (motions to strike class allegations "may properly be filed before plaintiffs move for class certification and before class discovery has been conducted.").

Plaintiff's Opposition also fails to address the fact that, in the event Plaintiff's request for class certification is denied, the case is unlikely to continue – a factor highly pertinent to the Court's consideration of a Motion to Bifurcate. *See American Nurses' Assoc. v. Ill.*, 1986 WL 10382, at *3 (N.D. Ill. Sept. 12, 1986). This consideration is relevant here given that "simultaneous class discovery and merits discovery may generate 'extraordinary and unnecessary expense and burden,'" forcing the parties to "waste resources on merits discovery that turns out to be

unnecessary either because the class is defined more narrowly than expected or the plaintiffs decide to discontinue the case after a denial of certification." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. at 170 (quoting Manual For Complex Litigation (Fourth) § 21.14). Given these circumstances (and as discussed in Defendant's Motion for Bifurcation of Discovery) courts in this Circuit have recognized that bifurcation of discovery is especially prudent in cases such as this one in which the plaintiff primarily seeks statutory damages. *See Harris v. comScore, Inc.,* 2012 WL 686709, at *4 (N.D. Ill. Mar. 2, 2012). This is because "the limited statutory damages available to [p]laintiffs are likely an insufficient motivation to litigate in the absence of class certification." *Id.* Here, the allegations in Plaintiff's own Amended Complaint establish that she is unlikely to continue the instant litigation if the class is not certified given that,

> [t]he damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for members of the class and subclass to redress the [alleged] wrongs done to them.

Am. Compl. ¶ 56. Given these circumstances, it is seemingly inevitable that the denial of class certification will bring this litigation to an end. *See* Dkt. 40 at 10-11. Having failed to rebut or even address this point in her Opposition filing, Plaintiff has waived any argument or objection. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

### III. <u>CONCLUSION</u>

It is well recognized that discovery in class actions is expensive and asymmetric, with defendants often bearing most of the burden. *See, e.g., American Bank c. City of Menasha*, 627 F.3d 261, 266 (7th Cir. 2010) (recognizing the "asymmetric costs" typically borne by defendants resulting from discovery in class actions); *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 586 (N.D. Ill. 2011) (recognizing that the costs associated with discovery in complex class actions can be significant). Accordingly, in cases such as this one, it is particularly appropriate for the

Court to exercise its discretion and instruct the parties to engage in a phased discovery process. Bifurcation of discovery will allow the Court to decide substantive threshold issues that are integral to the certification of the proposed class, *before* the parties engage in substantial, and costly, merits-based discovery. For the foregoing reasons, and those set forth in Defendant's Motion to Bifurcate Discovery, Register.com, Inc. respectfully requests that this Court entering an order bifurcating discovery.

Date: September 10, 2025                                  Respectfully Submitted,

/s/ A. Jeff Ifrah
A. Jeff Ifrah
jeff@ifrahlaw.com
Abbey Block
ablock@ifrahlaw.com
IFRAH PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, D.C. 20006
Tel: (202) 524-4140

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September 2025, I filed the foregoing with the Court's electronic filing system, which will automatically provide notice to all counsel of record.

Dated: September 10, 2025

                                                    */s/ A. Jeff Ifrah*

                                                    A. Jeff Ifrah