*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

## CLASS ACTION SETTLEMENT AGREEMENT

Tiffany Lewis ("Plaintiff") and Register.com, Inc. (which merged into Network Solutions, LLC) (the surviving entity is referred to herein as "Defendant") enter into this arm's-length class action settlement agreement ("Agreement").

1. **Recitals:**

    1.1. On February 11, 2025, Plaintiff filed a class action complaint against Newfold Digital, Inc., styled *Lewis v. Newfold Digital, Inc.*, No. 1:25-cv-00275 (S.D. Ind.) ("Lawsuit").

    1.2. On April 5, 2025, Plaintiff filed an amended class action complaint, substituting Defendant for Newfold Digital, Inc.

    1.3. On July 25, 2025, Register.com, Inc., merged into Network Solutions, LLC and Network Solutions, LLC is the surviving entity.

    1.4. Through her amended class action complaint, Plaintiff asserts violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

    1.5. On October 30, 2025, and again on November 24, 2025, Plaintiff and Defendant mediated Plaintiff's claims against Defendant.

    1.6. On December 12, 2025, Plaintiff and Defendant filed a notice of class settlement.

    1.7. Plaintiff and Defendant now intend to settle and finally resolve certain claims Plaintiff asserts against Defendant.

    1.8. Aware of the substantial expense, delay, and inherent risk associated with litigation, Plaintiff and her counsel recognize that in light of the recovery that results from the settlement memorialized by this Agreement, continued litigation is not in the best interest of members of the settlement class that is the subject of this Agreement.

    1.9. Also aware of the substantial expense, delay, and inherent risk associated with litigation, Defendant believes it is in its best interest to enter into the settlement memorialized by this Agreement to finally resolve all claims asserted in the Litigation.

    1.10. Plaintiff and her counsel believe that the settlement memorialized by this Agreement is fair, adequate, and reasonable.

    1.11. Plaintiff and Defendant agree to undertake all steps necessary to secure court approval of the settlement memorialized by this Agreement.

    1.12. The settlement memorialized by this Agreement is not to be construed as an admission or concession by Plaintiff that there is any infirmity in the claims she asserts through the Lawsuit.

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

1.13.   The settlement memorialized by this Agreement is not to be construed as an admission or concession by Defendant regarding liability or wrongdoing, and Defendant denies any liability, denies that it violated the TCPA, and denies any other wrongdoing.

## 2. Definitions:

2.1.   "Approved Claim Form" means a claim form that a Settlement Class Member (defined below) timely submits, and that the Claims Administrator (defined below) approves for payment.

2.2.   "Claims Administrator," subject to the Court's (defined below) approval, means Kroll Settlement Administration, LLC.

2.3.   "Claim Form" means the form that Settlement Class Members must submit to obtain a monetary recovery in connection with the Settlement (defined below).

2.4.   "Class Counsel" means Greenwald Davidson Radbil PLLC and Paronich Law, P.C.

2.5.   "Class Notice" means the notice that the Court approves in a form substantially similar to Exhibit 1 to this Agreement, which includes a postcard notice with detachable claim form, and a question-and-answer notice to appear on the dedicated settlement website.

2.6.   "Court" means the United States District Court for the Southern District of Indiana.

2.7.   "Fairness Hearing" means the hearing that the Court conducts under Federal Rule of Civil Procedure 23 to consider the fairness, adequacy, and reasonableness of the Settlement.

2.8.   "Finality Date" means the date after which the Court enters a final order and judgment and the time to appeal the final order and judgment expires without appeal, or any appeal is dismissed, or the final order and judgment is affirmed and not subject to review by any court.

2.9.   "Final Order and Judgment" means the final order and judgment that the Court enters in a form substantially similar to Exhibit 3 to this Agreement.

2.10.   "Order Preliminarily Approving the Settlement" means the order, in a form substantially similar to Exhibit 2 to this Agreement, preliminarily approving the Settlement and authorizing the dissemination of class notice.

2.11.   "Preliminary Approval Date" means the date the Court enters the Order Preliminarily Approving the Settlement.

2.12.   "Released Party" means Defendant, the company that merged into Network Solutions, LLC, with Network Solutions, LLC being the surviving entity.

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

2.13.   "Released Claims" means all claims to be released as set forth in Section 14 of this Agreement, and includes all claims related to calls Defendant placed to Plaintiff's cellular telephone number during the Settlement Class Period.

2.14.   "Releasors" means Plaintiff and every Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement Class.

2.15.   "Settlement" means the settlement memorialized by this Agreement.

2.16.   "Settlement Class" means the class that the Court certifies for settlement purposes, the definition of which the parties propose as:

> All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's ("FCC") Reassigned Numbers Database ("RND").

Defendant states that from February 12, 2021 through November 24, 2025 it placed 1,652 calls in connection with which it used an artificial or prerecorded voice to 453 telephone numbers assigned to a cellular telephone service after the telephone numbers were permanently disconnected and made available for reassignment per the FCC's RND.

2.17.   Defendant relatedly states that the 453 telephone numbers referenced above is the complete and total list of telephone numbers assigned to a cellular telephone service to which it placed calls from February 12, 2021 through November 24, 2025 in connection with which it used an artificial or prerecorded voice after the telephone numbers were permanently disconnected and made available for reassignment per the FCC's RND.

2.18.   "Settlement Class Members" mean all members of the Settlement Class.

2.19.   "Settlement Class Period" means the period of time from February 12, 2021 through November 24, 2025.

## 3. Jurisdiction:

3.1.   The parties agree that the Court has, and will continue to have, jurisdiction to issue any order necessary to effectuate, consummate, and enforce the terms of the Settlement, to approve attorneys' fees, costs, and expenses, and to supervise the administration and distribution of proceeds associated with the Settlement.

## 4. Certification:

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

4.1.    Plaintiff and Defendant agree to certification of the Settlement Class for settlement purposes only.

4.2.    Defendant has delivered to Class Counsel a list in Excel format of the 453 telephone numbers referenced above.

**5.   Preliminary Approval:**

5.1.    Plaintiff will file an unopposed motion to preliminarily approve the Settlement.

5.2.    Through her motion to preliminarily approve the Settlement, Plaintiff will request that:

    A.   The Court preliminarily certify the Settlement Class for settlement purposes only, appoint Plaintiff as the representative for the Settlement Class, and appoint Class Counsel as counsel for the Settlement Class;

    B.   The Court preliminarily approve the Settlement as fair, reasonable, and adequate, and within the reasonable range of possible final approval;

    C.   The Court approve the Class Notice and find that the proposed notice plan constitutes the best notice practicable under the circumstances, and that it satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

    D.   The Court set the date and time for the Fairness Hearing; and

    E.   The Court set the deadline for Settlement Class Members to file Claim Forms and to submit exclusions and objections to the Settlement.

5.3.    Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to preliminarily approve the Settlement.

**6.   Class Action Fairness Act Notice:**

6.1.    The Claims Administrator will be responsible for directing notice, on Defendant's behalf, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

6.2.    The Claims Administrator will serve the CAFA notice within ten days after Plaintiff files his unopposed motion to preliminarily approve the Settlement.

6.3.    Defendant or the Claims Administrator will provide Class Counsel with a copy of the CAFA notice no later than two days after it is served.

6.4.    Defendant or the Claims Administrator will also file with the Court, at least thirty days prior to the Fairness Hearing, a notice attesting to compliance with CAFA.

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

**7.  Notice to Members of the Settlement Class:**

7.1.   The Claims Administrator will be responsible for all matters relating to the administration of the Settlement.

7.2.   The Claims Administrator's responsibilities will include, but will not be limited to:

   A.  Disseminating notice to potential Settlement Class Members;

   B.  Performing a cellular telephone number scrub for the 453 telephone numbers referenced above;

   C.  Sending direct mail notice by postcard, with the Claim Form, to potential Settlement Class Members, where possible;

   D.  Establishing both a dedicated website through which Settlement Class Members can submit claims and a toll-free telephone number for informational purposes;

   E.  Fielding inquiries about the Settlement;

   F.  Processing settlement claims;

   G.  Acting as a liaison between Settlement Class Members, Class Counsel, and counsel for Defendant;

   H.  Approving settlement claims, and rejecting settlement claims where there is evidence of fraud;

   I.  Directing the mailing of settlement checks to Settlement Class Members;

   J.  Performing any other tasks reasonably required of it; and

   K.  Directing notice under CAFA, as described in Section 6.

7.3.   The addresses of potential Settlement Class Members obtained by the Claims Administrator may be subject to confirmation or updating as follows:

   A.  The Claims Administrator may check each address obtained against the United States Post Office National Change of Address Database;

   B.  The Claims Administrator may conduct a reasonable search to locate an updated address for any potential Settlement Class Member whose notice is returned as undeliverable;

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

    C.   The Claims Administrator will update addresses based on any forwarding information received from the United States Post Office; and

    D.   The Claims Administrator will update addresses based on any requests received from Settlement Class Members.

7.4.    The Claims Administrator will provide weekly updates to Class Counsel and counsel for Defendant regarding the status of its administration.

7.5.    Not later than thirty days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will mail the Class Notice and a Claim Form to potential Settlement Class Members, where possible.

7.6.    The postcard the Claims Administrator uses to mail the Class Notice and Claim Form to potential Settlement Class Members must include a notation requesting address correction.

7.7.    If any Class Notice is returned with a new address, the Claims Administrator must resend the Class Notice and a Claim Form to the new address.

7.8.    Subject to Section 7.9 of this Agreement, Defendant is responsible for any amounts due to the Claims Administrator prior to the date on which the Settlement Fund (defined below) is established and funded.

7.9.    Defendant will be entitled to an offset for any payments it makes to the Claims Administrator prior to the date on which the Settlement Fund is established and funded, from the Settlement Fund once it is established and funded.

7.10.    An individual to whom the Claims Administrator does not provide a Claim Form as part of the process by which the Claims Administrator mails the Class Notice and a Claim Form to potential Settlement Class Members may request a Claim Form from the Claims Administrator if that person is able to demonstrate proof of receipt on his or her cellular telephone of an artificial or prerecorded voice call or message from Defendant during the Settlement Class Period. Upon receipt of such proof, and if the Claims Administrator finds that proof to be sufficient, the Claims Administrator may send a Claim Form to the individual who requests it.

7.11.    If approved payments to Settlement Class Members exceed the applicable IRS reporting requirements, Settlement Class Members must provide a valid Form W-9 to receive their payment. The Settlement Administrator will request such tax forms from Settlement Class Members with approved claims, if necessary.

**8. Publication of Class Notice:**

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

8.1.    Not later than thirty days following the Preliminary Approval Date, or as otherwise directed by the Court, the Claims Administrator will arrange for publication of the Class Notice.

## 9.  Settlement Website:

9.1.    The Claims Administrator will build and maintain a dedicated website that includes downloadable information and documents necessary to submit claims. The settlement website will be made live no later than thirty days following the Preliminary Approval Date, or as otherwise directed by the Court.

9.2.    At a minimum, the downloadable information and documents on the settlement website must include, when available, this Agreement, the Class Notice, Plaintiff's petition for attorneys' fees, expenses, and costs, the Order Preliminarily Approving the Settlement, Plaintiff's amended class action complaint, and the Final Order and Judgment.

9.3.    The Settlement Website domain will be www.registerTCPAsettlement.com.

## 10.  Final Approval:

10.1.    At least ten days prior to the Fairness Hearing, the Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and exclusions, if any.

10.2.    Prior to the Fairness Hearing, Plaintiff will file an unopposed motion to finally approve the Settlement.

10.3.    Neither Plaintiff nor Defendant will take any action inconsistent with Plaintiff's motion to finally approve the Settlement.

## 11.  Consideration:

11.1.    Defendant will create a non-reversionary common fund in the amount of $1,500,000, less any amounts paid to the Claims Administrator per Sections 7.8 and 7.9, to compensate members of the Settlement Class ("Settlement Fund"). The Settlement Fund will be held in escrow as described in paragraph 11.3, and may be interest bearing.

11.2.    In consultation with the Claims Administrator, Defendant will fund the Settlement Fund within thirty days of the Court's issuance of the Order Preliminarily Approving the Settlement.

11.3.    The Claims Administrator will place the Settlement Fund in an Intrafi Cash Service (ICS) account, which is 100% backed by the FDIC (the "Account"), created by order of the Court, and intended to be a separate taxable entity and qualify as a "qualified settlement fund" ("QSF") within the meaning of Section 1.468B-1 of the Treasury Department Regulations ("Treasury Regulations") promulgated under Section 1.468B

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

of the Internal Revenue Code of 1986, as amended (the "Code"). Defendant will be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Claims Administrator will be designated as the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. The Claims Administrator will timely provide any statements or make any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations. The parties agree to the tax treatment of the QSF as set forth in Section 21. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund. Defendant and each Released Party shall have no responsibility for, interest in, or liability whatsoever with respect to the investment decisions or the actions of the Claim Administrator, or any transactions executed by the Claims Administrator. Defendant and each Released Party further shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes (including interest and penalties), legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Claims Administrator.

11.4.    Paid from the Settlement Fund will be:

    A.    Compensation to class members who submit approved claims calculated on a pro-rata basis;

    B.    The cost of notice to potential class members and claim administration, including costs associated with identifying potential class members;

    C.    Litigation costs and expenses, for which Class Counsel will petition the Court;

    D.    Reasonable attorneys' fees, calculated as a percentage of the common fund, for which Class Counsel will petition the Court; and

    E.    An incentive award for Plaintiff, for which Class Counsel will petition the court.

11.5.    Each Settlement Class Member who submits an Approved Claim Form, which provides his or her name, address, and telephone number, either online no later than seventy-five days after the Preliminary Approval Date, or by U.S. Mail with a postmark of no later than seventy-five days after the Preliminary Approval Date, will be entitled to a *pro rata* share of the non-reversionary Settlement Fund after deducting:

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

  A. Costs and expenses of administrating the Settlement, including notice to potential Settlement Class Members;

  B. Litigation costs and expenses not to exceed $25,000.00, subject to the Court's approval;

  C. Reasonable attorneys' fees, calculated as a percentage of the common fund, subject to the Court's approval; and

  D. An incentive award for Plaintiff, subject to the Court's approval.

11.6. A Settlement Class Member may submit only one claim, regardless of how many times Defendant called the Settlement Class Member, or how many prerecorded voice messages Defendant delivered to the Settlement Class Member.

11.7. Each settlement check issued to a Settlement Class Member will be valid for one-hundred-twenty days after it is issued.

11.8. Any funds not ultimately paid out as the result of uncashed settlement checks will be paid out as a *cy pres* award to the  National Legal Aid and Defender Association, subject to the Court's approval.

## 12. Exclusions:

12.1. Any Settlement Class Member who wishes to exclude himself or herself from the Settlement must mail a written request for exclusion personally signed by the Settlement Class Member to the Class Administrator, postmarked no more than seventy-five days after the Preliminary Approval Date.

12.2. Through his or her request for exclusion, and subject to the Court's approval, a member of the Settlement Class must include his or her:

  A. Full name;

  B. Address;

  C. Telephone number called by Defendant; and

  D. A statement that he or she wishes to be excluded from the Settlement.

12.3. Any Settlement Class Member who submits a valid and timely request for exclusion will neither be bound by the terms of this Agreement, nor receive any of the benefits of the Settlement. Every Settlement Class Member who does not timely and properly submit a written request for exclusion from the Settlement Class will be bound by all proceedings, orders, and judgments in the Lawsuit. The satisfaction of all the Released

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

Claims against Defendant, as well as entry of the Final Order and Judgment, will be binding upon all Settlement Class Members who do not exclude themselves.

12.4.   The Claims Administrator will provide a list of the names of each Settlement Class Member who submitted a valid and timely request for exclusion to Class Counsel and counsel for Defendant within ten days after the deadline for exclusions.

12.5.   Settlement Class Members may exclude themselves on an individual basis only.

12.6.   "Mass" or "class" exclusions submitted by third parties on behalf of a "mass" or "class" of Settlement Class Members are not allowed, and will not be considered valid.

## 13. Objections:

13.1.   Any Settlement Class Member who wishes to object to the Settlement must mail a written notice of objection to the Class Administrator, Class Counsel, counsel for Defendant, and to the Court, postmarked no more than seventy-five days after the Preliminary Approval Date.

13.2.   Through his or her notice of objection, and subject to the Court's approval, a Settlement Class Member must include:

   A.   His or her full name;

   B.   His or her address;

   C.   His or her telephone number to which Defendant placed a subject artificial or prerecorded voice call from February 12, 2021 through November 24, 2025, to demonstrate that the objector is a member of the Settlement Class;

   D.   A statement of the objection;

   E.   A description of the facts underlying the objection;

   F.   A description of the legal authorities that support each objection;

   G.   A statement noting whether the objector intends to appear at the Fairness Hearing;

   H.   A list of all witnesses that the objector intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

   I.   A list of exhibits that the objector intends to present at the Fairness Hearing; and

   J.   A signature from the Settlement Class Member.

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

13.3.   Settlement Class Members who do not submit a valid and timely objection will be barred from seeking review of the Settlement by appeal, or otherwise.

13.4.   If a Settlement Class Member submits both an objection and an exclusion, he or she will be considered to have submitted an exclusion (and not an objection).

13.5.   Any Settlement Class Member who fails to comply with the provisions of Section 13 will waive and forfeit any and all rights the Settlement Class Member may have to appear separately and/or to object, and will be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Lawsuit.

13.6.   Class Counsel and the parties have the right, but not the obligation, to respond to any objection no later than seven days prior to the Fairness Hearing. The party responding must file a copy of the response with the Court, and must serve a copy, by email or overnight delivery if reasonably possible, to the objector (or counsel for the objector).

**14. Release:**

14.1.   Upon the Court's entry of the Final Order and Judgment, Releasors release and forever discharge the Released Party from any and all rights, duties, obligations, claims, actions, demands, causes of action, suits, damages, or liabilities from the Released Claims as described herein, including any and all rights, duties, obligations, claims, actions, demands, causes of action, suits, damages, or liabilities arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200, accrued or which may accrue through the date of this Agreement, actual or contingent, liquidated or unliquidated, punitive or compensatory, that arise out of the 1,652 calls Defendant made, in connection with which it used an artificial or prerecorded voice, to the 453 cellular telephone numbers referenced above, from February 12, 2021 through November 24, 2025, and after the subject telephone numbers were permanently disconnected and made available for reassignment per the FCC's RND.

**15. Exclusive Remedy:**

15.1.   The relief included in this Agreement is the exclusive remedy of recovery for the Released Claims.

**16. Attorneys' Fees, Costs, Expenses, and Incentive Award:**

16.1.   Class Counsel will submit to the Court a request for attorneys' fees to be paid from the Settlement Fund.

16.2.   Class Counsel will submit to the Court a request for reimbursement of reasonable litigation costs and expenses not to exceed $25,000.00 to be paid from the Settlement Fund.

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

16.3.   Plaintiff will submit to the Court a request for an incentive award not to exceed $10,000 to be paid from the Settlement Fund.

16.4.   The Court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiff's request for an incentive award, will not affect the finality of the Settlement.

## 17. No Admission of Liability:

17.1.   This Agreement and all related communications are for settlement purposes only and will not be construed or deemed to be evidence of an admission or concession by the Released Parties with respect to any claim, fault, liability, wrongdoing, or damage whatsoever and will not be construed or deemed to be evidence of any admission of any claim, fault, liability, wrongdoing, or damage or that any person or entity is entitled to relief. Defendant expressly denies all charges of wrongdoing or liability against Defendant arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Lawsuit, and Defendant continues to believe the claims asserted against Defendant in the Lawsuit are without merit. Nothing in this Settlement Agreement shall be construed as an admission by Defendant in any action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body or any other body or authority, present or future, including, without limitation, that Defendant has engaged in any conduct or practices that violate any federal statute or other law. This Settlement Agreement shall not be admissible for any purpose except in an action to enforce its terms.

## 18. Representations and Warranty:

18.1.   Class Counsel believes that the Settlement is in the best interests of the Settlement Class Members.

18.2.   Plaintiff warrants that on the date this Agreement is executed, she owns the claims that she asserts in connection with this matter, and that she has not assigned, pledged, sold or otherwise transferred her claims (or an interest in such claims), and that on the Finality Date she will own her claims free and clear of any and all liens, claims, charges, security interests or other encumbrances of any nature whatsoever, except for any contingent legal fees and expenses.

18.3.   Each party acknowledges, agrees, and specifically warrants that she or it has fully read this Agreement and the releases contained herein, received legal advice with respect to the advisability of entering this Agreement and the releases, and the legal effects of this Agreement and the releases, and fully understands the effect of this Agreement and the releases. Each party to this Agreement warrants that she or it is acting upon her or its independent judgment and upon the advice of her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

**19. Appeals:**

19.1.  If a Settlement Class Member appeals the Final Order and Judgment, Plaintiff and Defendant agree to support the Settlement on appeal.

19.2.  Nothing contained in this Agreement is intended to preclude Plaintiff, Defendant, or Class Counsel, from appealing any order inconsistent with this Agreement.

**20. Distribution of the Settlement Fund:**

20.1.  Within thirty days of the Finality Date, the Claims Administrator will mail a settlement check to each Settlement Class Member who submitted an Approved Claim Form.

20.2.  Within five days of the Finality Date, the Claims Administrator will pay to Plaintiff from the Settlement Fund the incentive award approved by the Court.

20.3.  Within five days of the Finality Date, the Claims Administrator will pay to Class Counsel from the Settlement Fund the attorneys' fees, costs, and expenses approved by the Court.

20.4.  If any money remains in the non-reversionary Settlement Fund after the date that all initial settlement checks are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), and if the amount that remains is sufficient to issue second checks of at least $5.00 to each Settlement Class Member who cashed an initial settlement check after accounting for the associated expenses of such a distribution, the Claims Administrator will mail a second settlement check, calculated on a *pro rata* basis considering the remaining amount of the non-reversionary Settlement Fund, to each Settlement Class Member who cashed an initial settlement check.

20.5.  If any money remains in the Settlement Fund after the date that all settlement checks (*i.e.*, initial settlement checks, and if applicable, second settlement checks) are voided due to non-deposit (*i.e.* checks that Settlement Class Members do not cash), this amount will be paid as a *cy pres* award to the National Legal Aid and Defender Association, subject to the Court's approval.

**21. Taxes:**

21.1.  Plaintiff and Defendant agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. The Claims Administrator will timely make elections as necessary or advisable to carry out required duties including, if necessary, the "relation back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. These elections will be made in compliance with the procedures and requirements contained in applicable Treasury Regulations promulgated under the Code. It is the responsibility of the Claims Administrator to

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

21.2.    For the purpose of Section 468B of the Code and the Treasury Regulations thereunder, the Claims Administrator will be designated as the "administrator" of the Settlement Fund. The Claims Administrator will cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the non-reversionary Settlement Fund (including, without limitation, tax returns described in Treas. Reg. § 1.468B-2(k)). These returns will reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the non-reversionary Settlement Fund are to be paid out of the Settlement Fund.

21.3.    All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, will be paid by the Claims Administrator from the Settlement Fund.

21.4.    Any person or entity that receives a distribution from the Settlement Fund will be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. These taxes and tax-related expenses will not be paid from the Settlement Fund.

21.5.    In no event will Defendant or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity.  All such taxes and tax-related expenses shall be paid out of the Settlement Fund.

21.6.    Defendant shall timely deliver to the Claims Administrator a "Section 1.468B-3 Statement" (as provided in Treas. Reg Section 1.468B-3(e)) with respect to any transfers made to the Settlement Fund.

21.7.    The Claims Administrator will engage in reporting to the Internal Revenue Service and such other state and local taxing authorities as may be required by law. The parties acknowledge that the Claims Administrator will comply with all withholding obligations as required under the applicable provisions of the Internal Revenue Code and such other state and local laws as may be applicable, and the regulations promulgated thereunder. In addition, the Claims Administrator shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Settlement Class Member any funds necessary to pay such amounts including the establishment of adequate reserves for any taxes and tax-related expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Claims Administrator, each other, and their

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

21.8. Defendant makes no representation to Plaintiff, Settlement Class Members, Class Counsel or any other person or entity regarding the appropriate tax treatment of the Settlement Fund, income earned on the Settlement Fund, or any distribution taken from the Settlement Fund.

21.9. The parties agree that payments made to the Settlement Fund are compensatory only and not payments made to satisfy any fines, penalties, punitive damages, or prejudgment interest nor are such payments "to, or at the direction of, a government or governmental entity in relation to the violation of any law or the investigation or inquiry by such government or entity into the potential violation of any law" within the meaning of Section 162(f) of the Code.

## 22. Stay:

22.1. Plaintiff and Defendant stipulate that all proceedings in connection with this matter should be stayed until the Court issues its decision regarding final approval of the Settlement.

22.2. The stipulated stay of proceedings will not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve preliminary and final approval of the Settlement.

## 23. Miscellaneous Provisions:

23.1. This Agreement is the entire agreement between Plaintiff and Defendant. All antecedent and contemporaneous extrinsic representations, warranties, or collateral provisions concerning the negotiation and preparation of this Agreement are intended to be discharged and nullified.

23.2. Neither Plaintiff nor Defendant may modify this Agreement, except by a writing that Plaintiff and Defendant execute and that the Court approves.

23.3. All notices required by this Agreement, between Plaintiff, Defendant, Class Counsel, and counsel for Defendant, must be sent by first class U.S. mail, by hand delivery, or by electronic mail, to:

    Anthony Paronich
    Paronich Law, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, MA 02043
    anthony@paronichlaw.com
    (*counsel for Plaintiff and the Settlement Class*)

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

> A. Jeff Ifrah
> Ifrah Law PLLC
> 1717 Pennsylvania Ave, N.W. Suite 650
> Washington, DC 20006
> jeff@ifrahlaw.com
> (*counsel for Defendant*)

23.4.    Section headings in this Agreement are for convenience and reference only, and are not to be taken to be a part of the provisions of this Agreement, and do not control or affect meanings, constructions or the provisions of this Agreement.

23.5.    Plaintiff and Defendant will exercise their best efforts, take all steps, and expend all efforts that may become necessary to effectuate this Agreement.

23.6.    Plaintiff and Defendant drafted this Agreement equally, and it should not be construed strictly against Plaintiff or Defendant.

23.7.    This Agreement binds successors and assigns of the parties.

23.8.    Plaintiff, Defendant, Class Counsel, and counsel for Defendant, may sign this Agreement in counterparts, and by electronic signature, and the separate signature pages may be combined to create a binding document, which constitutes one instrument.

23.9     Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable. In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision, hereunder. Provided, however, that the terms of this section shall not apply should any court or tribunal find any part, term, or provision of the release to be illegal or invalid.

23.10.   A waiver by one party of any provision or breach of this Agreement by any other party will not constitute a waiver of any other provision or breach of this Agreement.

23.11.   This Agreement is made and entered into within and will be governed by, construed, interpreted, and enforced in accordance with the laws of the State of Indiana, without regard to the principles of conflicts of laws.

23.12.   This Court shall retain continuing and exclusive jurisdiction over the parties to this Agreement, including the Plaintiff and all Settlement Class Members, for purposes of the administration and enforcement of this Agreement.

23.13.   The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by written agreement of the parties and as approved by the Court, without notice to Settlement

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

Class Members. The parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

## 24. Termination:

24.1.   If any of the conditions set forth below occurs and either (a) Plaintiff or (b) Defendant give notice that such party or parties wish to withdraw from this Agreement (subject to the terms below and herein), then this Agreement shall terminate and be null and void, and the parties will be returned to the *status quo ante* as if no Settlement had been negotiated or entered into:

   (a)   The Court rejects or declines to preliminarily or finally approve this Agreement, after all reasonable efforts are made to obtain preliminary or final approval;

   (b)   Any objections to the proposed Settlement are sustained, which results in changes to the Settlement described in this Agreement that the withdrawing party deems in good faith to be material (e.g., because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement);

   (c)   The Final Order and Judgment of the Settlement described in this Agreement is (i) substantially modified by an appellate court and the withdrawing party deems any such modification in good faith to be material (e.g., because it increases the cost of Settlement or deprives the withdrawing party of a benefit of the Settlement) or (ii) reversed by an appellate court.

24.2.   Prior to termination, Plaintiff and Defendant must negotiate in good faith to modify the terms of this Agreement in order to revive the Settlement.

24.3.   If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement will be of no force and effect, and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement will be vacated. However, any payments made to the Claims Administrator for services rendered to the date of termination will not be refunded to Defendant.

24.4.   In the event that the Agreement is not approved, or is terminated, canceled, or fails to become effective for any reason, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with this Agreement, shall be returned to Defendant within 60 days of the event that causes the Agreement to not become effective.

## 25. Survival:

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

25.1.    The Settlement will be unaffected by any subsequent change in law regarding the TCPA, its interpretation, and its application, whether from Congress, the Federal Communications Commission, the Consumer Financial Protection Bureau, any other agency, courts, or otherwise.

**26. Dismissal:**

26.1.    The Final Order and Judgment submitted to the Court will include a provision dismissing this Lawsuit with prejudice.

**27. Signatures:** *(See following page)*.

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

Tiffany Lewis                                          Date

_____                    01/28/2026

_____                    _____


Anthony Paronich                                      Date
Counsel for Plaintiff

_____                    _____


Network Solutions, LLC (the entity into
which Register.com, Inc. merged and which
is the surviving entity following said merger)
.                                                     Date

_____                    _____


 A. Jeff Ifrah                                        Date
Counsel for Defendant

_____                    _____

*Class Action Settlement Agreement – Lewis v. Register.com, Inc.*

Tiffany Lewis                                                Date

_____                _____

Anthony Paronich                                           Date
Counsel for Plaintiff

_____                _____
                                                                            1/28/2026

Network Solutions, LLC (the entity into
which Register.com, Inc. merged and which
is the surviving entity following said merger)
.                                                                        Date

Signed by:
*Jeffrey Mace*
DD5BBFCA322F470...  _____    1/28/2026

 A. Jeff Ifrah                                             Date
Counsel for Defendant

DocuSigned by:
[signature]
9402A789E89C4D2...  _____    1/28/2026

# EXHIBIT 1

**This is a notice of a settlement of a class action lawsuit.**

**This is <u>not</u> a notice of a lawsuit against you.**

If you are a person to whose cellular telephone number Register.com, Inc.[1] ("Register.com") placed a call, in connection with which it used an artificial or prerecorded voice, from February 12, 2021 through November 24, 2025, and after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's ("FCC") Reassigned Numbers Database ("RND"), you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned:

*Lewis v. Register.com, Inc.*, No. 1:25-cv-275 (S.D. Ind.)

**A federal court authorized this notice.**

**This is <u>not</u> a solicitation from a lawyer.**

**Please read this notice carefully.**

**It explains your rights and options to participate in the class action settlement.**

- The settlement will result in $1,500,000 to settle and release certain claims of persons to whom Register.com, Inc. placed a call, directed to a telephone number assigned to a cellular telephone service, in connection with which Register.com used an artificial or prerecorded voice, from February 12, 2021 through November 24, 2025, and after the cellular telephone number was permanently disconnected and made available for reassignment per the FCC's RND.

- The settlement fund will be used to pay settlement amounts to approved settlement class members who elect to participate in the settlement, after deducting the costs of settlement notice and administration, attorneys' fees, litigation costs and expenses, and an incentive award.

- If you are a settlement class member, your legal rights are affected, and you now have a choice to make:

---

[1] The conduct of Register.com, Inc. is the subject of this lawsuit and settlement. On July 25, 2025, Register.com, Inc., merged into Network Solutions, LLC and Network Solutions, LLC is the surviving entity. Any of the subject telephone calls made on or after July 25, 2025 would have been made by Network Solutions, LLC.

| **SUBMIT A TIMELY CLAIM FORM:** | If you submit an approved claim form by [date], you will receive a share of the settlement fund after certain deductions, and you will release certain legal claims, including those arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, you may have against Register.com/Network Solutions, LLC. |
| **DO NOTHING:** | If you do nothing, you will <u>not</u> receive a share of the settlement fund, but if you are a settlement class member you will release certain legal claims, including those arising under the TCPA, you may have against Register.com/Network Solutions, LLC. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the settlement, you will <u>not</u> receive a share of the settlement fund, and you will <u>not</u> release any legal claims you may have against Register.com/Network Solutions, LLC. The deadline to exclude yourself is [date]. |
| **OBJECT:** | Write to the court about why you do not like the settlement. The deadline to object is [date]. |

### Why is this notice available?

This is a notice of a settlement in a class action lawsuit. The settlement would resolve the class action lawsuit Tiffany Lewis filed against Register.com. Please read this notice carefully. It explains the class action lawsuit, the settlement, and legal rights you may have, including the process for receiving a settlement check, excluding yourself from the settlement, or objecting to the settlement.

### What is the class action about?

Ms. Lewis filed a class action lawsuit against Register.com alleging that Register.com violated the TCPA by placing certain calls to cellular telephone numbers in connection with which Register.com used an artificial or prerecorded voice absent prior express consent. The TCPA allows for damages in the amount of $500 per violation, and up to $1,500 for willful violations. However, prior express consent is a complete defense to a claim under the TCPA. You can find additional information about Ms. Lewis's claims in her amended class action complaint, which is available at www.registerTCPAsettlement.com in the [court documents section].

**Why is this a class action?**

In a class action, one or more people called "class representatives" file a class action lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The court accordingly resolves claims for all class members at once, except for those who first exclude themselves from the class.

**Why is there a settlement?**

Ms. Lewis, on the one hand, and Register.com (now Network Solutions, LLC), on the other, have agreed to settle the class action lawsuit to avoid the time, risk, and expense associated with further litigation, and to achieve a final resolution of the disputed claims. Under the settlement, settlement class members will obtain a payment in exchange for the settlement of claims Ms. Lewis raised in the class action lawsuit. Ms. Lewis and her attorneys think the settlement is fair and reasonable.

**How do you know if your claims are included in the settlement?**

The settlement resolves claims on behalf of the following settlement class:

> All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's Reassigned Numbers Database.

Register.com states that from February 12, 2021 through November 24, 2025 it placed 1,652 calls in connection with which it used an artificial or prerecorded voice to 453 telephone numbers assigned to a cellular telephone service after the telephone numbers were permanently disconnected and made available for reassignment per the FCC's RND.

**What does the settlement provide?**

Register.com will establish a settlement fund in the amount of $1,500,000 to compensate members of the settlement class. Out of the settlement fund will be paid:

a.      Settlement compensation to participating, approved settlement class members;

b.      Notice and administration costs;

c.      An award of attorneys' fees not to exceed one-third of the settlement fund, subject to the court's approval;

       d.      Litigation costs and expenses incurred in litigating the TCPA claims in this matter not to exceed $25,000, subject to the court's approval; and

       e.      An incentive award to Ms. Lewis not to exceed $10,000, subject to the court's approval.

Each member of the settlement class who submits an approved claim form will be entitled, subject to the provisions of the settlement agreement, to his or her equal share of the $1,500,000 settlement fund as it exists after deducting:

       a.      Notice and administration costs (including related taxes and expenses);

       b.      A $10,000 incentive award for Ms. Lewis's service to the class;

       c.      An award of attorneys' fees; and

       d.      Litigation costs and expenses incurred in litigating the claims in this matter.

The settlement provides for more than $3,300 per potentially affected cellular telephone number. The actual amount each participating, approved member of the settlement class will receive depends on the number of settlement class members who submit approved claims.

### How can you get a payment?

You must mail a valid, approved claim form to the *Lewis v. Register.com, Inc.* Settlement Administrator, [address], [city], [state] [zip code] postmarked by [date]. Or you must submit a valid, approved claim through www.registerTCPAsettlement.com by [date].

### When will you be paid?

If the court grants final approval of the settlement, settlement checks will be mailed no later than 30 days after the judgment in the lawsuit becomes final to settlement class members who submitted approved claim forms. If there is an appeal of the settlement, payment may be delayed.

### What rights are you giving up in connection with this settlement?

If you fall within the settlement class, and unless you exclude yourself from the settlement, you will give up your right to sue or continue a lawsuit against Register.com over the released claims, as defined in the settlement agreement. Giving up your legal claims is called a release. If you fall within the settlement class, unless you formally exclude yourself from the settlement, you will release certain TCPA claims you may have against Register.com.

For more information about the release, released parties, and released claims, you may obtain a copy of the class action settlement agreement from the settlement website, www.registerTCPAsettlement.com, or from the clerk of the United States District Court for the Southern District of Indiana.

**How can you exclude yourself from the settlement?**

If you fall within the settlement class, you may exclude yourself from the settlement, in which case you will <u>not</u> receive a payment, and you will <u>not</u> release any TCPA claims you may have against Register.com. If you fall within the settlement class, and if you wish to exclude yourself from the settlement, you must mail a written request for exclusion to the claims administrator at the following address, postmarked by [date]:

*Lewis v. Register.com, Inc.* Settlement Administrator
ATTN: EXCLUSION REQUEST
[address]
[city], [state] [zip code]

You must include in your request for exclusion your:

a.      Full name;

b.      Address;

c.      Telephone number called by Register.com demonstrating that you are a member of the settlement class; and

d.      A clear and unambiguous statement that you wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Lewis v. Register.com Inc.* action."

You must sign the request personally. If any person signs on your behalf, that person must attach a copy of the power of attorney authorizing that signature.

**When and where will the court decide whether to approve the settlement?**

The court will hold a final fairness hearing on [date], at [time]. The hearing will take place by [Zoom / in person]. At the final fairness hearing, the court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The court will also hear objections to the settlement, if any. The court may make a decision at that time, postpone a decision, or continue the hearing.

The date of the final fairness hearing may change without further notice. Settlement class members should check the settlement website, www.registerTCPAsettlement.com , or the court's Public Access to Court Electronic Records ("PACER") website to confirm that the date has not changed.

**Do you have to attend the final fairness hearing?**

No, there is no requirement that you attend the final fairness hearing. However, you are welcome to attend the hearing, [by Zoom / in person], at your own expense. You cannot speak at

the hearing if you have excluded yourself from the settlement class because the settlement no longer affects your legal rights.

**What if you want to object to the settlement?**

If you fall within the settlement class, and if you do not exclude yourself from the settlement class, you can object to the settlement, or any part of it, if you do not believe it is fair, reasonable, and adequate. If you fall within the settlement class, and if you wish to object, you must mail a written notice of objection, postmarked by [date], to class counsel, counsel for Register.com, and to the Court, at the following addresses:

| Class Counsel: | Counsel for Register.com/Network Solutions, LLC: | The court: |
|---|---|---|
| Anthony Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043 | A. Jeff Ifrah<br>Ifrah Law PLLC<br>1717 Pennsylvania Ave, N.W.<br>Suite 650<br>Washington, DC 20006 | United States District Court for the Southern District of Indiana<br>46 East Ohio Street<br>Indianapolis, IN 46204 |

You must include in your objection your:

 a. Full name;

 b. Address;

 c. Telephone number to which Register.com placed a subject artificial or prerecorded voice call from February 12, 2021 through November 24, 2025, to demonstrate that you are a member of the settlement class;

 d. Statement of the objection;

 e. Description of the facts underlying the objection;

 f. Description of the legal authorities that support each objection;

 g. Statement noting whether you intend to appear at the Fairness Hearing;

 h. List of all witnesses that you intend to call by live testimony, deposition testimony, or affidavit or declaration testimony;

 i. List of exhibits that you intend to present at the Fairness Hearing; and

 j. Signature.

By filing an objection, you can ask the court to deny approval of the settlement. But you cannot ask the court to order a different settlement. The court can only approve or reject the settlement. If the court denies approval, no settlement payments will be sent out and the class action lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed settlement must be in writing. If you fall within the settlement class, and if you submit a timely written objection, you may, but are not required to, appear at the final fairness hearing, [by Zoom / in person]. If you appear through an attorney, you are responsible for hiring and paying that attorney.

### By when must you enter an appearance?

Any settlement class member who objects to the settlement and wishes to enter an appearance must do so by [date]. To enter an appearance, you must file with the clerk of the court a written notice of your appearance, and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon class counsel and counsel for Register.com, at the addresses set forth in this notice.

### What if you do nothing?

If you are a member of the settlement class, you do nothing, and the court approves the settlement agreement, you will not receive a share of the settlement fund, but you will release certain TCPA claims you may have against Register.com/Network Solutions, LLC. If you fall within the settlement class, unless you exclude yourself from the settlement, you will not be able to sue or continue a lawsuit against Register.com/ Network Solutions, LLC over the released TCPA claims.

### What will happen if the court does not approve the settlement?

If the court does not finally approve the settlement, or if it finally approves the settlement and the approval is reversed on appeal, or if the settlement does not become final for some other reason, you will receive no benefits from the settlement, and the class action lawsuit will continue.

### Who is Ms. Lewis's attorney?

Ms. Lewis's attorney is:

> Anthony Paronich
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043

The court has appointed Ms. Lewis's attorney to act as class counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you must hire one at your own expense.

### Who is Register.com's attorney?

Register.com's/Network Solutions, LLC's attorney is:

> A. Jeff Ifrah
> Ifrah Law PLLC
> 717 Pennsylvania Ave, N.W. Suite 650
> Washington, DC 20006

### Before what court is this matter pending?

Ms. Lewis filed her class action lawsuit in the following court:

> United States District Court for the Southern District of Indiana
> 46 East Ohio Street
> Indianapolis, IN 46204

### Where can you get additional information?

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at www.registerTCPAsettlement.com, by contacting class counsel, by accessing the court docket in this case, for a fee, through the court's PACER system, or by visiting the office of the clerk of the court for the United States District Court for the Southern District of Indiana.

Or, to obtain additional information about this matter, please contact:

> *Lewis v. Register.com, Inc.* Settlement Administrator
> [address]
> [city], [state] [zip code]
> [Telephone number]

Please do not call the judge about this class action. Neither he, nor any court personnel, will be able to give you advice about this class action. Furthermore, because neither Register.com nor Register.com's attorneys represent you, they cannot communicate with you directly or give you legal advice about this class action.

### Important Dates

| | |
|---|---|
| [Date]: | Order Preliminarily Approving the Settlement Entered |
| [Date]: | Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Notice Sent (thirty days after entry of Order Preliminarily Approving the Settlement) |

| [Date]: | Attorneys' Fees Petition Filed (forty days after entry of Order Preliminarily Approving the Settlement) |
| --- | --- |
| [Date]: | Opposition to Attorneys' Fees Petition (seventy-five days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Deadline to Submit Claims, Send Exclusions, or File Objections (seventy-five days after entry of Order Preliminarily Approving the Settlement) |
| [Date]: | Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement) |
| [Date]: | Motion for Final Approval Filed (thirty days before final fairness hearing) |
| [Date]: | Opposition to Motion for Final Approval Filed (fourteen days before final fairness hearing) |
| [Date]: | Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (ten days prior to Final Fairness Hearing) |
| [Date]: | Reply in support of Motion for Final Approval (seven days before final fairness hearing) |
| [Date]: | Deadline for the parties to respond to any objection (seven days before final fairness hearing) |
| [Date]: | Final Fairness Hearing |

**What is this lawsuit about?** Tiffany Lewis filed a class action lawsuit against Register.com, Inc. ("Register.com") alleging that Register.com violated the Telephone Consumer Protection Act ("TCPA") by placing certain calls to cellular telephone numbers in connection with which Register.com used an artificial or prerecorded voice absent prior express consent. Register.com denies Ms. Lewis's allegations, and denies it violated the TCPA. The court has not decided who is right or wrong. The parties have agreed to a settlement. Please note that since the filing of this lawsuit, Register.com, Inc. merged with Network Solutions, LLC, and Network Solutions, LLC is the surviving entity.

**Why did you receive this notice?** You received this notice because Register.com's records identified you as a <u>potential</u> member of the following settlement class: "All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's Reassigned Numbers Database."

**What does the settlement provide?** Register.com/Network Solutions, LLC will establish a settlement fund of $1,500,000. Out of the settlement fund will be paid: (1) settlement compensation to participating, approved settlement class members; (2) an award of attorneys' fees not to exceed one-third of the settlement fund, subject to the court's approval; (3) litigation costs and expenses incurred in litigating the claims in this matter not to exceed $25,000, subject to the court's approval; (4) an incentive award to Ms. Lewis not to exceed $10,000, subject to the court's approval, and (5) costs of notice and claims administration. The settlement provides for more than $3,300 per potentially affected cellular telephone number. The actual amount each participating, approved member of the settlement class will receive depends on the number of settlement class members who submit approved claims.

**What are your legal rights and options?** If you fall within the settlement class, you have four options. First, you may timely complete and return the claim form found on the backside of this postcard, or timely submit a claim online at www.registerTCPAsettlement.com. Settlement class members who submit approved claims will receive a proportionate share of the settlement fund after deducting attorneys' fees, costs, expenses, and an incentive award, and will release certain TCPA claims they may have against Register.com/Network Solutions, LLC. Second, you may do nothing, in which case you will not receive a share of the settlement fund, but you will release certain TCPA claims you may have against Register.com./Network Solutions, LLC Third, you may exclude yourself from the settlement, in which case you will neither receive a share of the settlement fund, nor release any TCPA claims you may have against Register.com/Network Solutions, LLC. Or fourth, you may object to the settlement. The deadline for you to submit a claim, exclusion request, or objection is [date]. To obtain additional information about your legal rights and options, or to access the full class notice, motions for approval, motion for attorneys' fees, and other important documents, visit www.registerTCPAsettlement.com, or contact the settlement administrator by writing to *Lewis v. Register.com, Inc.* Settlement Administrator, [address], [city], [state] [zip code], or by calling [telephone number].

**When is the final fairness hearing?** The court will hold a final fairness hearing on [date] at [time]. The hearing will take place [by Zoom / in person]. At the final fairness hearing, the court will consider whether the settlement is fair, reasonable, and adequate and, if so, whether final approval of the settlement should be granted. The court will also hear objections to the settlement, if any. The court may make a decision at that time, postpone a decision, or continue the hearing.

**Front Inside**

---

This is a notice of a settlement of a class action lawsuit.

This is <u>not</u> a notice of a lawsuit against you.

If you are a person to whose cellular telephone number Register.com, Inc. ("Register.com") placed a call, directed to a telephone number assigned to a cellular telephone service, in connection with which Register.com (now Network Solutions, LLC) used an artificial or prerecorded voice, from February 12, 2021 through November 24, 2025, and after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's Reassigned Numbers Database, you may be entitled to compensation as a result of the settlement in the class action lawsuit captioned

*Lewis v. Register.com, Inc.*, No. 1:25-cv-275 (S.D. Ind.)

A federal court authorized this notice.

This is <u>not</u> a solicitation from a lawyer.

Please read this notice carefully. It summarily explains your potential rights and options to participate in a class action settlement.

**Front Outside**

*Lewis v. Register.com, Inc.*
c/o [administrator]
[address]
[city], [state] [zip]

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

Permit Info here

**ADDRESS SERVICE REQUESTED**

CLAIM ID: << ID>>
<<Name>>
<<Address>>
<<City>>, <<State>> <<Zip>>

**Carefully separate at perforation**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

*Lewis v. Register.com, Inc.*, No. 1:25-cv-275 (S.D. Ind.)

**SETTLEMENT CLAIM FORM**

[admin] ID: «[Admin] ID»                    Name/Address Changes:
«First Name» «Last Name»
«Address1»                                  _____
«City», «State» «Zip»
                                            _____

   Register.com, Inc. (now Network Solutions, LLC) placed an artificial or prerecorded voice call to my cellular telephone from February 12, 2021 through November 24, 2025, and I wish to participate in this settlement.

Signature: _____        Telephone number at which I received the call(s):

                                               _____
Date of signature: _____

               **To receive a payment you must enter all requested information above, and sign**
                    **and mail this settlement claim form, postmarked on or before [date].**

          **You may also submit a claim electronically at www.registerTCPAsettlement.com.**

                         **IF YOU MOVE, send your CHANGE OF ADDRESS to the**
                    **Settlement Administrator at the address on the backside of this form.**

**Bottom Inside**

Postage

*Bar Code To Be Placed Here*

Postal Service: Please do not mark Barcode

**Bottom Outside**

*Lewis v. Register.com, Inc.*
**Settlement Administrator**
**[address]**
**[city], [state] [zip code]**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |
|---|---|
| TIFFANY LEWIS, *on behalf of herself and others similarly situated*, | ) Case No.: 1:25-cv-00275-JPH-MJD |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| REGISTER.COM, INC., | ) |
|  | ) |
| Defendant. | ) |
| _____ | ) |

## (PROPOSED) ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

This Court is advised that the parties to this action, Tiffany Lewis ("Plaintiff") and

Register.com, Inc.[1] ("Defendant"), through their respective counsel, have agreed, subject to this

Court's approval and following notice to the settlement class members and a hearing, to settle the

above-captioned lawsuit ("Lawsuit") upon the terms and conditions set forth in the parties' class

action settlement agreement ("Agreement"), which Plaintiff filed with this Court:

Based on the Agreement and all of the files, records, and proceedings in this matter, and

upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate,

and a hearing should and will be held on **[date]**, after notice to the settlement class members, to

confirm that the settlement is fair, reasonable, and adequate, and to determine whether a final

---

[1] On July 25, 2025, Register.com, Inc., merged with Network Solutions, LLC and Network Solutions, LLC is the surviving entity.

order and judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

This Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, Defendant will cause to be served written notice of the class settlement on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.

This Court preliminarily certifies this case as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following settlement class:

> All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's Reassigned Numbers Database.

Defendant states that from February 12, 2021 through November 24, 2025 it placed 1,652 calls in connection with which it used an artificial or prerecorded voice to 453 telephone numbers assigned to a cellular telephone service after the telephone numbers were permanently disconnected and made available for reassignment per the Federal Communications Commission's Reassigned Numbers Database. The subject release is tied to these telephone numbers and these calls.

This Court appoints Plaintiff as the representative for the settlement class, and appoints Anthony Paronich of Paronich Law, P.C. and Aaron Radbil of Greenwald Davidson Radbil

PLLC ("GDR") as class counsel for the settlement class.

This Court preliminarily finds, for settlement purposes, that this action satisfies the applicable prerequisites for class action treatment under Rule 23, namely:

A.    The settlement class is so numerous that joinder of all members is impracticable;

B.    Common questions exist as to each settlement class member;

C.    Plaintiff's claims are typical of the claims of the settlement class members;

D.    Plaintiff and class counsel will fairly and adequately protect the interests of all of settlement class members;

E.    Questions common to settlement class members predominate over any questions affecting only individual members; and

F.    A class action is superior to other available methods for the fair and efficient adjudication of this matter.

This Court also preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representative, and the substance and amount of opposition to the settlement.

This Court also considered the following factors in preliminarily finding that the

settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     whether Plaintiff and class counsel have adequately represented the class;

(B)     whether the proposal was negotiated at arm's length;

(C)     whether the relief provided for the class is adequate, taking into account:

(i)     the costs, risks, and delay of trial and appeal;

(ii)     the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii)     the terms of any proposed award of attorney's fees, including timing of payment; and

(iv)     any agreement required to be identified under Rule 23(e)(3); and

(D)     whether the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

A third-party settlement administrator—Kroll, LLC ("Kroll")—will administer the settlement and distribute notice of the settlement to the settlement class members. Kroll will be responsible for mailing the approved class action notices and settlement checks to the settlement class members. All reasonable costs of notice and administration will be paid from the $1,500,000 common fund.

This Court approves the form and substance of the proposed notice of the class action

settlement, which includes the postcard notice, the detachable claim form, and the question-and-answer notice to appear on the dedicated settlement website.

The proposed notice and method for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice. *See* Fed. R. Civ. P. 23(c)(2)(B).

This Court additionally finds that the proposed notice is clearly designed to advise the settlement class members of their rights.

In accordance with the Agreement, the settlement administrator will mail the notice to the settlement class members as expeditiously as possible, but in no event later than 30 days after this Court's entry of this order, *i.e.*, **[date]**.

Any settlement class member who desires to be excluded from the settlement must send a written request for exclusion to the settlement administrator with a postmark date no later than 75 days after this Court's entry of this order, *i.e.*, no later than **[date]**. To be effective, the written request for exclusion must state the settlement class member's full name, address, telephone number called by Defendant demonstrating membership in the settlement class, and a clear and unambiguous statement demonstrating a wish to be excluded from the settlement, such as "I request to be excluded from the settlement in the *Lewis v. Register.com, Inc.*, action." A settlement class member who requests to be excluded from the settlement must sign the request personally, or, if any person signs on the settlement class member's behalf, that person must attach a copy of the power of attorney authorizing that signature. A settlement class member may exclude herself or himself on an individual basis only. "Mass" or "class" opt-outs, whether submitted by third parties on behalf of a "mass" or "class" of settlement class members or

multiple settlement class members are not allowed, and will not be permitted by the Court.

Any settlement class member who submits a valid and timely request for exclusion will not be bound by the terms of the Agreement. Any settlement class member who fails to submit a valid and timely request for exclusion will be considered a settlement class member and will be bound by the terms of the Agreement.

Any settlement class member who intends to object to the fairness of the proposed settlement must file a written objection with this Court within 75 days after this Court's entry of this order, *i.e.*, no later than **[date]**. Further, any such settlement class member must, within the same time period, provide a copy of the written objection to:

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043


A.  Jeff Ifrah
Ifrah Law PLLC

1717 Pennsylvania Ave, N.W. Suite 650

Washington, DC 20006


United States District Court for the Southern District of Indiana
46 East Ohio Street

Indianapolis, IN 46204


To be effective, a notice of intent to object to the settlement must include the settlement class member's:

        a.      Full name;

        b.      Address;

       c.      Telephone number to which Defendant placed a subject artificial or prerecorded voice call from February 12, 2021 through November 24, 2025, to demonstrate that the objector is a member of the settlement class;

       d.      A statement of the objection;

       e.      A description of the facts underlying the objection;

       f.      A description of the legal authorities that support each objection;

       g.      A statement noting whether the objector intends to appear at the fairness hearing;

       h.      A list of all witnesses that the objector intends to call by live testimony, deposition testimony, or affidavit or declaration testimony;

       i.      A list of exhibits that the objector intends to present at the fairness hearing; and

       j.      A signature from the settlement class member.

Any settlement class member who has timely filed an objection may appear at the final fairness hearing, in person or by counsel, to be heard to the extent allowed by this Court, applying applicable law, in opposition to the fairness, reasonableness and adequacy of the proposed settlement, and on the application for an award of attorneys' fees, costs, and litigation expenses.

Any objection that includes a request for exclusion will be treated as an exclusion and not an objection. And any settlement class member who submits both an exclusion and an objection will be treated as having excluded himself or herself from the settlement, and will have no standing to object.

If this Court grants final approval of the settlement, the settlement administrator will mail a settlement check to each settlement class member who submits a valid, timely claim.

This Court will conduct a final fairness hearing on **[date]**, at the United States District Court for the Southern District of Indiana, 46 East Ohio Street, Indianapolis, IN, to determine:

A.      Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Rule 23;

B.      Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court;

C.      Whether a final order and judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the released claims against the released parties; and

D.      To discuss and review other issues as this Court deems appropriate.

Attendance by settlement class members at the final fairness hearing is not necessary. Settlement class members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement class members wishing to be heard are, however, required to appear at the final fairness hearing. The final fairness hearing may be postponed, adjourned, transferred, or continued without further notice to the class members.

Memoranda in support of the proposed settlement must be filed with this Court no later than thirty days before the final fairness hearing *i.e.*, no later **[date]**. Opposition briefs to any of the foregoing must be filed no later than fourteen days before the final fairness hearing, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than seven days before the final fairness hearing, *i.e.*, no later than **[date]**.

Memoranda in support of any petitions for attorneys' fees and reimbursement of costs and litigation expenses by class counsel, or in support of an incentive award, must be filed with

this Court no later than thirty-five days before the deadline for settlement class members to object to, or exclude themselves from, the settlement (forty days after this Court's entry of this Order), *i.e.*, no later than **[date]**. Opposition briefs to any of the foregoing must be filed no later than seventy-five days after entry of this Order, *i.e.*, no later than **[date]**. Reply memoranda in support of the foregoing must be filed with this Court no later than fourteen days after the deadline for settlement class members to object to, or exclude themselves from, the settlement, *i.e.*, no later than **[date]**.

The Agreement and this order will be null and void if any of the parties terminates the Agreement per its terms. Certain events described in the Agreement, however, provide grounds for terminating the Agreement only after the parties have attempted and completed good faith negotiations to salvage the settlement but were unable to do so.

If the Agreement or this order are voided, then the Agreement will be of no force and effect and the parties' rights and defenses will be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

This Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

This Court sets the following schedule:

**[Date]**:                Order Preliminarily Approving the Settlement Entered

**[Date]**:                Defendant to fund Settlement Fund (thirty days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                Notice Sent (thirty days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                    Attorneys' Fees Petition Filed (forty days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                    Opposition to Attorneys' Fees Petition (seventy-five days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                    Deadline to Submit Claims, Send Exclusion, or File Objection (seventy-five days after entry of Order Preliminarily Approving the Settlement)

**[Date]**:                    Reply in Support of Attorneys' Fees Petition (fourteen days after the deadline for settlement class members to submit claims, object to, or exclude themselves from, the settlement)

**[Date]**:                    Motion for Final Approval Filed (thirty days before final fairness hearing)

**[Date]**:                    Opposition to Motion for Final Approval Filed (fourteen days before final fairness hearing)

**[Date]**:                    Class Administrator will provide a sworn declaration attesting to proper service of the Class Notice and Claim Forms, and state the number of claims, objections, and opt outs, if any (ten days prior to Final Fairness Hearing)

**[Date]**:                    Reply in support of Motion for Final Approval (seven days before final fairness hearing)

**[Date]**:                    Responses to any objection to the settlement (seven days before final fairness hearing)

**[Date]**:                    Final Fairness Hearing

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT COURT JUDGE

# Exhibit 3

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TIFFANY LEWIS, *on behalf of herself and others similarly situated*, | ) Case No.: 1:25-cv-00275-JPH-MJD |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| REGISTER.COM, INC., | ) |
| | ) |
| Defendant. | ) |

**(PROPOSED) ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

Tiffany Lewis ("Plaintiff") filed a class action complaint (the "Lawsuit") against Register.com, Inc.[1] ("Defendant") in the United States District Court for the Southern District of Indiana, Case No. 1:25-cv-275, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On or around **[date]**, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), ECF No. **[#]**, which is subject to review under Fed. R. Civ. P. 23.

On **[date]**, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. **[#]**.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant had served written notice of the proposed class settlement as directed.

On **[date]**, upon consideration of Plaintiff's Preliminary Approval Motion and the record,

---

[1] On July 25, 2025, Register.com, Inc., merged with Network Solutions, LLC, and Network Solutions, LLC is the surviving entity.

2

this Court entered an order preliminarily approving the class action settlement ("Order Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. **[#]**.

On **[date]**, Plaintiff filed her motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. **[#]**.

On **[date]**, Plaintiff filed her motion for final approval of class action settlement (the "Final Approval Motion"). ECF No. **[#]**.

On **[date]**, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims asserted in the Lawsuit:

All persons and entities throughout the United States (1) to whom Register.com, Inc./ placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's ("FCC") Reassigned Numbers Database ("RND").

Defendant states that from February 12, 2021 through November 24, 2025 it placed 1,652 calls in connection with which it used an artificial or prerecorded voice to 453 telephone numbers assigned to a cellular telephone service after the telephone numbers were permanently disconnected and made available for reassignment per the FCC's RND. The subject release is tied to these telephone numbers and these calls.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Anthony Paronich of Paronich Law, P.C. and Aaron D. Radbil of Greenwald Davidson Radbil PLLC ("GDR") as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.    The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.    There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.    Plaintiff's claims are typical of the claims of the settlement class members;

D.    Plaintiff, Mr. Radbil, GDR, Mr. Paronich, and Paronich Law, P.C., have fairly and adequately represented and protected the interests of all settlement class members;

E.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

F.    A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

A.    The existence of fraud or collusion behind the settlement:

The parties reached an agreement to resolve this matter only after mediating Plaintiff's claims against Defendant with mediator Aaron Weiss. The settlement is therefore not a product of collusion but was the result of arm's-length settlement negotiations, as directed by an experienced class action mediator.

B.    The complexity, expense, and likely duration of the litigation:

Significant motion practice lay ahead, including briefing on Plaintiff's motion for class certification, and competing motions for summary judgment. Given the considerable work already performed in this matter—and the work left to perform, including any appeals—settlement here is warranted.

5

C.    The stage of the proceedings and the amount of discovery completed:

Courts also consider the degree of case development that class counsel have accomplished prior to settlement to ensure that counsel had an adequate appreciation of the merits of the case before negotiating. The parties engaged in significant discovery, focused both on Plaintiff's individual claims and on those of absent settlement class members. The settlement was, therefore, consummated when the parties were well-informed regarding the strengths and weaknesses of their respective positions.

D.    The probability of Plaintiff's success on the merits:

With the assistance of a mediator, the Parties negotiated a settlement that compares favorably to other TCPA class action settlements. To be sure, the per-claimant recovery exceeds that of some other recently approved TCPA class action settlements. Further, the settlement provides class members with real monetary relief, despite the purely statutory damages at issue— damages that courts have deemed too small to incentivize individual actions. Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own.

In the end, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation.

E.  The opinions of Plaintiff, Paronich Law, and GDR:

GDR and Paronich Law are highly experienced in class action litigation, particularly in cases under the TCPA. GDR and Paronich Law firmly believe that the settlement is fair, reasonable, adequate, and in the best interests of class members.

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.     <u>Settlement Fund</u> – Defendant established a $1,500,000 non-reversionary fund (the "Settlement Fund").

B.     <u>Deductions</u> – The following are to be deducted from the Settlement Fund before any other distributions are made:

7

a.      The costs of notice to potential class members and claims administration;

b.      Attorneys' fees in the amount of [$];

c.      Costs and litigation expenses in the amount of [$]; and

d.      An incentive award in the amount of [$].

C.      <u>Settlement Payments to Class Members</u> – Each settlement class member who submitted an approved claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The settlement class members were given an opportunity to object to the settlement. **[#]** settlement class members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. **[#]** settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion:

- **[names]**;

Plaintiff and non-excluded settlement class members are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all non-excluded members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint

8

to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, and expenses, ECF No. **[#]**, class counsel's request for an award of attorneys' fees of $**[#]** of the settlement funds, is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $**[#]** is approved.

Plaintiff's request for an incentive award in the total amount of $**[#]** is approved.

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE