UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIFFANY LEWIS individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:25-cv-00275-JPH-MJD |
| NEWFOLD DIGITAL, INC., REGISTER.COM, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING MOTION FOR PRELIMINARY CLASS APPROVAL**

Plaintiff Tiffany Lewis brought this suit on behalf of herself and those similarly situated, alleging that Defendant Register.com, Inc.[1] violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing artificial or prerecorded non-emergency phone calls without prior consent.  Ms. Lewis filed an unopposed motion seeking preliminary approval of a class action settlement and a final approval hearing.  Dkt. 69.  Ms. Lewis seeks preliminary approval of a proposed Settlement Agreement and Release ("the Settlement Agreement") with Register, certification of the Settlement Class for settlement purposes, preliminary designation of Ms. Lewis as Class Representative, preliminary appointment of Class Counsel, and notice directed to all Settlement Class Members who would be bound by the Settlement Agreement and Release.

---

[1] On July 25, 2025, Register.com, Inc., merged with Network Solutions, LLC and Network Solutions, LLC, is the only surviving entity.  Dkt. 69 at 9 n.1.

1

*Id.* Register does not oppose the motion. *Id.* For the reasons stated below, Ms. Lewis's motion for preliminary approval, dkt. [69], is **GRANTED**.

## I.
## Facts and Background

Between April 10, 2024, and May 13, 2025, Ms. Lewis received twenty-five unsolicited, prerecorded telephone calls from Register. Dkt. 69 at 3. Ms. Lewis is not a Register customer, and she never provided her telephone number to Register. *Id.* Instead, these automated calls were meant for one of Register's customers who previously used Ms. Lewis's telephone number. *Id.* at 3–4.

On April 5, 2025, Ms. Lewis filed her amended class action complaint. Dkt. 12. In it, she alleges that Register violated the TCPA by using artificial pre-recordings to place automated, non-emergency phone calls without telephone users' consent between February 12, 2021, and November 24, 2025. *Id.* at 1 (Compl. ¶ 3); dkt. 69-1 at 3 (Settlement Agreement ¶ 2.16). Ms. Lewis further contends that Register reaches non-consenting parties by placing calls to incorrect telephone numbers or telephone numbers that had been permanently disconnected and reassigned through the Federal Communication Commission's Reassigned Numbers Database. Dkt. 12 at 2 (Compl. ¶ 4); dkt. 69-1 at 3 (Settlement Agreement ¶ 2.16). As relief, Ms. Lewis demands that Register be enjoined from continued violations and be required to compensate the class for their damages and pay the costs required to deliver that relief. Dkt. 12 at 8.

Register moved to dismiss Ms. Lewis's claim.  Dkt. 17.  The Court denied that motion as moot once the parties reached a settlement.  Dkt. 66.

On January 28, 2026, Ms. Lewis filed an unopposed motion for preliminary approval of class action settlement.[2]  Dkt. 69.  The proposed Class Representative is Ms. Lewis.  *Id.* at 20.  The proposed Settlement Class includes:

> All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communication Commission's ("FCC") Reassigned Numbers Database ("RND").

Dkt. 69-1 at 3 (Settlement Agreement ¶ 2.16).

Ms. Lewis submitted to the Court a 52-page Settlement Agreement and Release that would resolve her claims against Register.  *Id.*  Some of the critical provisions are:

- Register will pay $1,500,000 into a non-reversionary common fund within 30 days after entry of the Preliminary Order of Approval.  *Id.* at 7 (Settlement Agreement ¶¶ 11.1–11.2).

- All Settlement Class Members who submit an Approved Claim Form that provides "his or her name, address, and telephone number" within seventy-five days of the preliminary approval date will receive a pro rata share of the Settlement Fund after the deduction of: (1) costs and expenses of providing notice and claim administration; (2) litigation costs and expenses; (3) reasonable Attorneys' Fees calculated from a percentage of the common fund; and (4) an incentive award for Ms. Lewis.  *Id.* (Settlement Agreement ¶¶ 11.4–11.5)

---

[2] The Order incorporates the defined terms set forth in the Settlement Agreement, dkt. 69-1.

- Register has delivered to Class Counsel a list of the 453 affected telephone numbers.  *Id.* at 4 (Settlement Agreement ¶ 4.2).

- Within 10 days of this Order, the Claims Administrator will direct notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.  Written notice is to be served on the United States Attorney General and the Attorneys General of each state in which any settlement class member resides.  *Id.* at 4 (Settlement Agreement ¶ 6.1); dkt. 69-5 at 2.

- Within 30 days of this Order, the Claims Administrator will send a Class Notice and Claim Form to Class Members and create a dedicated Settlement Website.  Dkt. 69-1 at 6–7 (Settlement Agreement ¶¶ 7.5, 9.1).

- Register must compensate the Claims Administrator for any amounts due prior to the date on which the Settlement Fund is created and funded from the Settlement Fund once it is created and funded.  *Id.* at 6 (Settlement Agreement ¶¶ 7.8–7.9).

- A Class Member may only submit one claim, even if they received multiple calls or recorded messages from Register.  *Id.* at 9 (Settlement Agreement ¶ 11.6).

- Within 30 days of the Final Approval Order, the Claims Administrator will mail a settlement check to each Class Member who submitted an Approved Claim Form.  *Id.* at 13 (Settlement Agreement ¶ 20.1).

- If any money remains in the Settlement Fund after all non-deposited settlement checks are voided,[3] and if the remaining amount is sufficient to issue a second settlement check of at least $5.00 to each Class Member, the Claims Administrator will mail a second settlement check on a pro rata basis to each Class Member who cashed an initial settlement check.  *Id.* at 13 (Settlement Agreement ¶ 20.4).

- If any money remains in the Settlement Fund after all non-deposited settlement checks are voided (i.e. initial settlement checks, and if applicable, second settlement checks), the remainder will be paid as a *cy pres* award to the National Legal Aid and Defender Association, subject to the Court's approval.  *Id.* at 13 (Settlement Agreement ¶ 20.5).

- Class Members may opt-out of the Class by submitting a signed, written opt-out statement to the Class Administrator, postmarked no more than 75 days after this Order.  Class Members may exclude themselves on an

---

[3] Each check will be valid for 120 days after it is issued.  Dkt. 69-1 at 9 (Settlement Agreement ¶ 11.7).

individual basis only.  "Mass" or "class" exclusions submitted on behalf of a "mass" or "class" of Settlement Class Members are invalid.  *Id.* at 9, 10 (Settlement Agreement ¶¶ 12.1, 12.5–12.6).

- Class Members may object to the Settlement Agreement by submitting written objections to the Class Administrator, Class Counsel, or Court, postmarked no more than 75 days after this Order.  A Class Member who submits both an objection and request for exclusion will be considered to have submitted an exclusion, not an objection, and will have no standing to object.  *Id.* at 10 (Settlement Agreement ¶¶ 13.1, 13.4).

- Class Counsel and the parties have the right, but not an obligation, to respond to any objections no later than 7 days before the Fairness Hearing. Any responses must be filed with the Court, and if reasonably possible, delivered to the objector.  *Id.* at 11 (Settlement Agreement ¶ 13.6)

- Upon entry of the Final Order and Judgment, Class Members will release all known and unknown claims relating to the Settlement Class Period.  *Id.* (Settlement Agreement ¶ 14.1).

- Class Counsel will submit to the Court a request for reasonable attorneys' fees not to exceed one-third of the settlement fund, and litigation expenses not to exceed $25,000 to be paid from the Settlement Fund.  *Id.* (Settlement Agreement ¶ 16.1–16.2); 69-1 at 31 (Class Notice).  If approved by the Court, these fees will be paid to Class Counsel within 5 days of the Finality Date.  *Id.* at 13 (Settlement Agreement ¶ 20.3).

- Ms. Lewis will submit to the Court a request for a Class Representative Service Award not to exceed $10,000 to be paid from the Settlement Fund. *Id.* at 12 (Settlement Agreement ¶ 16.3).  If approved by the Court, this award will be paid to Ms. Lewis within 5 days of the Finality Date.  *Id.* at 13 (Settlement Agreement ¶ 20.2).

- The Settlement Agreement and Release is not contingent on the Court's approval of attorneys' fees, costs, and expenses, or Ms. Lewis's Service Award Payment.  *Id.* at 12 (Settlement Agreement ¶ 16.4).

- The Settlement Agreement shall be null and void if either party terminates the Agreement.  Termination may occur if: (a) the Court rejects to preliminarily or finally approve this Agreement and reasonable efforts were made to obtain approval; (b) objections to the proposed Settlement are sustained, and the withdrawing party deems the change to be material; or (c) the Final Order of Judgment approving the Settlement substantially modifies the Agreement and the changes are material or the Settlement Order is reversed by an appellate court.  If termination occurs under these

terms, the parties will return to the *status quo ante* as if no Settlement had been negotiated or entered. *Id.* at 69-1 at 17 (Settlement Agreement ¶ 24.1).

## II.
## Applicable Law

Class actions were designed as "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 155 (1982). "Federal Rule of Civil Procedure 23 governs class actions." *Santiago v. City of Chicago*, 19 F.4th 1010, 1016 (7th Cir. 2021). "Rule 23 gives the district courts broad discretion to determine whether certification of a class-action lawsuit is appropriate," *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008), and "provides a one-size-fits-all formula for deciding the class-action question." *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 399 (2010).

A court's approval is required when "a class [is] proposed to be certified for the purposes of settlement." Fed. R. Civ. P. 23(e). Also, courts must direct notice of a settlement class "in a reasonable manner to all class members who would be bound by the proposal." *Id.* A court is authorized to direct notice only if the court "will likely be able to (i) approve the proposal under 23(e)(2); and (ii) certify the class for purposes of the judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule 23(e)(2) requires that a Court determine the settlement is "fair, reasonable, and adequate" before approving a binding class settlement. *See also Wong v. Accretive Health, Inc.*, 773 F.3d 859, 862 (7th Cir. 2014). The Court's notice must meet the requirements of Rule 23(c)(2)(B), which requires

6

the Court to direct "the best notice that is practicable under the circumstances including individual notice to all members who can be identified through reasonable effort."

"Rule 23(a) enumerates four—and only four—requirements for class certification: numerosity, commonality, typicality, and adequacy of representation." *Simpson v. Dart*, 23 F.4th 706, 711 (7th Cir. 2022).  In addition to those "prerequisites," the class must fit one of Rule 23(b)'s "particular types of classes, which have different criteria." *Santiago*, 19 F.4th at 1016.  Here, the parties seek class certification under Rule 23(b)(3), dkt. 69 at 4, so "common questions of law or fact must predominate over individual inquiries, and class treatment must be the superior method of resolving the controversy." *Santiago*, F.4th at 1016.

"A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Id.* When parties seek class certification as part of a settlement, the provisions of Rule 23 "designed to protect absentees by blocking unwarranted or overbroad class definitions . . . demand undiluted, even heightened, attention." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

**III.**
**Analysis**

**A. Class Certification**

The fact that the parties have reached a settlement is relevant to the class-certification analysis. *See Smith v. Sprint Commc'ns Co., L.P.,* 387 F.3d

7

612, 614 (7th Cir. 2004); *Amchem Prods.*, 521 U.S. at 618–20.  "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."  *Smith*, 387 F.3d at 614 (quoting *Amchem Prods.*, 521 U.S. at 620).  A court may not, however, "abandon the Federal Rules merely because a settlement seems fair, or even if the settlement is a 'good deal.'  In some ways, the Rule 23 requirements may be even more important for settlement classes."  *Uhl v. Thoroughbred Tech. & Telecomms., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002).  "This is so because certification of a mandatory settlement class, however provisional technically, effectively concludes the proceeding save for the final fairness hearing."  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 849 (1999).

Here, Ms. Lewis has met her burden of satisfying the Rule 23(a) and (b) requirements.

## 1. Rule 23(a) Requirements

### a. Numerosity

To satisfy the numerosity requirement, the proposed class must be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Here, the proposed Class consists of:

> All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made

8

available for reassignment per the Federal Communication Commission's ("FCC") Reassigned Numbers Database ("RND").

Dkt. 69-1 at 3 (Settlement Agreement ¶ 2.16).  Register placed 1,652 calls using artificial or prerecorded voice to 453 telephone numbers in the FCC's RND.  *Id.*  Courts in the Seventh Circuit have found that substantially smaller classes satisfy the numerosity requirement.  *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 860 (7th Cir. 2017) ("While there is no magic number that applies to every case, a forty-member class is often regarded as sufficient to meet the numerosity requirement."); *Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969).  Because the proposed Class is so numerous that joinder of all members would be impracticable, Ms. Lewis has satisfied the numerosity requirement.

### b. Commonality

To satisfy the commonality requirement, there must "be one or more common questions of law or fact that are capable of class-wide resolution and are central to the claims' validity."  *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1026 (7th Cir. 2018) (citing *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 374 (7th Cir. 2015)).  Here, Ms. Lewis contends that Register violated the TCPA by placing automated, prerecorded telephone calls to people without prior express consent.  Dkt. 69 at 3–4.  This is undoubtedly a question of law and fact that is common to the Proposed Class.  For that reason, Ms. Lewis has satisfied the commonality requirement.

### c. Typicality

To satisfy the typicality requirement, "the claims or defenses of the representative party [must] be typical of the claims or defenses of the class." *Muro v. Target Corp.,* 580 F.3d 485, 492 (7th Cir. 2009) (quoting *Williams v. Chartwell Fin. Servs., Ltd.,* 204 F.3d 748, 760 (7th Cir. 2000)). "A claim is typical if it 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . [the] claims are based on the same legal theory.'" *Oshana v. Coca-Cola Co.,* 472 F.3d 506, 514 (7th Cir. 2006) (quoting *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992)). "Although 'the typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members,' the requirement 'primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large.'" *Muro,* 580 F.3d at 492 (quoting *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983)).

Ms. Lewis has satisfied the typicality requirement because her claims are typical of those of the Class because all 453 telephone numbers called during the Settlement Period were once permanently disconnected and available for reassignment.  Dkt. 69 at 4.

### d. Adequacy of Representation

To satisfy the adequacy of representation requirement, the representative parties must "fairly and adequately protect the interests of the class." *Amchem*

*Prods.*, 521 U.S. at 625. "This adequate representation inquiry consists of two parts: (1) the adequacy of the named plaintiffs as representatives of the proposed class's myriad members, with their differing and separate interests, and (2) the adequacy of the proposed class counsel." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011) (citing *Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)).

Ms. Lewis has satisfied the adequacy of representation requirement. *Beaton*, 907 F.3d at 1027 ("A named plaintiff must be a member of the putative class and have the same interest and injury as other members"). Ms. Lewis's claims are not antagonistic to the class; they are in fact typical, *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) ("adequacy-of-representation requirement 'tend[s] to merge' with . . . the commonality and typicality criteria"), and she has sufficient interest in the outcome of litigation. *See* dkt. 69-2. Further, the fact that Ms. Lewis seeks a Service Award does not undermine the adequacy of her representation. *See Scott v. Dart*, 99 F.4th 1076, 1082–83 (7th Cir. 2024) ("[I]ncentive awards to named plaintiffs are permitted so long as they comply with the requirements of Rule 23.").

Ms. Lewis's counsel has also invested substantial time and resources in this case by investigating the underlying facts, researching the applicable law, litigating this case, and negotiating a detailed settlement. *See generally* dkts. 21–22, 42–43, 48, 69-1. Last, Ms. Lewis's counsel has experience litigating complex class actions under the TCPA and do not appear to have interests that conflict with those of the Class. *See* dkts. 69-3, 69–4.

### 2. Rule 23(b)(3) Requirements

Having determined that Ms. Lewis's proposed class satisfies all of Rule 23(a)'s requirements, the Court must evaluate whether it satisfies any one of the three requirements in Rule 23(b).  Certification of a class under Rule 23(b)(3) is proper if "the questions of law or fact common to class members predominate over any questions affecting only individual members, and [when] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  This rule requires two findings: predominance of common questions over individual ones and superiority of the class action mechanism.  *Id.*  In assessing whether those requirements have been met, courts should consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

*Id.*

Ms. Lewis has shown that common questions of law and fact predominate.  Specifically, the core issue—whether Register violated the TCPA by placing unsolicited, prerecorded calls without prior consent—is identical for all Class Members.  *See* dkt. 12 at 1–2 ¶¶ 3–4.

Furthermore, Ms. Lewis has shown that, for this case, a class action is vastly "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  It will be the most efficient way to resolve the Class Members' claims, especially considering that Class Members

12

would have a difficult and costly task in seeking relatively small damages solely on an individual basis. *See* 47 U.S.C. § 277(b)(3) (authorizing $500 damages per violation). Accordingly, class resolution would be superior to other available methods of pursuing these claims.

The Court certifies the class for settlement purposes under Rule 23(b)(3).

## B. Preliminary Appointment of Class Counsel

After a court certifies a Rule 23 class, the court is required to appoint class counsel to represent the class members. *See* Fed. R. Civ. P. 23(g)(1). In appointing counsel, the court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
> (ii)  counsel's experience in handling class actions, or other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law, and
> (iv)  the resources that counsel will commit the representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Ms. Lewis is represented by Anthony Paronich of Paronich Law, P.C. and Aaron Radbil of Greenwald Davidson Radbil, PLLC. Dkt. 69 at 16–17; dkt. 69-1 at 27. These attorneys have done substantial work identifying, investigating, prosecuting, and settling Ms. Lewis's claims. *See generally* dkts. 21–22, 42–43, 48, 69-1. Ms. Lewis's counsel also has experience litigating consumer class actions, including numerous TCPA cases they have filed, litigated, and settled around the country. *See* dkt. 69-3 (Rabdil Decl.); dkt. 69-4 (Paronich Decl.).

As such, the Court preliminary appoints Anthony Paronich and Aaron Rabdil as Class Counsel.

13

## C. Preliminary Settlement Approval

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996); *see also Armstrong*, 616 F.2d at 313 ("Settlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources.").  Because the Settlement Agreement would bind all class members, the Court may approve the settlement only after finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  In making this determination, Federal Rule of Civil Procedure 23(e)(2) requires the Court to consider whether (1) the class representative and class counsel have adequately represented the class, (2) the proposal was negotiated at arm's length, (3) the proposal treats class members equitably relative to each other, and (4) the relief provided by the settlement is adequate.

Courts also consider the following five factors: (1) the strength of the plaintiff's case compared against the amount of the defendant's settlement offer; (2) the complexity, length, and expense of continued litigation; (3) the amount of opposition to the settlement; (4) the opinion of experienced counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (internal citation omitted).

14

### 1. Adequacy of representation of the class

As explained above, Ms. Lewis and Class Counsel have adequately represented the class.

### 2. Settlement Agreement was negotiated at arm's length

The Settlement Agreement and Release was negotiated at arm's length. As explained in Ms. Lewis's brief, the Settlement Agreement is the product of "arm's-length negotiations with the assistance of a well-respected mediator." Dkt. 69 at 10.  As explained below, no portion of unclaimed funds will revert to Register.

### 3. Settlement Agreement treats Class Members equitably relative to each other

The Settlement Agreement and Release treats all Class Members equitably relative to each other.  It guarantees Class Members a right to submit a Claim Form, and those with Approved Claim Forms will receive an equal portion of the Settlement Fund, treating each of the 453 Class Members who have the same legal claims the same way.  *See* dkt. 69-1 at 8–9 (Settlement Agreement ¶ 11.5); dkt 69 at 26.

### 4. The relief provided by the Settlement Agreement is adequate

The proposed relief is adequate and provides much of the relief sought by Ms. Lewis.  Dkt. 12 at 8–9.  Register will deposit $1,500,000 into a non-reversionary Settlement Fund.  Dkt. 69-1 at 7 (Settlement Agreement ¶ 11.1). The parties have identified 453 affected telephone numbers.  *Id.* at 3 (Settlement Agreement ¶¶ 2.16–2.17).  All Class Members are eligible for a Pro

15

Rata Cash Payment. *Id.* at 8–9 (Settlement Agreement ¶¶ 11.4–11.5); *see also* 69-1 at 25, 31 (Proposed Notice).

After deducting the $25,000 for litigation costs and expenses, $10,000 for Ms. Lewis's incentive award, and $500,000 for attorneys' fees, approximately $965,000 remains in the Settlement Fund to be divided on a pro rata basis amongst the 453 Class Members.[4] *Id.* at 8 (Settlement Agreement ¶ 11.4); *see also* dkt. 69-1 at 25 (Notice Form). Assuming each Class Member files a claim, the Settlement Fund provides for approximately $2,130 to each affected telephone number. This figure is well within the range of other TCPA class action settlements and is preliminary adequate. *See Douglas v. Western Union Co.*, 328 F.R.D. 204, 214 (N.D. Ill. 2018) (finding relief of $95 per telephone number as adequate in TCPA suit); *Simms v. ExactTarget, LLC*, No. 1:14-cv-737-WTL-DLP, 2018 WL 11416085, at *5 (S.D. Ind. Oct. 2, 2018) (relief of approximately $256 per telephone number was adequate and "well within the range of recoveries in other recently approved TCPA class settlements.").

Further, no unclaimed funds will revert to Register at the end of the Claims Deadline. *Id.* at 9 (Settlement Agreement ¶ 11.8). Instead, remaining funds from returned and uncashed checks will be distributed to a Court-approved *cy pres* recipient. *Id.*

The parties have agreed to seek attorneys' fees not to exceed one-third of the Settlement Fund. *Id.* at 24, 31 (Proposed Notice). Considering that the

---

[4] The Court recognizes that this figure does not include the expenses and costs of Notice Administration, which will also be deducted from the Settlement Fund before the pro rata shares are dispersed.

16

total value to the class is up to $1,500,000, an award of up to one-third appears reasonable and on par with market contingency fees. However, the reasonableness of the attorneys' fees and litigation expenses is subject to the Court's approval after the claims process, when the total compensation received by the Class Members is known. *Id.* at 8 (Settlement Agreement ¶ 11.4); *In re Sears, Roebuck & Co. Front-Loading Washer Prods. Liab. Litig.*, 837 F.3d 791, 793 (7th Cir. 2017) ("[A] district court should compare attorney fees to what is actually recovered by the class[.]").

Lastly, the proposed notice provides Class Members with adequate notice, and the proposed method of distribution relief is effective in providing prompt payment. *See id.* at 5–7 (Settlement Agreement ¶¶ 7–8); *id.* at 31–32 (Proposed Notice).

As such, the relief provided by the Settlement Agreement is adequate.

### 5. The strength of Plaintiffs' case compared against the amount of Defendants' settlement offer

The most important settlement-approval factor is "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel*, 463 F.3d at 653 (quoting *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1132 (7th Cir. 1979)). In balancing the strength of the plaintiffs' case against the amount offered in a proposed settlement, district courts "should begin by quantifying the net expected value of continued litigation to the class . . . [t]o do so, the court should 'estimate the range of possible outcomes and ascribe a probability to each point on the

17

range.'"  *Synfuel*, 463 F.3d at 653 (citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002)).  However, "the *Synfuel/Reynolds* evaluation of potential outcomes need not always be quantified, particularly where there are other reliable indicators that the settlement reasonably reflects the merits of the case."  *Kaufman v. Am. Express Travel Related Servs. Co.*, 877 F.3d 276, 285 (7th Cir. 2017).  Other reliable indicators include extensive arm's-length negotiations with a third-party mediator, and the parties contentiously litigating a motion to dismiss.  *Wong*, 773 F.3d at 864.

Here, the Settlement was reached after "nearly a year of contested litigation, and as a result of arm's length negotiations with the assistance of a well-respected mediator."  Dkt. 69 at 9.  The parties contentiously litigated several motions.  *See* dkt. 17 (Motion to Dismiss); dkt. 39 (Motion to Strike Class Action Allegations); dkt. 40 (Motion to Bifurcate Discovery); dkt. 42 (Motion to Compel Production).  Because of these reliable indicators, the Court "need not undertake the type of mechanical mathematic valuation exercise," and "need only recognize that the proposed settlement ensures meaningful relief for the Class and weigh those benefits against substantial risks that the Class would face in seeking a better outcome at trial."  *Sheffler v. Activate Healthcare, LLC*, No. 1:23-cv-01206, 2024 WL 4008289, at *7 (S.D. Ind. Aug. 30, 2024) (citing *In re TikTok, Inc., Consumer Priv. Litig.*, 564 F. Supp. 3d. 1076, 1089 (N.D. Ill. Sep. 30, 2021).

Continued litigation with Register also presents significant risks and costs—the most obvious risk is that Ms. Lewis will not be successful on her

claims.  Furthermore, "[e]ven if [Plaintiffs were] to succeed on the merits at some future date, a future victory is not as valuable as a present victory. Continued litigation carries with it a decrease in the time value of money, for '[t]o most people, a dollar today is worth a great deal more than a dollar ten years from now.'"  *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (quoting *Reynolds*, 288 F.3d at 284).  The proposed relief appropriately accounts for the uncertainty of Ms. Lewis's claims on the merits, the time value of money, and the seriousness of TCPA violations.

Accordingly, the strength of Ms. Lewis's case compared to Register's proposed settlement weighs in favor of the fairness, reasonableness, and adequacy of the Settlement Agreement.

### 6. The likely complexity, length, and expense of continued litigation

The likely complexity, length, and expense of trial weighs heavily in favor of the fairness, reasonableness, and adequacy of the Settlement Agreement. Continuing to litigate this case will require vast expense and a great deal of time, on top of that already expended.

### 7. Opposition to the Settlement Agreement

Because the parties have not yet sent the notice, it is premature to assess this factor.

### 8. The opinion of experienced counsel

The opinion of counsel weighs heavily in favor of the fairness, reasonableness, and adequacy of the Settlement Agreement.  Courts are "entitled to rely heavily on the opinion of competent counsel," *Gautreaux v.*

19

*Pierce*, 690 F.2d 616, 634 (7th Cir. 1982), and as explained above, counsel for the parties are experienced and highly competent.  Further, there is no indication that the Settlement Agreement is the victim of collusion.  *See Isby*, 75 F.3d at 1200.  Subject to this Court's approval, Class Counsel will be paid up to one-third of the Cash Settlement Fund, plus reimbursement of its reasonable Litigation Costs and Expenses not to exceed $25,000.  Dkt. 69-1 at 11–12 (Settlement Agreement ¶ 16); *id.* at 24, 31 (Proposed Notice).

### 9. The stage of the proceedings and the amount of discovery completed

"The stage of the proceedings at which settlement is reached is important because it indicates how fully the district court and counsel are able to evaluate the merits of plaintiffs' claims."  *Armstrong*, 616 F.2d at 325.  This litigation has been ongoing for over a year, including two formal mediation sessions.  *See* dkt. 62 at 1–2 (Joint Status Report); dkt. 69 at 9.  The parties have engaged in written discovery and exchanged document production.  Dkt. 69 at 23.  There is no indication that additional discovery would further assist the parties in reaching a settlement agreement that is fair to the Class.  Accordingly, this factor weighs in favor of the fairness, reasonableness, and adequacy of the proposed Settlement Agreement.

### D. Class Notice

Under Federal Rule of Civil Procedure Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice that is practicable under the circumstances, including individual notice to all members who can be identified

through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Further, when presented with a proposed class settlement, a court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The contents of a Rule 23(e) notice are sufficient if they inform the class members of the nature of the pending action, the general terms of the settlement, that complete and detailed information is available from the court files, and that any class member may appear and be heard at the hearing." 3 Newberg on Class Actions § 8:32 (4th ed. 2010).

The proposed notice satisfies Rule 23's requirements and puts Class Members on notice of the Settlement Agreement. *See* dkt. 69-1 at 22–32. The Claims Administrator will mail notices to the Class Members within 30 days of this Order. *Id.* at 6 (Settlement Agreement ¶ 7.5). Notice will also be published on a website established by the Administrator. *Id.* at 7 (Settlement Agreement ¶ 9.1). The website will contain the Settlement Agreement, Class Notice, Ms. Lewis's petition for attorneys' fees, expenses, and costs, this Order, Ms. Lewis's Amended Complaint, and the Final Order and Judgment. *Id.* (Settlement Agreement ¶ 9.2).

21

Moreover, the proposed notice is appropriate because it describes the terms of the Settlement Agreement, informs the Class about the allocations of attorney's fees and expenses, explains how Class Members may opt-out of the Class and object to the settlement, and provides specific information regarding the date time, and place of the fairness hearing. *Id.* at 22–32 (Proposed Notice); *see Air Lines Stewards & Stewardesses Assoc. v. Am. Airlines, Inc.*, 455 F.2d 101, 108 (7th Cir. 1972) (notice that provided summary of proceedings to date, notified of significance of judicial approval of settlement and informed of opportunity to object at hearing satisfied due process).

### E. Preliminary Appointment of Settlement Administrator

The parties have proposed that Kroll Settlement Administration, LLC administer the settlement. Dkt. 69-1 at 2 (Settlement Agreement ¶ 2.2). It is reasonable to infer from the parties' joint selection that Kroll is qualified to serve as the Claims Administrator, and its services will be helpful. Therefore, the Court preliminarily appoints Kroll as Claims Administrator.

### IV.
### Conclusion

Ms. Lewis's Motion for Preliminary Approval, dkt. [69], is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), Ms. Lewis has shown that the Court will likely be able to (i) approve the Settlement Agreement under Rule 23(e)(2); and (ii) certify the Class for purposes of the Settlement Agreement only.

The Court finds that it will likely be able to approve the Settlement Agreement as fair, reasonable, and adequate, subject to the right of any Class

22

Member to challenge the Settlement Agreement at a hearing after notice has been disseminated to the class.

The Court finds that it will likely be able to hold that the proposed settlement consideration and class relief are fair, reasonable, adequate, and equitable for the purposes of the Settlement Agreement, and to approve the Released Claims as provided by the releases.

The Court preliminarily appoints Kroll Settlement Administration, LLC to serve as Administrator.  The Court also finds that it will likely be able to approve Kroll to serve as Administrator after final approval.  Kroll will be responsible for disseminating Class Notice in the form set forth at dkt. 69-1 at 22–32, and for undertaking all Claims Administrator duties contemplated by the Settlement Agreement prior to the Court's grant or denial of final approval of the Settlement Agreement.

The Court preliminarily certifies the proposed class and designates Plaintiff Tiffany Lewis as the Class Representative.  The Court preliminarily appoints Anthony Paronich and Aaron Rabdil as Class Counsel.

The preliminary certification of the proposed Class, the preliminary designation of class representatives, and the preliminary designation of Class Counsel established by this Order shall be automatically vacated if the Settlement Agreement is terminated or is disapproved by the Court, any appellate court and/or any other court of review, of if any of the settling parties successfully invokes its right to terminate the Settlement Agreement, in which event the Settlement Agreement and the fact that it was entered into shall not

23

be offered by the settling parties or construed as an admission or as evidence for any purpose, including the "certifiability" of any class.

The Court determines that distribution of the Class Notice to be given as included in the Settlement Agreement, dkt. 69-1 at 22–32, is reasonable and the best practicable notice under the circumstances; satisfies Rule 23(h) of the Federal Rules of Civil Procedure; is reasonably calculated to apprise Class Members of the pendency of the Action, the terms of the Settlement Agreement, their right to object to and opt-out of the Settlement Agreement, the effect of the Settlement Agreement (including the releases to be provided thereunder), Class Counsel's request for attorneys' fees, reimbursement of litigation expenses and settlement administration expenses, and the requested service awards for Ms. Lewis; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of due process, the Federal Rules of Civil Procedure, and the United States Constitution.

The Court preliminarily finds that with an agreement between Ms. Lewis and Register, it will likely to be able to certify and approve a settlement class under Federal Rule of Civil Procedure 23.

The Court preliminarily approves the Settlement Agreement as sufficiently fair and reasonable to warrant sending notice to the Settlement Class preliminarily certified for settlement purposes and hereby directs Ms. Lewis and Kroll to give notice to the class as set forth in the Settlement Agreement.

Ms. Lewis shall file proof by affidavit of the distribution of the Class Notice at or before the Fairness Hearing.

Any attorneys hired by individual members of the Class for the purpose of objecting to the Settlement Agreement shall file with the Clerk of the Court and serve on Class Counsel and Register's counsel a notice of appearance prior to the Fairness Hearing.

Class Members who object to the settlement must follow the procedure as outlined in the Settlement Agreement ¶ 13.

Class Members who wish to exclude themselves must follow the procedure as outlined in the Settlement Agreement ¶¶ 12.1–12.2. Class Members who do not file timely written requests for exclusion in accordance with the Settlement Agreement shall be bound by all subsequent proceedings, orders, and judgments in this action, as outlined in the Settlement Agreement ¶ 12.3.

Class Counsel and Register's counsel shall promptly furnish each other with copies of any and all objections and requests for exclusion that come into their possession.

Any objector requesting access to confidential materials must first obtain leave of Court and agree to be bound by an agreed confidentiality order issued by the Court, which shall provide for the same confidentiality obligations that applied to the parties during the litigation and as provided by the Settlement Agreement.

The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

The Court hereby adopts the following settlement procedure:

| Event | From Order Granting Preliminary Approval |
|---|---|
| Notice Sent to Class | +30 days |
| Defendant to Fund Settlement Fund | +30 days |
| Plaintiff's Motion for Attorney's Fees and Costs and Service Award to Class Representatives | +40 days |
| Opposition to Attorneys' Fees Petition Deadline | +75 days |
| Opt-Out Deadline | +75 days |
| Objections Deadline | +75 days |
| Claims Deadline | +75 days |
| Reply in Support of Attorneys' Fees Petition Deadline | +89 days |

| | |
|---|---|
| Final Approval Hearing | **July 7, 2026, at 1 p.m.** |
| Motion for Final Approval | 30 days before Final Fairness Hearing |
| Opposition to Motion for Final Approval Deadline | 14 days before Final Fairness Hearing |
| Claims Administration submits declaration attesting to proper service and notice | 10 days before Final Fairness Hearing |
| Reply in Support of Motion for Final Approval Deadline | 7 days before Final Fairness Hearing |
| Responses to any Objection to the Settlement Deadline | 7 days before Final Fairness Hearing |

26

| | From Effective Date |
|---|---|
| Payment of Attorneys' Fees and Litigation Expenses and Service Awards | +5 days |
| Payment of Approved Claims from Claims Administration | +30 days |

A Fairness Hearing will be held on **July 7, 2026, at 1:00 p.m., in**

**Room 307** at the United States Courthouse, 46 East Ohio Street,

Indianapolis, Indiana.

**SO ORDERED.**

Date: 4/1/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel