**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TIFFANY LEWIS, *on behalf of herself and others similarly situated*, | ) Case No.: 1:25-cv-00275-JPH-MJD<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NEWFOLD DIGITAL, INC.,<br>REGISTER.COM, INC., | )<br>)<br>) |
| Defendant.<br>_____ | )<br>)<br>) |

**DECLARATION OF AARON D. RADBIL IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR ATTORNEYS' FEES, LITIGATION COSTS AND EXPENSES,**
**AND AN INCENTIVE AWARD**

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1.      My name is Aaron D. Radbil.

2.      I am over twenty-one years of age.

3.      I am fully competent to make the statements included in this declaration.

4.      I have personal knowledge of the statements included in this declaration.

5.      I am a partner at Greenwald Davidson Radbil PLLC ("GDR").

6.      I am counsel for Tiffany Lewis ("Plaintiff") and the class.

7.      I am admitted to practice before this Court.

8.      I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees, Litigation Costs and Expenses, and an Incentive Award.

## GDR

9.      GDR has been appointed as class counsel in a number of class actions under the Telephone Consumer Protection Act ("TCPA"):

- *Kruzel v. Molina Healthcare, Inc. et al.*, No. 6:23-cv-01183-AA (D. Or.);

- *Jackson v. Gen Digital Inc.*, No. 2:25-cv-00535-MTL (D. Ariz.);

- *Keith v. Hy Cite Enterprises, LLC*, Case No.: 3:24-cv-729-jdp (W.D. Wis.);

- *Patterson v. OptumRx, Inc.*, No. 1:24-cv-00689-TWP-KMB (S.D. Ind.) (Pratt, J.);

- *Arthur v. Oregon Community Credit Union*, No. 6:24-cv-01700-MC (D. Or.);

- *Johnson v. United HealthCare Servs., Inc.*, No. 5:23-cv-00522-GAP-PRL (M.D. Fla.);

- *Daugherty v. Credit Bureau Servs. Ass'n*, No. 4:23-cv-01728 (S.D. Tex);

- *Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR (S.D. Ga.);

- *Smith v. Assurance IQ, LLC*, No. 2023-CH-09225 (Cook County, Ill., Chancery);

- *Wesley v. Snap Fin., LLC*, No. 2:20-cv-00148-RJS-JCB (D. Utah);

1

- *Head v. Citibank, N.A.*, No. 3:18-cv-08189-ROS (D. Ariz.);

- *Bonoan v. Adobe, Inc.*, No. 19-cv-01068-RS (N.D. Cal.);

- *Lucas v. Synchrony Bank*, No. 4:21-cv-00070-PPS (N.D. Ind.);

- *Jackson v. Discover Fin. Servs. Inc.*, No. 1:21-cv-04529 (N.D. Ill.);

- *Fralish v. Ceteris Portfolio Servs., LLC*, No. 3:22-CV-176-DRL-MGG (N.D. Ind.);

- *Miles v. Medicredit, Inc.*, No. 4:20-cv-1186-JAR (E.D. Mo.);

- *Neal v. Synchrony Bank*, No. 3:17-cv-00022-KDB-DCK (W.D.N.C.);

- *Davis v. Mindshare Ventures LLC*, No. 4:19-cv-1961 (S.D. Tex.);

- *Jewell v. HSN, Inc.*, No. 3:19-cv-00247-jdp (W.D. Wis.);

- *Knapper v. Cox Commc'ns, Inc.*, No. 2:17-cv-00913-SPL (D. Ariz.);

- *Sheean v. Convergent Outsourcing, Inc.*, No. 2:18-cv-11532-GCS-RSW (E.D. Mich.);

- *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-01971-T-27AAS (M.D. Fla.);

- *Martinez v. Medicredit, Inc.*, No. 4:16-cv-01138 ERW (E.D. Mo.);

- *Johnson v. NPAS Sols., LLC*, No. 9:17-cv-80393 (S.D. Fla.);

- *Luster v. Wells Fargo Dealer Servs., Inc.*, No. 1:15-cv-01058-TWT (N.D. Ga.);

- *Prather v. Wells Fargo Bank, N.A.*, No. 1:15-cv-04231-SCJ (N.D. Ga.);

- *Johnson v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:15-cv-0716-LJM (S.D. Ind.) (McKinney, J.);

- *Toure and Heard v. Navient Sols., Inc., f/k/a Sallie Mae, Inc.*, No. 1:17-cv-00071-LJM-TAB (S.D. Ind.) (McKinney, J.);

- *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS (M.D. Fla.);

- *Schwyhart v. AmSher Collection Servs., Inc.*, No. 2:15-cv-1175-JEO (N.D. Ala.);

- *Cross v. Wells Fargo Bank, N.A.*, No. 2:15-cv-01270-RWS (N.D. Ga.);

2

- *Markos v. Wells Fargo Bank, N.A.*, No. 15-1156 (N.D. Ga.);

- *Prater v. Medicredit, Inc.*, No. 14-00159 (E.D. Mo.);

- *Jones v. I.Q. Data Int'l, Inc.*, No. 1:14-cv-00130-PJK-GBW (D.N.M.); and

- *Ritchie v. Van Ru Credit Corp.,* No. 2:12-CV-01714-PHX–SM (D. Ariz.).

10.     As class counsel in these TCPA class actions, GDR helped to recover over $200 million for class members.

11.     During the past several years GDR has also been appointed as class counsel in dozens more class actions under consumer protection statutes other than the TCPA, including, for example:

- *Taylor v. TimePayment Corp.*, No. 3:18-cv-00378-MHL-DJN (E.D. Va.);

- *Spencer v. #1 A LifeSafer of Ariz. LLC*, No. 18-02225-PHX-BSB (D. Ariz.);

- *Dickens v. GC Servs. Ltd. P'Ship*, No. 8:16-cv-00803-JSM-TGW (M.D. Fla.);

- *Kagno v. Bush Ross, P.A.*, No. 8:17-cv-1468-T-26AEP (M.D. Fla.);

- *Johnston v. Kass Shuler, P.A.*, No. 8:16-cv-03390-SDM-AEP (M.D. Fla.);

- *Jallo v. Resurgent Capital Servs., L.P.*, No. 4:14-cv-00449 (E.D. Tex.);

- *Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-00819-DJH-CHL (W.D. Ky.);

- *Rhodes v. Nat'l Collection Sys., Inc.*, No. 15-cv-02049-REB-KMT (D. Colo.);

- *McCurdy v. Prof'l Credit Servs.*, No. 6:15-cv-01498-AA (D. Or.);

- *Schuchardt v. Law Office of Rory W. Clark*, No. 3:15-cv-01329-JSC (N.D. Cal.);

- *Globus v. Pioneer Credit Recovery, Inc.*, No. 15-CV-152V (W.D.N.Y.);

- *Roundtree v. Bush Ross, P.A.*, No. 8:14-cv-00357-JDW-AEP (M.D. Fla.); and

- *Gonzalez v. Germaine Law Office PLC*, No. 2:15-cv-01427 (D. Ariz.).

12.     Multiple district courts have commented on GDR's useful knowledge and

3

experience in connection with class action litigation.

13.    For example, in *Schwyhart v. AmSher Collection Servs., Inc.*, Judge John E. Ott, Chief Magistrate Judge of the Northern District of Alabama, stated upon granting final approval of a TCPA settlement in which he appointed GDR as class counsel:

> I cannot reiterate enough how impressed I am with both your handling of the case, both in the Court's presence as well as on the phone conferences, as well as in the written materials submitted. . . . I am very satisfied and I am very pleased with what I have seen in this case. As a judge, I don't get to say that every time, so that is quite a compliment to you all, and thank you for that.

No. 2:15-cv-1175-JEO (N.D. Ala. Mar. 15, 2017).

14.    In *Ritchie v. Van Ru Credit Corp.*, Judge Stephen McNamee, Senior U.S. District Court Judge for the District of Arizona, stated upon granting final approval to the TCPA class settlement at issue:

> I want to thank all of you. It's been a pleasure. I hope that you will come back and see us at some time in the future. And if you don't, I have a lot of cases I would like to assign you, because you've been immensely helpful both to your clients and to the Court. And that's important. So I want to thank you all very much.

Case No. CIV-12-1714 (D. Ariz. July 21, 2014).

15.    In *McWilliams v. Advanced Recovery Sys., Inc.*, Judge Carlton W. Reeves of the Southern District of Mississippi described GDR as follows:

> More important, frankly, is the skill with which plaintiff's counsel litigated this matter. On that point there is no disagreement. Defense counsel concedes that her opponent—a specialist in the field who has been class counsel in dozens of these matters across the country—'is to be commended for his work' for the class, 'was professional at all times' . . . , and used his 'excellent negotiation skills' to achieve a settlement fund greater than that required by the law.
>
> The undersigned concurs . . . Counsel's level of experience in handling cases brought under the FDCPA, other consumer protection statutes, and class actions generally cannot be overstated.

No. 3:15-CV-70-CWR-LRA, 2017 WL 2625118, at *3 (S.D. Miss. June 16, 2017).

4

16.     In *Head v. Citibank*, *N.A.*, Judge Rosyln O. Silver of the District of Arizona wrote:

> Significantly, class counsel have provided a list of well over a dozen class actions Greenwald, Wilson, and their respective firms have each litigated, including several under the TCPA. (Doc. 120-6 at 5-6; Doc. 120-7 at 2-7). These showings demonstrate counsel's experience in handling class actions, complex litigation, and the types of claims asserted in this action. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii).

340 F.R.D. 145, 152 (D. Ariz. 2022).

17.     Similarly, in *Roundtree v. Bush Ross, P.A.*, Judge James D. Whittemore of the Middle District of Florida wrote, in certifying three separate classes and appointing GDR as class counsel: "Greenwald [Davidson Radbil PLLC] has been appointed as class counsel in a number of actions and thus provides great experience in representing plaintiffs in consumer class actions." 304 F.R.D at 661.

18.     As well, Judge Steven D. Merryday of the Middle District of Florida wrote in appointing GDR as class counsel in *James v. JPMorgan Chase Bank, N.A.* that "Michael L. Greenwald, James L. Davidson, and Aaron D. Radbil of Greenwald Davidson Radbil PLLC, each . . . has significant experience litigating TCPA class actions." 2016 WL 6908118, at *1.

19.     In *Bellum v. Law Offices of Frederic I. Weinberg & Assocs., P.C.*, Judge C. Darnell Jones II of the Eastern District of Pennsylvania took care to point out that GDR was appointed as class counsel "precisely because of their expertise and ability to represent the class in this matter." 2016 WL 4766079, at *5 (E.D. Pa. Sept. 13, 2016).

20.     In *Donnelly v. EquityExperts.org, LLC*, Judge Terrence G. Berg of the Eastern District of Michigan stated upon approving a Fair Debt Collection Practices Act ("FDCPA") class action settlement and appointing GDR as class counsel:

> [W]e see a fair number of FDCPA cases that are not necessarily at this level of sophistication or seriousness but I think that the—both sides appear to have really approached this with a positive attitude in trying to reach a settlement that from

what I can see, appears to be the right thing to do in a reasonable and appropriate way.

No. 13-10017 (E.D. Mich. Jan. 14, 2015).

21.    In *Riddle v. Atkins & Ogle Law Offices, LC*, Judge Robert C. Chambers of the Southern District of West Virginia noted in approving a class settlement and awarding attorneys' fees:

> GDR is an experienced firm that has successfully litigated many complex consumer class actions. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including several in the Fourth Circuit. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

No. 19-249, 2020 WL 3496470, at *3 (S.D.W. Va. June 29, 2020) (internal citations omitted).

22.    Similarly, in *Cooper v. InvestiNet, LLC*, Chief Judge Tanya Walton Pratt of this Court wrote:

> GDR is an experienced firm that has successfully litigated many complex consumer class actions, including under the FDCPA. Because of its experience, GDR has been appointed class counsel in many class actions throughout the country, including in this district. GDR employed that experience here in negotiating a favorable result that avoids protracted litigation, trial, and appeals.

No. 1:21-cv-01562-TWP-DML, 2022 WL 1125394 (S.D. Ind. April 14, 2022).

23.    In appointing GDR as class counsel in a TCPA matter last year, Judge Gregory A. Presnell of the Middle District of Florida wrote:

> As well, Plaintiff retained GDR, a firm competent in class action litigation, including under the TCPA. The Court finds that GDR has and will continue to vigorously protect the interests of members of the proposed class. As such, Plaintiff and GDR will fairly and adequately protect the interests of the members of the class.

*Johnson v. United Healthcare Servs., Inc.*, No. 5:23-cv-522-GAP-PRL, 2025 WL 444348, at *2 (M.D. Fla. Feb. 10, 2025).

24.    And more recently, Chief Judge R. Stan Baker of the Southern District of Georgia wrote:

6

The Court further finds that Class Counsel— . . . Greenwald Davidson Radbil PLLC . . . —have zealously represented the interests of the Settlement Class. Because of Class Counsel's considerable efforts, Settlement Class Members will receive meaningful payments well in excess of most approved TCPA class action settlements.

*Cornelius v. Deere Credit Servs., Inc.*, No. 4:24-cv-25-RSB-CLR, 2025 WL 502089, at *3 (S.D. Ga. Feb. 13, 2025).

25.     Additional information about GDR is available at www.gdrlawfirm.com.

**Aaron D. Radbil**

26.     I graduated from the University of Arizona in 2002 and from the University of Miami School of Law in 2006.

27.     I have extensive experience litigating consumer protection class actions, including those under the TCPA.

28.     In addition to my experience litigating consumer protection class actions, I have briefed, argued, and prevailed on a variety of issues of significant consumer interest before federal courts of appeals, including, for instance:

- *Dickens v. GC Servs. Ltd. P'ship*, 706 F. App'x 529 (11th Cir. 2017);

- *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068 (9th Cir. 2016);

- *Lea v. Buy Direct, L.L.C.*, 755 F.3d 250 (5th Cir. 2014);

- *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605 (5th Cir. 2014);

- *Stout v. FreeScore, LLC*, 743 F.3d 680 (9th Cir. 2014);

- *Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369 (11th Cir. 2012);

- *Guajardo v. GC Servs., LP*, 498 F. App'x 349 (5th Cir. 2012);

- *Sorensen v. Credit Int'l Corp.*, 475 F. App'x 244 (9th Cir. 2012);

- *Ponce v. BCA Fin. Serv., Inc.*, 467 F. App'x 806 (11th Cir. 2012);

7

- *Talley v. U.S. Dep't of Agric.*, 595 F. 3d 754 (7th Cir. 2010), *reh'g en banc granted, opinion vacated* (June 10, 2010), *on rehearing en banc* (September 24, 2010), *decision affirmed*, No. 09-2123, 2010 WL 5887796 (7th Cir. Oct. 1, 2010); and

- *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833 (11th Cir. 2010).

## Michael L. Greenwald

29.     Mr. Greenwald graduated from the University of Virginia in 2001 and Duke University School of Law in 2004.

30.     Mr. Greenwald is admitted to practice before this Court.

31.     Prior to forming GDR, Mr. Greenwald spent six years as a litigator at Robbins Geller Rudman & Dowd LLP ("Robbins Geller")—one of the nation's largest plaintiff's class action firms, where he focused on complex class actions, including securities and consumer protection litigation.

32.     While at Robbins Geller, Mr. Greenwald served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.* (D. Mass.); *In re Red Hat, Inc. Sec. Litig.* (E.D.N.C.); *City of Ann Arbor Emps.' Ret. Sys. v. Sonoco Prods. Co.* (D.S.C.); *Norfolk Cnty. Ret. Sys. v. Ustian* (N.D. Ill.); *Romero v. U.S. Unwired, Inc.* (E.D. La.); *Lefkoe v. Jos. A. Bank Clothiers, Inc.* (D. Md.); and *In re Odimo, Inc. Sec. Litig.* (Fla.).

33.     Mr. Greenwald started his career as an attorney at Holland & Knight LLP.

## James L. Davidson

34.     Mr. Davidson graduated from the University of Florida in 2000 and the University of Florida Fredric G. Levin College of Law in 2003.

35.     Mr. Davidson is admitted to practice before this Court.

8

36.    He has been appointed class counsel in a host of consumer protection class actions.

37.    Prior to forming GDR, Mr. Davidson spent five years as a litigator at Robbins Geller, where he focused on complex class actions, including securities and consumer protection litigation.

38.    While at Robbins Geller, Mr. Davidson served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Local 731 I.B. of T. Excavators and Pavers Pension Trust Fund v. Swanson*; *In re Pet Food Prods. Liability Litig.*; *In re Mannatech, Inc. Sec. Litig.*; *In re Webloyalty, Inc. Mktg. and Sales Practices Litig.*; and *In re Navisite Migration Litig.*

### Jesse S. Johnson

39.    Mr. Johnson earned his Bachelor of Science degree in Business Administration from the University of Florida, where he graduated magna cum laude in 2005.

40.    He earned his Juris Doctor degree with honors from the University of Florida Fredric G. Levin College of Law in 2009, along with his Master of Arts in Business Administration from the University of Florida Hough Graduate School of Business the same year.

41.    While an attorney at GDR, Mr. Johnson has been appointed class counsel in more than a dozen consumer protection class actions.

42.    Mr. Johnson started his legal career as an associate at Robbins Geller, where he served on the litigation teams responsible for the successful prosecution of numerous class actions, including: *Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.*, No. 1:11-cv-08332 (N.D. Ill.); *Eshe Fund v. Fifth Third Bancorp*, No. 1:08-cv-00421 (S.D. Ohio); *City of St. Clair Shores Gen. Emps.' Ret. Sys. v. Lender Processing Servs., Inc.*, No. 3:10-cv-01073 (M.D. Fla.); and *In re Synovus Fin. Corp.*, No. 1:09-cv-01811 (N.D. Ga.).

**Attorneys' Fees**

43.    GDR and its co-counsel accepted this matter on a contingent basis, in connection with which they are permitted to apply to the Court for an award of attorneys' fees in an amount not to exceed 35% of any common fund established for the benefit of a class.

44.    GDR and its co-counsel have not received any payment for their services in this matter to date.

45.    GDR and its co-counsel devoted significant time and resources to this case to date, including:

- conducting an investigation into the underlying facts regarding Plaintiff's claims and class members' claims;

- researching law relevant to, and preparing Plaintiff's class action complaint;

- preparing Plaintiff's amended class action complaint;

- researching and preparing Plaintiff's response to Defendant's motion to dismiss Plaintiff's amended class action complaint;

- researching and preparing arguments in response to Defendant's motion to bifurcate discovery;

- attending conferences and hearings with the Court;

- researching and preparing Plaintiff's initial written discovery requests to Defendant;

- reviewing and annotating Defendant's answers and responses to Plaintiff's initial written discovery requests, as well as Defendant's document production;

- meeting and conferring with opposing counsel regarding Defendant's answers and responses to Plaintiff's initial written discovery requests, as well as Defendant's document production;

- researching and preparing Plaintiff's motion to compel answers and responses to written discovery requests;

- reviewing and annotating Defendant's supplemental answers and responses to Plaintiff's initial written discovery requests, as well as Defendant's supplemental document production;

10

- researching law relevant to, and preparing Plaintiff's mediation statement;

- preparing for and participating in the parties' mediation;

- conferring with opposing counsel and preparing the parties' class action settlement agreement;

- researching law relevant to and preparing Plaintiff's unopposed motion to preliminarily approve the parties' class action settlement;

- researching law relevant to, and preparing Plaintiff's proposed notice to the settlement class;

- working with the Court-approved claims administrator to implement and issue notice to potential settlement class members;

- closely monitoring evolving TCPA case law and its potential impact throughout this case;

- closely monitoring decisions from the Federal Communications Commission and their potential impact throughout this case; and

- conferring routinely with Plaintiff throughout this case.

46.    GDR and its co-counsel have spent hundreds of hours litigating this matter to date, and more work remains to be done until the settlement is finally approved and payments are distributed to participating class members.

47.    Defendant is free to oppose Plaintiff's request for an award of attorneys' fees.

48.    Considering relevant factors, I believe the request for attorneys' fees in the amount of one-third of the gross settlement fund is both fair and reasonable.

**Litigation Costs and Expenses**

49.    To date, GDR's co-counsel has incurred $7,274.00 in litigation costs and expenses in connection with this matter.

50.    More specifically, GDR's co-counsel incurred the following necessary litigation costs and expenses:

11

- filing fee for Plaintiff's class action complaint ($405.00);

- process server fee ($90.00);

- expert fee ($2,804);

- mediation fee ($2,400.00); and

- travel and lodging expenses ($1,575.00).

51.     As well, GDR and its co-counsel incurred additional costs and expenses, such as for photocopies and computerized legal research on Westlaw, for which GDR and its co-counsel do not seek reimbursement.

## Incentive Award

52.     Plaintiff devoted considerable time and energy to this case for well over a year.

53.     Plaintiff reviewed and approved filings, participated in strategy conferences with her counsel, and participated in mediation-related discussions.

54.     Plaintiff also assisted class counsel in protracted settlement negotiations with Defendant for the good of the settlement class before, during, and shortly after mediation.

55.     Plaintiff was an ideal and dedicated class representative throughout this matter.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on May 11, 2026                    */s/ Aaron D. Radbil*
                                            Aaron D. Radbil

12