**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TIFFANY LEWIS, *on behalf of herself and others similarly situated*, | ) Case No.: 1:25-cv-00275-JPH-MJD |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEWFOLD DIGITAL, INC., REGISTER.COM, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**(PROPOSED) ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT**

Tiffany Lewis ("Plaintiff") filed a class action complaint (the "Lawsuit") against Register.com, Inc.[1] ("Defendant") in the United States District Court for the Southern District of Indiana, Case No. 1:25-cv-275, asserting class claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

On or around January 28, 2026, after extensive arm's-length negotiations, Plaintiff and Defendant (the "Parties") entered into a written class action settlement agreement (the "Agreement"), ECF No. 69-1, which is subject to review under Fed. R. Civ. P. 23.

On January 28, 2026, the Parties filed the Agreement, along with Plaintiff's unopposed motion for preliminary approval of class action settlement (the "Preliminary Approval Motion"). ECF No. 69.

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant had served written notice of the proposed class settlement as directed.

---

[1] On July 25, 2025, Register.com, Inc., merged with Network Solutions, LLC, and Network Solutions, LLC is the surviving entity.

1

On April 1, 2026, upon consideration of Plaintiff's Preliminary Approval Motion and the record, this Court entered an order preliminarily approving the class action settlement ("Order Preliminarily Approving the Settlement"). Pursuant to the Order Preliminarily Approving the Settlement, this Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the final fairness hearing. ECF No. 70.

On May 11, 2026, Plaintiff filed her motion for attorneys' fees, costs, expenses, and an incentive award. ECF No. 71.

On June 8, 2026, Plaintiff filed her motion for final approval of class action settlement (the "Final Approval Motion"). ECF No. 72.

On July 7, 2026, a final fairness hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members and should be approved by this Court.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

This Court has read and considered the Agreement, Final Approval Motion, and the record of these proceedings.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties.

Pursuant to Fed. R. Civ. P. 23(b)(3), and for the reasons this Court included in the Order Preliminarily Approving the Settlement, the Lawsuit is finally certified, for settlement purposes, as a class action on behalf of the following settlement class members with respect to the claims

2

asserted in the Lawsuit:

> All persons and entities throughout the United States (1) to whom Register.com, Inc. placed a call, (2) directed to a telephone number assigned to a cellular telephone service, (3) in connection with which Register.com, Inc. used an artificial or prerecorded voice, (4) from February 12, 2021 through November 24, 2025, and (5) after the cellular telephone number was permanently disconnected and made available for reassignment per the Federal Communications Commission's ("FCC") Reassigned Numbers Database ("RND").

Defendant states that from February 12, 2021 through November 24, 2025 it placed 1,652 calls in connection with which it used an artificial or prerecorded voice to 453 telephone numbers assigned to a cellular telephone service after the telephone numbers were permanently disconnected and made available for reassignment per the FCC's RND. The subject release is tied to these telephone numbers and these calls.

Pursuant to Fed. R. Civ. P. 23, this Court finally certifies Plaintiff as the class representative, and Anthony Paronich of Paronich Law, P.C. and Aaron D. Radbil of Greenwald Davidson Radbil PLLC ("GDR") as class counsel.

Pursuant to this Court's Order Preliminarily Approving the Settlement, the approved class action notices were mailed. The form and method for notifying the settlement class members of the settlement and its terms and conditions were in conformity with this Court's Order Preliminarily Approving the Settlement and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. This Court finds that the notice was clearly designed to advise settlement class members of their rights.

This Court again finds, for the reasons this Court included in the Order Preliminarily Approving the Settlement, that the settlement class satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

3

A.      The settlement class members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B.      There are questions of law and fact common to the settlement class members, which predominate over any individual questions;

C.      Plaintiff's claims are typical of the claims of the settlement class members;

D.      Plaintiff, Mr. Radbil, GDR, Mr. Paronich, and Paronich Law, P.C., have fairly and adequately represented and protected the interests of all settlement class members;

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy; and

F.      A class action is superior to other available methods for a fair and efficient adjudication of this controversy.

This Court finds that that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members, when considering, in their totality, the following factors:

A.      The existence of fraud or collusion behind the settlement:

The parties reached an agreement to resolve this matter only after mediating Plaintiff's claims against Defendant with mediator Aaron Weiss. The settlement is therefore not a product of collusion but was the result of arm's-length settlement negotiations, as directed by an experienced class action mediator.

B.      The complexity, expense, and likely duration of the litigation:

Significant motion practice laid ahead, including briefing on Plaintiff's motion for class certification, and competing motions for summary judgment. Given the considerable work already performed in this matter—and the work then left to perform, including any appeals—settlement here is warranted.

C.      The stage of the proceedings and the amount of discovery completed:

Courts also consider the degree of case development that class counsel have accomplished prior to settlement to ensure that counsel had an adequate appreciation of the merits of the case before negotiating. The parties engaged in significant discovery, focused both on Plaintiff's individual claims and on those of absent settlement class members. The settlement was, therefore, consummated when the parties were well-informed regarding the strengths and weaknesses of their respective positions.

D.      The probability of Plaintiff's success on the merits:

With the assistance of a mediator, the Parties negotiated a settlement that compares favorably to other TCPA class action settlements. To be sure, the per-claimant recovery exceeds that of some other recently approved TCPA class action settlements. Further, the settlement provides class members with real monetary relief, despite the purely statutory damages at issue— damages that courts have deemed too small to incentivize individual actions. Therefore, because of the settlement, settlement class members will receive money they otherwise would have likely never pursued on their own.

In the end, the settlement constitutes an objectively favorable result for settlement class members, and outweighs the mere possibility of future relief after protracted and expensive litigation.

E.  The opinions of Plaintiff, Paronich Law, and GDR:

GDR and Paronich Law are highly experienced in class action litigation, particularly in cases under the TCPA. GDR and Paronich Law firmly believe that the settlement is fair, reasonable, adequate, and in the best interests of class members.

5

The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settlement class members:

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

    (i)     the costs, risks, and delay of trial and appeal;

    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv)    any agreement required to be identified under Rule 23(e)(3); and

(D)     the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The Agreement, which is deemed incorporated into this order, is finally approved and must be consummated in accordance with its terms and provisions, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.     Settlement Fund – Defendant established a $1,500,000 non-reversionary fund (the "Settlement Fund").

B.     Deductions – The following are to be deducted from the Settlement Fund before any other distributions are made:

6

a.    The costs of notice to potential settlement class members and claims administration;

b.    Attorneys' fees in the amount of $500,000;

c.    Costs and litigation expenses in the amount of $7,274; and

d.    An incentive award in the amount of $10,000.

C.    Settlement Payments to Class Members – Each settlement class member who submitted an approved claim form will receive compensation as set forth in the Agreement. Each settlement check will be void one-hundred twenty days after issuance.

The settlement class members were given an opportunity to object to the settlement. [#] settlement class members objected to the settlement or the requests for attorneys' fees, costs, expenses, or an incentive award. [#] settlement class members made a valid and timely request for exclusion.

This order is binding on all settlement class members, except the following individuals who made valid and timely requests for exclusion:

- **[names]**;

Plaintiff and non-excluded settlement class members are permanently barred from pursuing, either individually or as a class, or in any other capacity, any of the released claims against the released party, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, and discharged, by virtue of these proceedings and this order.

This final order and judgment bars and permanently enjoins Plaintiff and all non-excluded members of the settlement class from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant or class member in any other lawsuit, arbitration or individual

or class action proceeding in any jurisdiction (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), asserting the released claims, and (b) attempting to effect opt-outs of a class of individuals in any lawsuit or arbitration proceeding based on the released claims, except that settlement class members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Lawsuit or class action settlement.

The Lawsuit is hereby dismissed with prejudice in all respects.

This Order, the Agreement, and any and all negotiations, statements, documents, and proceedings in connection with this settlement are not, and will not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

This Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, including the award of attorneys' fees, costs, disbursements, and expenses to class counsel.

For the reasons set forth in Plaintiff's motion for attorneys' fees, costs, and expenses, ECF No. 71, class counsel's request for an award of attorneys' fees of $500,000 of the settlement funds, is approved.

Class Counsel's request for reimbursement of reasonable litigation costs and expenses in the total amount of $7,274 is approved.

Plaintiff's request for an incentive award in the total amount of $10,000 is approved.

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT COURT JUDGE