## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

<table>
<tr><td>TIFFANY LEWIS, on behalf of herself and others similarly situated,<br><br><br>Plaintiff,<br><br>v.<br><br><br>REGISTER.COM, INC.<br><br><br>Defendant.</td><td>Case No.: 1:25-cv-00275-JPH-MJD<br><br><br>Judge: James Patrick Hanlon<br><br><br>Magistrate Judge: Mark J. Dinsmore</td></tr>
</table>

### JOINT NOTICE OF AMENDED PROPOSED ORDER

Pursuant to the Court's instruction provided at the July 7, 2026, fairness hearing, and subsequent minute order (Dkt. 75), the parties hereby jointly submit their amended proposed approval order (the "Amended Proposed Order"). A copy of the Amended Proposed Order is attached hereto as Exhibit A. In support of the Amended Proposed Order, the parties state the following.

A "district court cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006); *Morisch v. U.S.*, 709 F. Supp. 672, 675 (S.D. Ill. 2010); *Env't Demolition Grp., LLC v. Murray*, 2021 WL 490286, at *1 (S.D. Ind. Feb. 10, 2021) (Hanlon, J.) (denying motion to amend settlement agreement when court lacked jurisdiction following dismissal with prejudice). Accordingly, in settled disputes – such as this one – courts in the Seventh Circuit generally retain jurisdiction to enforce the terms of the

1

settlement agreement, but preclude plaintiffs and class members from reopening issues resolved by the judgment. *See, e.g.*, *Burnette Conseco Life Ins. Co.*, 2021 WL 12407297, at *1 (S.D. Ind. Mar. 9, 2021) (Hanlon, J.) ("The dismissal is without prejudice so that the Court can continue to enforce the settlement agreement[;] however, the dismissal without prejudice shall not allow Plaintiffs and Class Members to reopen issues resolved by the judgment."); *Am. Auto. Ass'n, Inc. v. All Am. Auto Hail Dent Repair LLC*, 2022 WL 3212218, at *1 (S.D. Ind. Aug. 9, 2022) (Hanlon, J.) ("[T]his Court shall retain jurisdiction for purposes of enforcing the Settlement Agreement and this Consent Order of Judgment.").

In accordance with this practice and precedent concerning the Court's jurisdiction, the parties' Proposed Amended Order (1) provides for the Court to retain its jurisdiction to enforce the terms of the settlement agreement; and (2) requires the parties to convene for a status conference in six months, to determine if the settlement agreement has been appropriately enforced and the matter can be dismissed with prejudice. Pursuant to the Amended Proposed Order, however, Plaintiff and class members shall be precluded from reopening and/or relitigating issues resolved by the judgement, including but not limited to the claims released pursuant to the Settlement Agreement.

Dated: July 15, 2026

Respectfully submitted,

/s/ Abbey Block
Abbey Block
A. Jeff Ifrah
1717 Pennsylvania Ave. NW
Ste. 650
Washington, D.C. 20006
(202) 524-4140
ablock@ifrahlaw.com
jeff@ifrahlaw.com

*Counsel for Defendant Register.com, Inc.*

2

*/s/ Aaron D. Radbil*
Aaron D. Radbil
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
aradbil@gdrlawfirm.com

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

**<u>Certificate of Service</u>**

I hereby certify that on this 15th day of July 2026, I filed the foregoing with the Court's

electronic filing system, which will automatically provide notice to all counsel of record.


Dated: July 15, 2026

*/s/ Abbey Block*
Abbey Block
